**TROUTMAN PEPPER HAMILTON SANDERS LLP**

Mary Kate Kamka (SBN 282911)
Kalama Lui-Kwan (SBN 242121)
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone:  415.477.5700
Facsimile:  415.477.5710
marykate.kamka@troutman.com
kalama.lui-kwan@troutman.com

Leah S. Strickland (SBN 265724)
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone:  757.687.7500
Facsimile:  757.687.7510
leah.strickland@troutman.com

*Attorneys for Defendants PHH Mortgage Corporation, Western Progressive, LLC, and Deutsche Bank National Trust Company as Trustee for IndyMac INDX Mortgage Loan Trust 2007-AR11, Mortgage Pass-Through Certificates Series 2007-AR11, erroneously sued as Deutsche Bank Trust Company Americas*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE C. GALLAGHER,<br><br>    Plaintiff,<br><br>  v.<br><br>PHH MORTGAGE CORPORATION; WESTERN PROGRESSIVE, LLC; DEUTSCHE BANK TRUST COMPANY AMERICAS; and DOES 1-100, inclusive,<br><br>    Defendant. | Case No. _____<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants PHH Mortgage Corporation and Deutsche Bank National Trust Company as Trustee for IndyMac INDX Mortgage Loan Trust 2007-AR11, Mortgage Pass-Through Certificates Series 2007-AR11, erroneously sued as Deutsche Bank Trust Company Americas (together, "Removing

Defendants"), by and through their counsel, hereby remove the action styled *JULIE C. GALLAGHER v. WESTERN PROGRESSIVE, LLC, DEUTSCHE BANK TRUST COMPANY and DOES 1-100, inclusive*, Case No. 34-2021-00312847 (the "State Court Action") from the Superior Court for the State of California, County of Sacramento to the United States District Court for the Eastern District of California. The jurisdictional basis for removal is diversity jurisdiction, pursuant to 28 U.S.C. § 1332. In support of removal, Removing Defendants state as follows:

**BACKGROUND**

1. On December 15, 2021, Plaintiff Julie C. Gallagher ("Plaintiff") commenced the State Court Action by filing a civil complaint against Removing Defendants (the "Complaint") in the Superior Court for the State of California, County of Sacramento.

2. PHH Mortgage Corporation ("PHH") was personally served with a copy of the Summons and Complaint on December 27, 2021, which constitutes the earliest date of service pursuant to Cal. Code Civ. P. § 415.10.

3. The Complaint concerns a home loan evidenced by a note and a loan modification, all secured by a deed of trust ("Deed of Trust") relating to a property located at 1304 Freswick Drive, Folsom, California 95603 (the "Property").

4. PHH is the mortgage servicer of the loan at issue on the Property.

5. Western Progressive, LLC ("Western") is the foreclosure trustee under the Deed of Trust. It has no other role in these proceedings.

6. Deutsche Bank National Trust Company as Trustee for IndyMac INDX Mortgage Loan Trust 2007-AR11, Mortgage Pass-Through Certificates Series 2007-AR11, erroneously sued as Deutsche Bank Trust Company Americas ("Deutsche") is the assignee of the deed of trust on the Property.

7. In her Complaint, Plaintiff asserts that following a Notice of Default filed by Western in November 2019, she negotiated and received from PHH loan modification approval for the loan on the Property and began making payments pursuant to the loan modification agreement. Nevertheless, or around November 21, 2021, Western recorded a Notice of Trustee's

Sale and began foreclosure proceedings on the Property causing Plaintiff to retain counsel to stop the pending foreclosure. (*E.g*., Complaint ¶¶ 20, 21, 22, 23, 24, 25.)  Plaintiff asserts that she was wrongfully deprived of fair loan modification review, wrongful foreclosure and asserts causes of action generally against all defendants for alleged negligence, violation of Civil Code § 2923.6 and § 2922.11, violation of California Business and Professions Code Section 17200, *et seq*., breach of contract, violation of California Civil Code § 2924(a)(6) and wrongful foreclosure.  For these alleged violations, Plaintiff seeks compensatory damages, punitive and exemplary damages, disgorgement of funds, general damages, prejudgment interest, an accounting, costs including attorneys' fees, specific performance and other relief.

8. Removing Defendants deny the allegations in the Complaint, deny that Plaintiff has stated any claim for which relief may be granted, and deny that Plaintiff is entitled to relief of any kind as against any party. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims against Removing Defendants are valid, Plaintiff could have originally filed the Complaint in this Court under diversity jurisdiction because, as detailed *infra*, the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

9. This Court has original diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a), which makes this action removable under 28 U.S.C. §§ 1441 and 1446(c).

10. 28 U.S.C. § 1332 provides, in pertinent part, that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different states."

11. Here, the removal of the State Court Action is proper under 28 U.S.C. § 1332 because both statutory requirements for original diversity jurisdiction are satisfied.

**A.     There Is Complete Diversity Between Plaintiff and Removing Defendants.**

12. For purposes of federal subject matter jurisdiction based on diversity of citizenship, a natural person, like Plaintiff, is deemed to be a citizen of his or her "state of domicile."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.2001).  "A person's

- 3 -

domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.*; *see also Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). That said, "[a] party's residence is prima facie evidence of domicile." *Bergman v. Bank of Am.*, No. 13-cv-00741-JCS, 2013 WL 5863057, at *1 n.2 (N.D. Cal. Oct. 23, 2013) (internal citations omitted)).

13. Here, Plaintiff's Complaint states, "the property is located in Sacramento County, California and has been Ms. Gallaher's primary residence for roughly 20 years." Compl. ¶ 13. Removing Defendants are informed and believe, and thereon allege, that Plaintiff is currently a resident and citizen of California. Accordingly, for purposes of diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff is deemed to be a citizen of the State of California. *See Banga v. Equifax Info. Servs. LLC*, No. 14-cv-03038, 2014 WL 4954677, at *2 (N.D. Cal. Oct. 2, 2014) ("The notice of removal's allegation that Banga resides in California, combined with Banga's own assertions that she is a California resident, and that diversity of citizenship exists between the parties, is sufficient to show that Banga is domiciled in California."); *Bergman v. Bank of Am.*, No. 13-cv-00741-JCS, 2013 WL 5863057, at *1 n.2 (N.D. Cal. Oct. 23, 2013).

14. For purposes of subject-matter jurisdiction based on diversity of citizenship, a corporation generally is "deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). PHH is a New Jersey corporation with its principal place of business in New Jersey. It is therefore a deemed citizen of New Jersey for the purpose of conducting a jurisdictional analysis.

15. At all relevant times, Deutsche was and still is, is a validly existing New York chartered insured depository institution with its principal place of business in New York, New York. Is therefore deemed a citizen of New York for the purpose of conducting a jurisdictional analysis.

**B.     Western's Citizenship Is Disregarded**

16. Western is a California citizen, but its presence in this action does not prevent removal whether as a matter of subject matter jurisdiction under section 1332(a), or as a matter of removal procedure under section 1441(b).

- 4 -

17. The joinder of Western does not defeat diversity jurisdiction under §1332(a) because the presence of a fraudulently-joined or nominal party will not defeat removal on diversity grounds. *Strotek Corp. v. Air Transport Ass'n. of Am.*, 300 F.3d 1129, 1132 (9th Cir. 2002). A party is a fraudulently-joined or nominal one if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (internal quotation marks omitted).

18. Plaintiff's causes of action against Western have no merit. Western did not, as the trustee under the deed of trust, engage in any of the conduct alleged in the complaint. "The trustee in nonjudicial foreclosure[,] is . . . a common agent for the trustor and beneficiary." *Pro Value Properties, Inc. v. Quality Loan Service Corp.*, 170 Cal. App. 4th 579, 583 (2009). "The trustee in nonjudicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary." *Id*. The trustee's duties are exclusively defined by the deed of trust and the governing statutes. *Id*. "No other common law duties exist." *Id*. Further, actions related to the foreclosure filings and trustee's sales are privileged, preventing a claim for damages against the trustee. See Cal. Civ. Code § 2924(d) (incorporating Cal. Civ. Code § 47(c)); *see also Kachlon v. Markowitz*, 168 Cal.App.4th 316, 333 (2008) ("We hold that section 2924 deems the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures, to be privileged communications under the qualified common-interest privilege of section 47, subdivision (c)(1)."). District Courts have found trustees fraudulently joined in materially similar cases, affirming the presence of diversity jurisdiction in the instant action. *See e.g., Marquez v. Wells Fargo Bank, N.A.*, No. C 13-2819 PJH, 2013 WL 5141689, at *1 (N.D. Cal. Sept. 13, 2013); *Sherman v. Wells Fargo Bank, N.A.*, No. S- 11-0054 KJM EFB, 2011 WL 1833090, at *3 (E.D. Cal. May 12, 2011). Western's citizenship may therefore be disregarded.

19. In addition, Western has filed or will file a declaration of non-monetary status, to which Plaintiff has indicated she does not object. It is thus a nominal party, which is likewise disregarded for diversity purposes. *Hafiz v. Greenpoint Mortg. Funding, Inc*., 652 F.Supp.2d

- 5 -

1050, 1052 (N.D. Cal. 2009) ("When a trustee under a deed of trust files a declaration of non-monetary status, the party is transformed into a 'nominal' party, thus excusing it from participating in the action.").

20. The removal statute requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). However, "[a] narrow exception to the unanimity rule is recognized where removal consent is not obtained from 'nominal, unknown or fraudulently joined parties.'" *Hafiz*, 652 F.Supp.2d at 1052 (quoting *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002)). Western is a fraudulently joined and/or nominal party. While it consents to this removal, its presence in the lawsuit is disregarded for this purpose as well.

21. The Complaint names 100 "Doe" defendants. However, for purposes of determining diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

22. Because Plaintiff is a citizen of California, PHH is a citizen of New Jersey, Deutsche is a citizen of New York, and Western's citizenship is disregarded, complete diversity exists between the parties as required under 28 U.S.C. § 1332.

**C.     The Amount in Controversy Exceeds the Jurisdictional Amount.**

23. Diversity jurisdiction requires a matter in controversy that exceeds the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). "[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

24. Although Removing Defendants do not concede liability as to Plaintiff's claims, accepting Plaintiff's allegations as true, the case satisfies the amount in controversy requirement for removal of $75,000, exclusive of interest and costs.

25. This matter involves a dispute regarding a loan modification and foreclosure, in which Plaintiff asserts Removing Defendants were not validly assigned an interest in the loan or Deed of Trust. Complaint ¶ 18. The loan at issue has a balance of well over $500,000; the amount in controversy is therefore at least that amount. *E.g., Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010) ("Numerous courts have held that, where a complaint seeks to invalidate a loan secured by a deed of trust, the amount in controversy is the loan amount.") Plaintiff additionally requests compensatory damages, consequential damages, treble and statutory damages, disgorgement and restitution, punitive damages, exemplary damages, and attorneys' fees. All of these are considered in determining amount in controversy, and together they are reasonably estimated to exceed $75,000. *E.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("punitive damages are part of the amount in controversy in a civil action").

26. Because the amount in controversy is well in excess of $75,000, the amount in controversy satisfies the jurisdictional minimum set forth in 28 U.S.C. § 1332(a).

## **REMOVAL OF THE STATE COURT ACTION TO THIS DISTRICT COURT IS PROCEDURALLY PROPER**

27. This Notice of Removal is being filed within thirty (30) days of PHH's receipt of the Complaint, making the action timely removed pursuant to 28 U.S.C. § 1446(b). Deutsche joins in the removal, and Western consents to removal.

28. This Notice of Removal is being filed within one (1) year of the date of commencement of the action for removal purposes, making the action timely removed pursuant to 28 U.S.C. § 1446(c)(1).

29. Venue is proper in this District Court, pursuant to 28 U.S.C. §§ 1391 and 1441(a), because it is the district court for the district and division embracing the place where the State Court Action is pending.

30. Pursuant to 28 U.S.C. § 1446(d), and concurrent with filing this Notice of Removal, Removing Defendants will file a Notice of Filing Notice of Removal with the Clerk

- 7 -

of the Superior Court of the State of California, County of Sacramento, and will attach a copy of this Notice of Removal thereto.

31. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders from the State Court Action are attached hereto as **Exhibit A**. Upon information and belief, no other process, pleadings, or orders have been served on Removing Defendants, and the contents of **Exhibit A** constitute the entire file of the State Court Action.

32. As of the date of this removal, Removing Defendants have not filed a responsive pleading to the Complaint. By removing the case to this Court, Removing Defendants do not waive any defenses, counterclaims, objections, or motions available to them under the applicable law. In particular, Removing Defendants expressly reserve the right to move for dismissal pursuant to Fed. R. Civ. P. 12.

33. Removing Defendants also reserve the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal of the State Court Action, Removing Defendants expressly request the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this action is removable.

**CONCLUSION**

34. Based on the foregoing, the action is a civil action over which this District Court would have original jurisdiction pursuant to 28 U.S.C. § 1332. Because Plaintiff is completely diverse from Removing Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs; the State Court Action may be properly removed to this District Court pursuant to 28 U.S.C. § 1441.

WHEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all the jurisdictional requirements of 28 U.S.C. § 1332, Removing Defendants hereby remove the State Court Action from the Superior Court for the State of California, County of Sacramento, to the United States District Court for the Eastern District of California and seeks whatever further relief this Court deems equitable and just.

| | | |
|---|---|---|
| Dated: | January 26, 2022 | TROUTMAN PEPPER HAMILTON SANDERS LLP |

By: /s/ Leah S. Strickland
    Mary Kate Kamka
    Kalama Lui-Kwan
    Leah S. Strickland

*Attorneys for Defendants PHH Mortgage Corporation, Western Progressive, LLC, and Deutsche Bank National Trust Company as Trustee for IndyMac INDX Mortgage Loan Trust 2007-AR11, Mortgage Pass-Through Certificates Series 2007-AR11*