# EXHIBIT A

FILED
Superior Court Of California,
Sacramento

12/15/2021

lbaldwin1

By_____ , Deputy

Case Number:
34-2021-00312847

1  Christopher J. Fry, Esq. (SBN: 298874)
      *Email: cfry@frylawcorp.com*
2  **FRY LAW CORPORATION**
   980 9th Street, 16th Floor
3  Sacramento, California 95814
   Telephone: (916) 291-0700
4  Facsimile: (916) 848-0256

5  Attorneys for Plaintiff,
   **JULIE C. GALLAGHER**

6

7

8                 **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                    **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12  JULIE C. GALLAGHER,                    **CASE NO.:**

13              Plaintiff,                 **COMPLAINT FOR:**

14        vs.                              **1. Negligence;**

15  PHH MORTGAGE CORPORATION;              **2. Violation of Civ. Code § 2923.6;**
    WESTERN PROGRESSIVE, LLC;
16  DEUTSCHE BANK TRUST COMPANY            **3. Violation of Civ. Code § 2924.11;**
    AMERICAS; and DOES 1-100, inclusive
17                                         **4. Violation of Bus. & Prof. Code §**
              Defendants.                     **17200,** *et seq.***;**
18
                                           **5. Breach of Contract;**
19
                                           **6. Violation of California Civil Code**
20                                            **Section 2924(a)(6); and,**

21                                         **7. Wrongful Foreclosure.**

22                                         **DEMAND FOR JURY TRIAL**

23                                         **DEMAND EXCEEDS $25,000.00**

24

25

26

27

28

---

**COMPLAINT**

1       Plaintiff JULIE C. GALLAGHER ("Plaintiff" or "Ms. Gallagher"), by and through

2    counsel, for her Complaint against the defendants, upon information and belief alleges as

3    follows:

4                                    **PARTIES**

5       1.      Plaintiff is a resident of Sacramento County, California. Plaintiff brings this

6    action against the defendants for damages and harm resulting from the defendants' willful

7    and reckless violation of California law relating to the servicing and wrongful foreclosure

8    of a residential mortgage.

9       2.      The residential mortgage concerns the property located at 1304 Freswick

10   Drive, Folsom, CA 95630.

11      3.      Defendant, PHH MORTGAGE CORPORATION ("PHH") is a New Jersey

12   Corporation conducting business within this judicial district. Defendant PHH is the current

13   servicer of the subject mortgage.

14      4.      Defendant, DEUTSCHE BANK TRUST COMPANY AMERICAS ("Deutsche

15   Bank") is, and at all relevant times was, an unknown entity, conducting business within

16   this judicial district, and claiming an interest in the Property. It is alleged that Deutsche

17   Bank was instructing PHH to act on its behalf and purporting to be the beneficiary of the

18   subject mortgage.

19      5.      Defendant, WESTERN PROGRESSIVE, LLC ("Western") is, and at all

20   relevant times was, a California corporation, conducting business within this judicial

21   district, and claiming an interest in the Property. It is alleged that Western was instructed

22   by Deutsche Bank and PHH to act on their behalf and purporting to be the trustee of the

23   subject mortgage.

24      6.      Plaintiff is ignorant of the true names and capacities of the defendants sued

25   herein under the fictitious names Does 1 through 100, inclusive, and Plaintiff will amend

26   this Complaint to allege such names and capacities as soon as they are ascertained.

27   Each of said fictitiously named defendants is responsible in some manner for the wrongful

28   acts complained of herein.

1    7.    Each defendant was the agent and employee of each other defendant and
2    in doing, saying, or omitting to say the things alleged, was acting within the course and
3    scope of such agency and with the permission and consent of each of the other
4    defendants.

5    8.    Each defendant aided and abetted, encouraged, and rendered substantial
6    assistance to the other defendants in breaching their obligations to Plaintiff.  In taking
7    action to aid and abet and substantially assist the commissions of these wrongful acts
8    and other wrongdoings complained of, each defendant acted with an awareness of its
9    primary wrongdoing and realized that its conduct would substantially assist the
10    accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

11    9.    Each defendant knowingly and willfully conspired, engaged in a common
12    enterprise, and engaged in a common course of conduct to accomplish the wrongs
13    herein. The purpose and effect of the conspiracy, common enterprise, and common
14    course of conduct complained of was, inter alia, to financially benefit defendants at the
15    expense of Plaintiff by engaging in the wrongful conduct.

16    10.    Defendants accomplished their conspiracy, common enterprise, and
17    common course of conduct by misrepresenting and concealing material information
18    regarding the servicing of loans, and by taking steps and making statements in
19    furtherance thereof.  Each defendant was a direct, necessary and substantial participant
20    in the conspiracy, common enterprise and common course of conduct herein, and was
21    aware of its overall contribution to and furtherance thereof.  Defendants' wrongful acts
22    include, inter alia, all the acts that each of them is alleged to have committed in
23    furtherance of the wrongful conduct herein.

24    **JURISDICTION AND VENUE**

25    11.    Pursuant to Code of Civil Procedure section 392(a), venue is proper in this
26    Court because the subject real property at issue in this litigation is situated in this county,
27    Plaintiff resides in this county, the contract was performed in this county and notices
28    relating to the property were recorded in this county.

*Fry Law Corporation*
*Trial Attorneys*

**COMPLAINT**

2

1    12.    The defendants engaged in regular business within the State of California,
2    which business is related to the events which give rise to the instant lawsuit. The subject
3    events transpired within the State of California. The defendants have "sufficient minimum
4    contacts" with the State of California such that this Court's exercise of personal jurisdiction
5    over the defendants herein "[does] not offend traditional notions of fair play and
6    substantial justice." [1]

7                              **FACTUAL BACKGROUND**

8    13.    The Property is located in Sacramento County, California and has been Ms.
9    Gallagher's primary residence for roughly 20 years.

10   14.    On or around June of 2004, Ms. Gallagher and her husband (divorce
11   pending) purchased the home. In 2007, they refinanced the property and took out a
12   mortgage with Indymac Bank, FSB.

13   15.    Plaintiff entered into the Loan to include a Deed of Trust securing such note
14   covering the Property, then and now the principal dwelling and home of Plaintiff.  A
15   different company was named as the trustee under the Deed of Trust. Deutsche Bank is
16   allegedly the assignee of the Deed of Trust on the Property. PHH is the mortgage servicer
17   on the account.

18   16.    On or about April of 2019, a known "robo-signor" signed an Assignment of
19   Deed of Trust purporting to transfer all beneficial interest in the Deed of Trust from the
20   original bank to Deutsche Bank. The trust in which the mortgage was purportedly
21   assigned contained a 2007 cut-off.

22   17.    Plaintiffs believe that the subject mortgage trust is a REMIC trust which
23   enjoys tax-free status if properly formed. However, if property is transferred into the trust
24   after the cut-off or closing date, it can jeopardize the tax-exempt status. According to State
25   and Federal law, mortgages not assigned to said trust before the cut-off were not included
26   in the trust.

27

28   [1] *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Fry Law Corporation
Trial Attorneys

**COMPLAINT**
3

1      18.    Based on the foregoing, Defendants Deutsche Bank and PHH were either
2   barred from accepting the untimely assignment or refused it. Either of which concludes
3   that they did not receive a beneficial interest and therefore, could not authorize a valid
4   foreclosure sale.

5      19.    As a result of a downturn in the economy, Plaintiff began experiencing a
6   financial hardship. Ultimately, Plaintiff began to fall behind the mortgage payments.
7   Plaintiff contacted PHH for help and was instructed to submit a loan modification package
8   to the lender.

9      20.    In November of 2019, Western recorded a Notice of Default and began
10   instituting foreclosure proceedings. However, Plaintiff was never provided with any notice
11   that Western had replaced, substituted, and removed the original trustee as the named
12   trustee under the Deed of Trust. As such, the NOD is void.

13      21.    Nevertheless, Plaintiff worked with PHH for months. Finally, in 2021,
14   Plaintiff was invited and submitted a loan modification packet to PHH. Over the course of
15   the next few months, Plaintiff would continuously provide updated financial information to
16   PHH and would timely comply with all its document requests. At various points, Plaintiff
17   was required to submit updated financial documents, pay stubs, and bank statements.
18   Plaintiff timely complied with all PHH's requests.

19      22.    On August 1, 2021, Plaintiff was delighted to receive a "Trial Period Plan"
20   modification plan. It was simple, she was required to submit three (3) monthly payments
21   of $3,745.51 and in exchange for those payments, the loan would be permanently
22   modified and brought current.

23      23.    Plaintiff made all three (3) payments as requested, with the last one in
24   October of 2021.

25      24.    With complete disregard for the modification that was approved and
26   pending, on or around November 10, 2021, Western, as the purported trustee for PHH,
27   recorded a Notice of Trustee's Sale ("NTS") on Plaintiff's Property.

28      25.    Plaintiff has now been forced to retain counsel to stop the foreclosure. Ms.

Fry Law Corporation
Trial Attorneys

**COMPLAINT**

4

1    Gallagher has had her credit ruined and has fallen further behind in her monthly payments
2    due to Respondents' refusal to accept payment or to settle for a fair resolution.

3        26.    All the foreclosure recordings are at odds with the trustee named in the
4    Deed of Trust. Despite lacking a beneficial interest in the mortgage, Defendants initiated
5    the foreclosure sale of the Subject Property and recorded the foreclosure documents
6    shortly thereafter.

7        27.    As a result of the refusal by the defendants to conduct a fair modification
8    review, Plaintiff has suffered severe stress and emotional trauma.

9        34.    Defendants foreclosed in direct violation of California law. Plaintiff has
10    incurred thousands in late fees, delinquency charges and foreclosure fees charged by
11    Defendants. Further, Defendant PHH failed to provide a fair loan modification review and
12    is attempting to foreclose on the home, capitalizing on the equity Plaintiff worked so hard
13    to achieve.

14        35.    Plaintiff was fully capable of paying the mortgage if the payment was
15    modified and the arrearages worked out.  Since she was not given a fair opportunity to
16    be reviewed for a modification, she will ultimately become homeless, a fact the
17    Defendants were fully aware of.

18        36.    The Defendants' conduct deprived Plaintiff of the possibility of reaching a
19    resolution to the default prior to sustaining damages. Had PHH fairly and carefully
20    reviewed Plaintiff for the modification, she would have been approved and would not have
21    suffered the damages alleged herein.

22                          **FIRST CAUSE OF ACTION**

23                                **Negligence**

24                          **(Against All Defendants)**

25        37.    Plaintiff incorporates herein by this reference each allegation set forth above
26    and below, as though fully set forth herein.

27        38.    Defendant PHH was negligent by failing to properly review the loan
28    modification application and by failing to remedy the mistake.

Fry Law Corporation
Trial Attorneys

1    39.    Further, PHH negligently made false representations when they promised
2  a loan modification review and failed to review it with due care.

3    40.    Plaintiff relied on the promise and refrained from exploring alternative
4  options. The representations were ultimately proven to be untrue when Defendants
5  ignored Plaintiff and made it clear they had no intent of giving a fair loan modification
6  review.

7    40.    At the time the defendants made the representations to Plaintiff as above
8  alleged, they knew, or should have known, that said representations were in fact false,
9  and nevertheless made them, with the intent to induce Plaintiff to continue to make
10  payments or refrain from exploring other options to only benefit the defendants.

11    42.    Defendants have violated the statutes set forth herein, which mandate a
12  duty upon the defendants to ensure that appropriate safeguards are put into place prior
13  to any foreclosure threats. These sections were designed specifically to protect
14  homeowners, such as Plaintiff, from wrongful foreclosures.

15    43.    As set forth above, Defendants continue to breach this duty by acting in
16  violation of these statutes, and by failing to reasonably allow Plaintiff a fair opportunity to
17  be reviewed in accordance with such.

18    44.    The statutes below and above also mandate a duty upon the defendants to
19  ensure that appropriate safeguards are put into place with respect to loan modifications.
20  For example, Civil Code section 2923.4 clearly imposes a duty on banks to give borrowers
21  a good-faith opportunity to remedy the default prior to foreclosure. It states:

22      The purpose of the act that added this section is to ensure that, as part of
       the non-judicial foreclosure process, borrowers are considered for, and
23      have a meaningful opportunity to obtain, available loss mitigation options, if
       any, offered by or through the borrower's mortgage servicer, such as loan
24      modifications or other alternatives to foreclosure.

25    45.    Moreover, section 2923.6 below imposes a duty upon banks and servicers
26  to properly represent the status of loan modifications and refrain from dual tracking.

27    46.    Plaintiff was fully capable of paying the mortgage if the payment was
28  modified and the arrearages worked out. Plaintiff became homeless because of the

**COMPLAINT**
6

Fry Law Corporation
Trial Attorneys

1   botched loan modification process.

2       47.     The defendants' breach of duty and negligent conduct deprived Plaintiff of
3   the possibility of reaching a resolution to the default. Had defendants fairly and carefully
4   reviewed Plaintiffs for loss mitigation options, she would not have suffered the damages
5   alleged herein.

6       48.     The subject conduct was unquestionably intended to affect Plaintiff. The
7   decision on Plaintiff's loan modification application would determine whether she could
8   keep the home.

9       49.     The potential harm to Plaintiff from mishandling the application processing
10  was readily foreseeable as the loss of an opportunity to keep the home was the inevitable
11  outcome. Although there was no guarantee the modification would be granted had the
12  loan been properly processed, the mishandling of the documents deprived Plaintiff of the
13  possibility of obtaining the requested relief.

·14     50.     The injury to Plaintiff is certain, in that she lost the opportunity of obtaining
15  a loan modification and foreclosure documents have been recorded resulting in the losing
16  of the home.

17      51.     There is a close connection between the defendants' conduct and the injury
18  suffered, because, to the extent Plaintiff otherwise qualified and would have been granted
19  a modification, defendants' conduct in mishandling the loan modification application
20  submitted by Plaintiff directly precluded the loan modification application from being timely
21  or fairly processed.

22      52.     The existence of a public policy of preventing future harm to home loan
23  borrowers is shown by recent actions taken by both the state and federal government to
24  help homeowners caught in the home foreclosure crisis as set forth in the other violations
25  demonstrated herein.

26      53.     Moral blame attaches to the defendants' specific conduct as they are
27  dealing with the most important thing to Plaintiff, a family home.

28      54.     As a direct and proximate result, Plaintiff has sustained damages, including,

**COMPLAINT**

7

1    but not limited to, excessive interest accumulation, negative amortization, loss of equity,

2    destruction of credit standing, pain, suffering, and emotional distress, in an amount to be

3    shown at trial.

4                                **SECOND CAUSE OF ACTION**

5                   **Violation of California Civil Code Section 2923.6**

6                               **(Against All Defendants)**

7        55.    Plaintiff incorporates herein by this reference each allegation set forth above

8    and below, as though fully set forth herein.

9        56.    Civil Code section 2923.6, subdivision (c) bars foreclosing parties from

10   recording a Notice of Default, Notice of Trustee's Sale, or otherwise proceeding with a

11   foreclosure while a completed loan modification application has been submitted by a

12   borrower. It states:

13       If a borrower submits a complete application for a first lien loan modification
         offered by, or through, the borrower's mortgage servicer, a mortgage
14       servicer, mortgagee, trustee, beneficiary, or authorized agent shall not
         record a notice of default or notice of sale, or conduct a trustee's sale, while
15       the complete first lien loan modification application is pending.

16       57.    The statutes further require a detailed written notice outlining the basis for

17   any denial and various other provisions relating to accurately and timely notifying

18   borrowers about the status of their loan modification applications.

19       58.    As set forth above, Plaintiff submitted to PHH and confirmed receipt of a

20   complete loan modification application and was approved. PHH erroneously reviewed the

21   application, recorded foreclosure documents and will ultimately sell the home while an

22   application was pending review.

23       59.    As a result, Plaintiff has sustained damages, including, but not limited to,

24   excessive interest accumulation, negative amortization, loss of equity, destruction of

25   credit standing, late fees and other charges, pain, suffering, and emotional distress, in an

26   amount to be shown at trial.

27       ///

28       ///

_(left margin, vertical text: Fry Law Corporation / Trial Attorneys)_

---

**COMPLAINT**

8

1                        **THIRD CAUSE OF ACTION**

2            **Violation of California Civil Code Section 2924.11**

3                          **(Against All Defendants)**

4        60.    Plaintiff incorporates herein by this reference each allegation set forth above

5    and below, as though fully set forth herein.

6        61.    Civil Code section 2924.11, subdivision (f) bars mortgage servicers from

7    charging late fees or other delinquency related fees while a completed loan modification

8    application has been submitted by a borrower.

9        62.    As set forth above, Plaintiff submitted a complete loan modification

10   application to PHH.  Plaintiff's home was foreclosed upon, and the mortgage has incurred

11   delinquency related fees and charges during the review process.

12       63.    Though miscellaneous fees and charges are listed on Plaintiff's mortgage

13   statements, there is insufficient detail to include when and who charged what without

14   extensive discovery.

15       64.    As a result, Plaintiff has sustained damages, including, but not limited to,

16   excessive interest accumulation, negative amortization, loss of equity, destruction of

17   credit standing, loss of the home, and late fees and other charges, in an amount to be

18   shown at trial.

19                        **FOURTH CAUSE OF ACTION**

20   **Violation of California Business and Professions Code Section 17200, *et seq.***

21                          **(Against All Defendants)**

22       65.    Plaintiff incorporates herein by this reference each allegation set forth above

23   and below, as though fully set forth herein.

24       66.    Business and Professions Code section 17200, et seq. prohibits unfair or

25   deceptive business practices.  As alleged herein, Plaintiff has standing to pursue this

26   claim as he has suffered injury in fact and has lost money or property because of the

27   named defendants' actions as set forth herein.

28       67.    Defendants have violated the law as set forth above and below, in an

                              **COMPLAINT**
                                   9

*Fry Law Corporation*
*Trial Attorneys*

1   ongoing pattern of unlawful, unfair, and fraudulent business practices.  The defendants
2   failed to ensure that appropriate safeguards are put into place prior to the pending
3   foreclosure. These safeguards were designed specifically to protect homeowners, such
4   as Plaintiff, from improper loan modification procedures, dual-tracking, and otherwise
5   wrongful foreclosures.  Defendants' ongoing conduct offends established public policy,
6   and the unlawful, unfair, and fraudulent business practices are oppressive and
7   substantially injurious to consumers.

8       68.     As set forth above, Plaintiff is and was being reviewed for loss mitigation
9   options by way of a loan modification while the home was sold, and recordings were
10  made. Plaintiff was misled by Defendants' conduct of confirming receipt of documents
11  she submitted, confirming that the application for a loan modification was under review,
12  and promising that she would receive a fair review. However, the Defendants have
13  repeatedly continued foreclosure recordings and ultimately foreclosed on Plaintiff's home
14  and negligently reviewed the application.

15      69.     As further described below, Plaintiff entered a contract that was not
16  honored. Further, Plaintiff submitted a completed loan modification to defendants.
17  Nevertheless, Plaintiff was never given a modification review as the law provides, she
18  was entitled to and moreover as she was promised.  The application was never fairly
19  reviewed, and the defendants continued to foreclose.

20      70.     As a result of the defendants' unfair business practices, Plaintiff has
21  sustained monetary damages, including, but not limited to, excessive interest
22  accumulation, negative amortization, loss of equity, destruction of credit standing, pain,
23  suffering, and emotional distress, in an amount to be shown at trial.

24                          **FIFTH CAUSE OF ACTION**

25                          **Breach of Contract**

26                          **(Against All Defendants)**

27      71.     Plaintiff incorporates herein by this reference each allegation set forth above
28  and below, as though fully set forth herein.

Fry Law Corporation
Trial Attorneys

1    72.    In connection with the subject mortgage loan, Plaintiff and defendant PHH,
2    entered into a verbal and/or implied-in-fact contract whereby defendant PHH, agreed to
3    review the subject mortgage loan for a loan modification in good faith before it foreclosed.

4    73.    Plaintiff and Defendants also entered into a written and/or verbal contract
5    with respect to the trial period payments.

6    74.    Plaintiff fully performed under the contract as required of her by submitting
7    all requisite documents immediately after they were requested.

8    75.    Without excuse, PHH materially breached the contract by failing to perform
9    by not providing the loan modification review as promised and wrongfully initiating
10    foreclosure proceedings and ultimately selling Plaintiff's home.

11    76.    As a proximate result of defendants' said breach of contract, Plaintiff has
12    sustained damages, including, but not limited to, fees and charges, excessive interest
13    accumulation, negative amortization, loss of equity, loss of property and destruction of
14    credit standing, in an amount to be shown at trial.

15                          **SIXTH CAUSE OF ACTION**
16              **Violation of California Civil Code Section 2924(a)(6)**
17                          **(Against All Defendants)**

18    77.    Plaintiff incorporates herein by this reference each allegation set forth above
19    and below, as though fully set forth herein.

20    78.    Former Civil Code section 2924(a)(6) bars all defendants from initiating
21    foreclosure unless they are the holder of the beneficial interest under the mortgage or
22    deed of trust, the original trustee or the substituted trustee under the deed of trust, or the
23    designated agent of the holder of the beneficial interest.

24    79.    As set forth above, defendants foreclosed under the subject Deed of Trust
25    although they are not beneficiaries, trustees, or otherwise authorized to initiate
26    foreclosure proceedings.

27    80.    As a result, Plaintiff has sustained damages, including, but not limited to,
28    excessive interest accumulation, negative amortization, loss of equity, destruction of

Fry Law Corporation
Trial Attorneys

**COMPLAINT**
11

1   credit standing, pain, suffering, and emotional distress, in an amount to be shown at trial.

2                          **SEVENTH CAUSE OF ACTION**

3                              **Wrongful Foreclosure**

4                              **(Against All Defendants)**

5          81.    Plaintiff incorporates herein by this reference each allegation set forth

6   above, as though fully set forth herein.

7          82.    Civil Code section 2923.6 bars all defendants from foreclosing on a

8   mortgage while a loss mitigation option is being reviewed and requires certain other tasks

9   not performed. The former code sections also barred the foreclosure of properties by

10  anyone other than the beneficial owner. California law also imposes a duty of care to

11  review loss mitigation options diligently before foreclosing.

12         83.    As set forth above, defendants foreclosed under the subject Deed of Trust

13  although a loss mitigation application was under review and/or while lacking the beneficial

·14  interest to do so.

15         84.    As a result, Plaintiff has sustained damages, including, but not limited to,

16  excessive interest accumulation, negative amortization, loss of equity, destruction of

17  credit standing, and late fees and other charges, in an amount to be shown at trial.

18              **DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES**

19         Plaintiff, JULIE C. GALLAGHER, hereby demands a trial by jury.

20         WHEREFORE, Plaintiff, JULIE C. GALLAGHER, prays for Judgment and Order

21  against the defendants, as follows:

22         1.     That Judgment is entered for Plaintiff and against defendants, and each of

23  them;

24         2.     For an Order requiring defendants to show cause, if they have any, why

25  they should not be enjoined as set forth below, during the pendency of the action;

26         3.     For compensatory damages, according to proof at trial;

27        · 4.    For consequential damages, according to proof at trial;

28         5.     For treble, general, and statutory damages for all injuries resulting from the

_____

                                **COMPLAINT**

1  causes of action set forth herein according to proof at trial;

2      6.      For disgorgement and restitution of all earnings, profits, compensation and

3  benefits received by defendants as a result of their unlawful acts and practices;

4      7.      For punitive and/or exemplary damages in an amount sufficient to punish

5  defendants' wrongful conduct and deter future misconduct;

6      8.      For an accounting from defendants of all monies received by them on

7  Plaintiff's subject mortgage loan;

8      9.      Prejudgment interest;

9      10.     Costs and disbursements of the action;

10     11.     Attorney's fees;

11     12.     Specific performance of the breached contract alleged; and,

12     13.     For such other and further relief as the Court may deem just and proper.

13

14  DATED:  December 15, 2021         Respectfully submitted,

15                                    FRY LAW CORPORATION

16

17                                    By:_____
                                          Christopher J. Fry, Esq.
18                                        Attorney for Plaintiff

19

20

21

22

23

24

25

26

27

28

RECEIVED
IN DROP BOX

2021 DEC 15  PM 3: 21

DOWNTOWN COURTHOUSE
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | | |
|---|---|---|
| Christopher J. Fry, Esq. (SBN: 298874)<br>Fry Law Corporation<br>980 9th Street, 16th Floor<br>Sacramento, California 95814 | | |

TELEPHONE NO.: (916) 291-0700    FAX NO.: (916) 848-0256

ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME: Gordon D. Schaber Courthouse

CASE NAME:
Gallagher v. PHH Mortgage Corporation; et al.

**FILED**
Superior Court Of California,
Sacramento
**12/15/2021**
Ibaldwin1
By _____ , Deputy
Case Number:
**34-2021-00312847**

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☑ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☑ punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 15, 2021
Christopher J. Fry, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
    *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-*
    *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

RECEIVED
IN DROP BOX

2021 DEC 15  PM 3: 21

DOWNTOWN COURTHOUSE
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FILED
Superior Court Of California,
Sacramento
FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

12/21/2021
lbaldwin1
By_____, Deputy
Case Number:
**34-2021-00312847**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ADDITIONAL PARTIES ATTACHMENT IS ATTACHED

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JULIE C. GALLAGHER

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Sacramento County Superior Court<br><br>720 9th St. Sacramento, CA 95814 | CASE NUMBER: *(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher J. Fry, Esq., 980 9th Street, 16th Floor, Sacramento, California 95814; (916) 291-0700;

| DATE: *(Fecha)* | DEC 2 1 2021 | Clerk, by *(Secretario)* | | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gallagher v. PHH Mortgage Corporation; et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

PHH MORTGAGE CORPORATION; WESTERN PROGRESSIVE, LLC; DEUTSCHE BANK TRUST COMPANY AMERICAS; and DOES 1-100, inclusive

Page    2    of    2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

RECEIVED
IN DROP BOX

2021 DEC 15  PM 3: 22

DOWNTOWN COURTHOUSE
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO



**SUPERIOR COURT OF CALIFORNIA**

**County of Sacramento**
720 Ninth Street, Room 102
Sacramento, CA 95814-1311

*For Court Use Only*

PETITIONER/PLAINTIFF: Julie C. Gallagher

RESPONDENT/DEFENDANT: PHH Mortgage Corporation, et al.

| **ORDER RE: DELAY IN SCHEDULING INITIAL CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 34-2021-00312847 |
|---|---|

The Court finds good cause to delay the scheduling of the initial Case Management Conference for this case given the COVID-19 pandemic and its impact on court-wide operations. Among the affected operations is the Court's Case Management Program (CMP). The Court's CMP calendars have been and remain suspended until further notice. After the CMP Departments resume operations, the Court will schedule the initial Case Management Conference in this case and issue a Notice of Case Management Conference and Order to Appear.

The deadline for filing and service of the Case Management Conference Statements will be based upon the date for the initial Case Management Conference once it has been scheduled.

Parties shall continue to accomplish service of all parties named in the action.

Parties shall continue to ensure that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered.

Plaintiff shall serve a copy of this order on any party to the complaint. The cross-complainant shall have the same obligation with respect to the cross-complaint

Dated: 12/15/2021

RICHARD K. SUEYOSHI

Richard K. Sueyoshi, Judge of the Superior Court

1   Christopher J. Fry, Esq. (SBN: 298874)
        Email: cfry@frylawcorp.com
2   **FRY LAW CORPORATION**
    980 9th Street, 16th Floor
3   Sacramento, California 95814
    Telephone: (916) 291-0700
4   Facsimile: (916) 848-0256

5   Attorneys for Plaintiff,
    **JULIE C. GALLAGHER**

6

7

8           **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9              **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12  JULIE C. GALLAGHER,                 **CASE NO.: 34-2021-00312847**

13              Plaintiff,              **DECLARATION OF CHRISTOPHER J.
                                        FRY REGARDING LATE EX PARTE**
14      vs.                            **NOTICE PURSUANT TO CRC 3.1204**

15  PHH MORTGAGE CORPORATION;          **DATE:** December 30, 2021
    WESTERN PROGRESSIVE, LLC;          **TIME:** 9:45 a.m.
16  DEUTSCHE BANK TRUST COMPANY         **DEPT.:** 53
    AMERICAS; and DOES 1-100, inclusive
17                                      **COMPLAINT FILED DECEMBER 15,**
              Defendants.               **2021**

18
                                        **Trial:** None Set.
19

20

21

22

23

24

25

26

27

28

FILED/ENDORSED

DEC 2 9 2021

By: _E. Medina_
        Deputy Clerk

Fry Law Corporation
Trial Attorneys



─────────────────────────────────────────────────

**DECLARATION OF CHRISTOPHER J. FRY REGARDING LATE EX PARTE NOTICE**

1    **DECLARATION OF CHRISTOPHER J. FRY RE: LATE NOTICE**

2    I, Christopher J. Fry, hereby declare as follows:

3    I am counsel of record in this matter for Plaintiff. I am duly licensed to practice law

4    in the State of California. If called as a witness in this action, I could competently testify

5    based on information and belief, as well as my own personal knowledge, as to the matters

6    set forth in this Declaration.

7    Plaintiffs' Complaint was originally filed on December 15, 2021. All named

8    Defendants have been served with the Complaint and Summons on December 27 and

9    28, 2021, respectively, but none have appeared.

10   Pursuant to California Rules of Court, Rule ("CRC") 3.1203(a), on December 29,

11   2021, on or about 11:28 a.m., I provided notice to all Defendants by e-mailing the following

12   addresses:

13   Todd E. Chvat, Esq.
     Wright Finlay & Zak LLP
14   4665 MacArthur Court, Suite 280
     Newport Beach, CA 92660
15   Email: tchvat@wrightlegal.net

16   Western Progressive, LLC
     Northpark Town Center
17   1000 Abernathy Road NE, Building 400, Suite 200
     Atlanta, GA 30328
18   Email: Trustee.Services@Altisource.com

19   Austin T. Beardsley, Esq.
     Katten Muchin Rosenman LLP
20   100 Spectrum Center Drive, Suite 1050
     Irvine, CA 92618
21   Email: austin.beardsley@kattenlaw.com

22   PHH Mortgage Services
     P.O. Box 5452
23   Mt. Laurel, NJ 08054
     CustomerCare@mortgagefamily.com

24

25   Also on December 29, 2021, on or about 11:45 a.m., I made phone calls to

26   Western Progressive, LLC directly, providing additional notice of this Application and the

27   time, date and department of the ex parte hearing, and inquiring whether they intended

28   to appear and/or oppose it.

**DECLARATION OF CHRISTOPHER J. FRY REGARDING LATE EX PARTE NOTICE**

1

Fry Law Corporation
Trial Attorneys

1       Though CRC ordinarily requires notice by 10:00 a.m. the day before the hearing,

2   Rule 3.1204 allows for moving parties to notify the other parties after 10:00 a.m. if they

3   can demonstrate exceptional circumstances (CRC 3.1204(c).).

4       After filing the Complaint, I monitored the foreclosure sale on the Western

5   Progressive website. Up until late this morning, it was reflected as "hold." A true and

6   correct copy of a snapshot from December 24, 2021 confirming is attached hereto as

7   **Exhibit A.**

8       I checked the website Monday, December 27, 2021 and confirmed same. In an

9   abundance of caution, I had my office call Western Progressive and were told that the

10   sale is on "hold" and that a new sale date should generate on the day of the sale.

11       I checked the website on December 28, 2021, and confirmed it was on "hold."

12       I checked the website again on December 29, 2021, at approximately 11:00 a.m.

13   and saw that the status changed to "processing." A true and correct copy of the snapshot

14   from that day is attached hereto as **Exhibit B.**

15       I immediately sent out notice of our intent to appear ex parte at approximately

16   11:30 a.m. an hour and a half past 10:00 a.m. and just minutes after discovering the need

17   for a restraining order.

18       I believe these circumstances are extraordinary and warrant the allowance of

19   Plaintiff to pursue a restraining order despite failing to notify the parties by 10:00 a.m. the

20   day before the hearing.

21       Additionally, the mere fact that this application is relating to the foreclosure sale of

22   Plaintiff's home, a unique asset, is exceptional from other cases and scenarios.

23       I do not believe that any Defendant will be prejudiced in any way by the late notice

24   or by the sale being enjoined.

25     ///

26     ///

27     ///

28     ///

Fry Law Corporation
Trial Attorneys

**DECLARATION OF CHRISTOPHER J. FRY REGARDING LATE EX PARTE NOTICE**

2

1       I declare under penalty of perjury and under the laws of the State of California that

2   the foregoing is true and correct to the best of my personal knowledge.

3

4   DATED:  December 29, 2021       Respectfully submitted,

5                                   FRY LAW CORPORATION

6

7                                   By:
                                        Christopher J. Fry, Esq.
8                                       *Attorney for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF CHRISTOPHER J. FRY REGARDING LATE EX PARTE NOTICE**

3

Fry Law Corporation
Trial Attorneys

# EXHIBIT A



# Trustee Services

Welcome : Christopher Fry

Logout

## Trustee Services - Sales

This site was created as a means to provide general information about pending foreclosure sales so as to create both internal and external efficiencies. The website is not intended to:

- Provide legal advice or legal opinion
- Establish an attorney-client relationship
- Provide investment advice

To contact Western Progressive and Power Default,

| Western Progressive LLC | CA | (866) 960-8299 |
| Western Progressive Nevada, Inc | NV | (866) 960-8299 |
| Western Progressive Arizona, Inc | AZ | (866) 960-8299 |
| Power Default Services, Inc | TX | (855) 427-2204 |
| Western Progressive Washington, Inc | WA | (206) 876-9986 |

Users of this site may create printouts of the information contained on this site for personal use only.

To download a User Guide to assist you in understanding the usage and features of this website, click here.

To download the State wise bidding procedure and rules document, click here.

# IMPORTANT DISCLOSURE PURSUANT TO CA SB 1079, EFFECTIVE 1/1/2021 (CA CIVIL CODE § 2924m)

For foreclosure sale auctions conducted on or after January 1, 2021 with respect to properties containing from one to four residential units, the post-auction bid process described in Civil Code section 2924m may apply. Pursuant to the Civil Code, if you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding the potential right to purchase. All bidders for property subject to Civil Code section 2924m should be aware that there is the potential for the sale auction bidding process to be extended for up to 45 days following the sale auction, and Civil Code section 2924m does not require payment of interest on any bid funds remitted to the foreclosure trustee during the time funds are held by the foreclosure trustee. The disclosure of sale information on this website during the 45-day period following the sale auction as described in Civil Code section 2924m does not constitute a representation that the post-auction bid process in Civil Code section 2924m does apply to the properties listed herein. The post-auction bid process in Civil Code section 2924m does not apply unless the property subject to sale contains one to four residential units and does not apply if a prospective owner occupant is the high bidder at the sale auction pursuant to Civil Code section 2924m(c)(1).

Single Loan Search     Multiple Loan Search

● Chat Online ▸

Instructions:

- To search a file or a property, input the TS Number# or Property Address (Street, City, Zip Code and County)
- Click Search
- The property information will be displayed below

| City | Zip Code | County | 2019-02297-ca |

Search    Reset

Export to Excel

| TS Number# | Property Address | County | Status | APN | Notice Posted On | Original Sale Date | New Sale Date | Sale Time | Location Of Sale | BID Amount | Important Notice | Sale Held Date | Final Highest BidAmount at Sale | Trustee Address to receive Documents | Post Auction Bid Process Status |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2019-02297-CA | 1304 Freswick Drive Folsom Sacramento 95630 | Sacramento | Hold | 071-1520-076-0000 | | 12/30/2021 | 12/30/2021 | 01:30 PM | AT THE EAST MAIN ENTRANCE TO THE COUNTY COURTHOUSE 720 9TH STREET, SACRAMENTO, CA 95814 | | | | | | |

Chat Online -

# EXHIBIT B



# Trustee Services

Welcome : Christopher Fry

Logout

## Trustee Services - Sales

This site was created as a means to provide general information about pending foreclosure sales so as to create both internal and external efficiencies. The website is not intended to:

- Provide legal advice or legal opinion
- Establish an attorney-client relationship
- Provide investment advice

To contact Western Progressive and Power Default,

| Western Progressive LLC | CA | (866) 960-8299 |
|---|---|---|
| Western Progressive Nevada, Inc | NV | (866) 960-8299 |
| Western Progressive Arizona, Inc | AZ | (866) 960-8299 |
| Power Default Services, Inc | TX | (855) 427-2204 |
| Western Progressive Washington, Inc | WA | (206) 876-9986 |

Users of this site may create printouts of the information contained on this site for personal use only.

To download a User Guide to assist you in understanding the usage and features of this website, click here.

To download the State wise bidding procedure and rules document, click here.

# IMPORTANT DISCLOSURE PURSUANT TO CA SB 1079, EFFECTIVE 1/1/2021 (CA CIVIL CODE § 2924m)

For foreclosure sale auctions conducted on or after January 1, 2021 with respect to properties containing from one to four residential units, the post-auction bid process described in Civil Code section 2924m may apply. Pursuant to the Civil Code, if you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding the potential right to purchase. All bidders for property subject to Civil Code section 2924m should be aware that there is the potential for the sale auction bidding process to be extended for up to 45 days following the sale auction, and Civil Code section 2924m does not require payment of interest on any bid funds remitted to the foreclosure trustee during the time funds are held by the foreclosure trustee. The disclosure of sale information on this website during the 45-day period following the sale auction as described in Civil Code section 2924m does not constitute a representation that the post-auction bid process in Civil Code section 2924m does apply to the properties listed herein. The post-auction bid process in Civil Code section 2924m does not apply unless the property subject to sale contains one to four residential units and does not apply if a prospective owner occupant is the high bidder at the sale auction pursuant to Civil Code section 2924m(c)(1).

Single Loan Search    Multiple Loan Search

Chat Online -

Instructions:

- To search a file or a property, input the TS Number# or Property Address (Street, City, Zip Code and County)
- Click Search
- The property information will be displayed below

| City | Zip Code | County | 2019-02297-ca |
|------|----------|--------|---------------|

Search   Reset

Export to Excel

| TS Number# | Property Address | County | Status | APN | Notice Posted On | Original Sale Date | New Sale Date | Sale Time | Location Of Sale | BID Amount | Important Notice | Sale Held Date | Final Highest BidAmount at Sale | Trustee Address to receive Documents | Post Auction Bid Process Status |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2019-02297-CA | 1304 Frenswick Drive Folsom Sacramento 95630 | Sacramento | Processing | 071-1320-076-0000 | | 12/30/2021 | 12/30/2021 | 01:30 PM | AT THE EAST MAIN ENTRANCE TO THE COUNTY COURTHOUSE 720 9TH STREET, SACRAMENTO, CA 95814 | | | | | | |

Chat Online ·

1

**PROOF OF SERVICE**
**CALIFORNIA SUPERIOR COURT**

2

3    I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: 980 9th Street, 16th Floor, Sacramento, California 95814. On December 29, 2021, I served the foregoing document(s) described as:

4

5

6    **DECLARATION OF CHRISTOPHER J. FRY REGARDING LATE EX PARTE NOTICE PURSUANT TO CRC 3.1204**

7

8    On all interested parties in this action by placing [  ] the original [ x ] a true copy thereof enclosed in sealed envelopes addressed as follows:

9    Western Progressive, LLC
     Northpark Town Center
10   1000 Abernathy Road NE, Building 400, Suite 200
     Atlanta, GA 30328
11   Email: Trustee.Services@Altisource.com

12   PHH Mortgage Services
     P.O. Box 5452
13   Mt. Laurel, NJ 08054
     CustomerCare@mortgagefamily.com

14
     Deutsche Bank Trust Company Americas
15   c/o CT Corporation
     330 N Brand Blvd Suite 700
16   Glendale, CA 91203

17   [X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I further caused electronic copies of the foregoing document(s) to be delivered to the e-mail addresses as appearing above.

18

19

20

21   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct. Executed on December 29, 2021, at Sacramento, California.

22

23

24

25   Christopher J. Fry

26

27

28

DECLARATION OF CHRISTOPHER J. FRY REGARDING LATE EX PARTE NOTICE
4

Fry Law Corporation
Trial Attorneys

RECEIVED
LAW AND MOTION DROP BOX

2021 DEC 29  PM 3: 39

GOSSO COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

```
FILED/ENDORSED

DEC 2 9 2021

By: _____E. Medina_____
          Deputy Clerk
```

1   Christopher J. Fry, Esq. (SBN: 298874)
        Email: cfry@frylawcorp.com
2   **FRY LAW CORPORATION**
    980 9th Street, 16th Floor
3   Sacramento, California 95814
    Telephone: (916) 291-0700
4   Facsimile: (916) 848-0256

5   Attorneys for Plaintiff,
    **JULIE C. GALLAGHER**

6

7

8              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                 **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12  JULIE C. GALLAGHER,                      **CASE NO.: 34-2021-00312847**

13              Plaintiff,                    **DECLARATION OF CHRISTOPHER J.
                                             FRY IN SUPPORT OF EX PARTE**
14       vs.                                 **APPLICATION FOR A TEMPORARY
                                             RESTRAINING ORDER AND AN**
15  PHH MORTGAGE CORPORATION;                **ORDER TO SHOW CAUSE WHY A
    WESTERN PROGRESSIVE, LLC;                PRELIMINARY INJUNCTION SHOULD**
16  DEUTSCHE BANK TRUST COMPANY              **NOT BE ISSUED**
    AMERICAS; and DOES 1-100, inclusive
17                                           *[Filed Concurrently With Plaintiff's*
                Defendants.                  *Notice of Ex Parte Application;*
18                                           *Declaration of Christopher J. Fry; Point*
                                             *and Authorities; [Proposed] Order.]*
19
                                             **DATE:** December 30, 2021
20                                           **TIME:** 9:45 a.m.
                                             **DEPT.:** 53
21
                                             **COMPLAINT FILED DECEMBER 15,**
22                                           **2021**

23                                           **Trial:** None Set.

24

25

26

27

28

                    **DECLARATION OF CHRISTOPHER J. FRY**

1    **DECLARATION OF CHRISTOPHER J. FRY IN SUPPORT OF EX PARTE**

2    **APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

3    I, Christopher J. Fry, hereby declare as follows:

4    I am counsel of record in this matter for Plaintiff. I am duly licensed to practice law

5    in the State of California. If called as a witness in this action, I could competently testify

6    based on information and belief, as well as my own personal knowledge, as to the matters

7    set forth in this Declaration.

8    Plaintiffs' Complaint was originally filed on December 15, 2021. A true and correct

9    copy of the Complaint is attached hereto as **Exhibit A**. All named Defendants have been

10   served with the Complaint and Summons on December 27 and 28, 2021, respectively,

11   but none have appeared.

12   Pursuant to California Rules of Court, Rule 3.1203(a), on December 29, 2021, on

13   or about 11:28 a.m., I provided notice to all Defendants by e-mailing the following

14   addresses:

15   Todd E. Chvat, Esq.
     Wright Finlay & Zak LLP
16   4665 MacArthur Court, Suite 280
     Newport Beach, CA 92660
17   Email: tchvat@wrightlegal.net

18   Western Progressive, LLC
     Northpark Town Center
19   1000 Abernathy Road NE, Building 400, Suite 200
     Atlanta, GA 30328
20   Email: Trustee.Services@Altisource.com

21   Austin T. Beardsley, Esq.
     Katten Muchin Rosenman LLP
22   100 Spectrum Center Drive, Suite 1050
     Irvine, CA 92618
23   Email: austin.beardsley@kattenlaw.com

24   PHH Mortgage Services
     P.O. Box 5452
25   Mt. Laurel, NJ 08054
     CustomerCare@mortgagefamily.com

26

27   Also on December 29, 2021, on or about 11:45 a.m., I made phone calls to

28   Western Progressive, LLC directly, providing additional notice of this Application and the

*Fry Law Corporation*
*Trial Attorneys*

**DECLARATION OF CHRISTOPHER J. FRY**

1

1  time, date and department of the ex parte hearing, and inquiring whether they intended

2  to appear and/or oppose it.

3      I did not receive any e-mail or phone responses from Defendants' counsel as

4  related to this Application and therefore am unsure if Defendants intend to appear at the

5  hearing and/or oppose the Application and injunctive relief sought hereunder.

6      I have been assured by counsel for Defendants that the Defendants are getting

7  my communications. I believe the Defendants have been properly notified of said hearing.

8      Based on Defendants' counsel still being unable or unwilling to provide

9  confirmation that the December 30, 2021, sale date has been or will be removed from

10  calendar, it remained necessary and urgent for Plaintiff to pursue this ex parte Application

11  seeking injunctive relief to prohibit the sale.

12      I declare under penalty of perjury and under the laws of the State of California that

13  the foregoing is true and correct to the best of my personal knowledge.

14

15  DATED:  December 29, 2021      Respectfully submitted,

16                                  FRY LAW CORPORATION

17

18                                  By: _____
                                        Christopher J. Fry, Esq.
19                                      *Attorney for Plaintiff*

20

21

22

23

24

25

26

27

28

---

**DECLARATION OF CHRISTOPHER J. FRY**

2

*Fry Law Corporation*
*Trial Attorneys*

EXHIBIT A

FILED
Superior Court Of California,
Sacramento
12/15/2021
lbaldwin1
By_____ , Deputy
Case Number:
**34-2021-00312847**

1   Christopher J. Fry, Esq. (SBN: 298874)
        *Email: cfry@frylawcorp.com*
2   **FRY LAW CORPORATION**
    980 9th Street, 16th Floor
3   Sacramento, California 95814
    Telephone: (916) 291-0700
4   Facsimile: (916) 848-0256

5   Attorneys for Plaintiff,
    **JULIE C. GALLAGHER**

6

7

8           **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9              **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12  JULIE C. GALLAGHER,                    | **CASE NO.:**

13              Plaintiff,                 | **COMPLAINT FOR:**

14      vs.                                | 1. **Negligence;**

15  PHH MORTGAGE CORPORATION;              | 2. **Violation of Civ. Code § 2923.6;**
    **WESTERN PROGRESSIVE, LLC;**
16  **DEUTSCHE BANK TRUST COMPANY**        | 3. **Violation of Civ. Code § 2924.11;**
    **AMERICAS; and DOES 1-100, inclusive**
17                                         | 4. **Violation of Bus. & Prof. Code §**
            Defendants.                    |    **17200, *et seq.*;**
18
                                           | 5. **Breach of Contract;**
19
                                           | 6. **Violation of California Civil Code**
20                                         |    **Section 2924(a)(6); and,**
21                                         | 7. **Wrongful Foreclosure.**

22                                         | **DEMAND FOR JURY TRIAL**

23                                         | **DEMAND EXCEEDS $25,000.00**

24

25

26

27

28

                            **COMPLAINT**

1    Plaintiff JULIE C. GALLAGHER ("Plaintiff" or "Ms. Gallagher"), by and through

2    counsel, for her Complaint against the defendants, upon information and belief alleges as

3    follows:

4                                **PARTIES**

5        1.    Plaintiff is a resident of Sacramento County, California. Plaintiff brings this

6    action against the defendants for damages and harm resulting from the defendants' willful

7    and reckless violation of California law relating to the servicing and wrongful foreclosure

8    of a residential mortgage.

9        2.    The residential mortgage concerns the property located at 1304 Freswick

10   Drive, Folsom, CA 95630.

11       3.    Defendant, PHH MORTGAGE CORPORATION ("PHH") is a New Jersey

12   Corporation conducting business within this judicial district. Defendant PHH is the current

13   servicer of the subject mortgage.

14       4.    Defendant, DEUTSCHE BANK TRUST COMPANY AMERICAS ("Deutsche

15   Bank") is, and at all relevant times was, an unknown entity, conducting business within

16   this judicial district, and claiming an interest in the Property. It is alleged that Deutsche

17   Bank was instructing PHH to act on its behalf and purporting to be the beneficiary of the

18   subject mortgage.

19       5.    Defendant, WESTERN PROGRESSIVE, LLC ("Western") is, and at all

20   relevant times was, a California corporation, conducting business within this judicial

21   district, and claiming an interest in the Property. It is alleged that Western was instructed

22   by Deutsche Bank and PHH to act on their behalf and purporting to be the trustee of the

23   subject mortgage.

24       6.    Plaintiff is ignorant of the true names and capacities of the defendants sued

25   herein under the fictitious names Does 1 through 100, inclusive, and Plaintiff will amend

26   this Complaint to allege such names and capacities as soon as they are ascertained.

27   Each of said fictitiously named defendants is responsible in some manner for the wrongful

28   acts complained of herein.

**COMPLAINT**
1

Fry Law Corporation
Trial Attorneys

1     7.    Each defendant was the agent and employee of each other defendant and

2  in doing, saying, or omitting to say the things alleged, was acting within the course and

3  scope of such agency and with the permission and consent of each of the other

4  defendants.

5     8.    Each defendant aided and abetted, encouraged, and rendered substantial

6  assistance to the other defendants in breaching their obligations to Plaintiff.  In taking

7  action to aid and abet and substantially assist the commissions of these wrongful acts

8  and other wrongdoings complained of, each defendant acted with an awareness of its

9  primary wrongdoing and realized that its conduct would substantially assist the

10  accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

11     9.    Each defendant knowingly and willfully conspired, engaged in a common

12  enterprise, and engaged in a common course of conduct to accomplish the wrongs

13  herein. The purpose and effect of the conspiracy, common enterprise, and common

14  course of conduct complained of was, inter alia, to financially benefit defendants at the

15  expense of Plaintiff by engaging in the wrongful conduct.

16     10.    Defendants accomplished their conspiracy, common enterprise, and

17  common course of conduct by misrepresenting and concealing material information

18  regarding the servicing of loans, and by taking steps and making statements in

19  furtherance thereof.  Each defendant was a direct, necessary and substantial participant

20  in the conspiracy, common enterprise and common course of conduct herein, and was

21  aware of its overall contribution to and furtherance thereof.  Defendants' wrongful acts

22  include, inter alia, all the acts that each of them is alleged to have committed in

23  furtherance of the wrongful conduct herein.

24          **JURISDICTION AND VENUE**

25     11.    Pursuant to Code of Civil Procedure section 392(a), venue is proper in this

26  Court because the subject real property at issue in this litigation is situated in this county,

27  Plaintiff resides in this county, the contract was performed in this county and notices

28  relating to the property were recorded in this county.

**COMPLAINT**

2

*Fry Law Corporation*
*Trial Attorneys*

1    12.    The defendants engaged in regular business within the State of California,

2    which business is related to the events which give rise to the instant lawsuit. The subject

3    events transpired within the State of California. The defendants have "sufficient minimum

4    contacts" with the State of California such that this Court's exercise of personal jurisdiction

5    over the defendants herein "[does] not offend traditional notions of fair play and

6    substantial justice." [1]

7                              **FACTUAL BACKGROUND**

8    13.    The Property is located in Sacramento County, California and has been Ms.

9    Gallagher's primary residence for roughly 20 years.

10   14.    On or around June of 2004, Ms. Gallagher and her husband (divorce

11   pending) purchased the home. In 2007, they refinanced the property and took out a

12   mortgage with Indymac Bank, FSB.

13   15.    Plaintiff entered into the Loan to include a Deed of Trust securing such note

14   covering the Property, then and now the principal dwelling and home of Plaintiff.  A

15   different company was named as the trustee under the Deed of Trust. Deutsche Bank is

16   allegedly the assignee of the Deed of Trust on the Property. PHH is the mortgage servicer

17   on the account.

18   16.    On or about April of 2019, a known "robo-signor" signed an Assignment of

19   Deed of Trust purporting to transfer all beneficial interest in the Deed of Trust from the

20   original bank to Deutsche Bank. The trust in which the mortgage was purportedly

21   assigned contained a 2007 cut-off.

22   17.    Plaintiffs believe that the subject mortgage trust is a REMIC trust which

23   enjoys tax-free status if properly formed. However, if property is transferred into the trust

24   after the cut-off or closing date, it can jeopardize the tax-exempt status. According to State

25   and Federal law, mortgages not assigned to said trust before the cut-off were not included

26   in the trust.

27

28   [1] *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

**COMPLAINT**

3

1     18.    Based on the foregoing, Defendants Deutsche Bank and PHH were either

2    barred from accepting the untimely assignment or refused it. Either of which concludes

3    that they did not receive a beneficial interest and therefore, could not authorize a valid

4    foreclosure sale.

5     19.    As a result of a downturn in the economy, Plaintiff began experiencing a

6    financial hardship. Ultimately, Plaintiff began to fall behind the mortgage payments.

7    Plaintiff contacted PHH for help and was instructed to submit a loan modification package

8    to the lender.

9     20.    In November of 2019, Western recorded a Notice of Default and began

10    instituting foreclosure proceedings. However, Plaintiff was never provided with any notice

11    that Western had replaced, substituted, and removed the original trustee as the named

12    trustee under the Deed of Trust. As such, the NOD is void.

13     21.    Nevertheless, Plaintiff worked with PHH for months. Finally, in 2021,

14    Plaintiff was invited and submitted a loan modification packet to PHH. Over the course of

15    the next few months, Plaintiff would continuously provide updated financial information to

16    PHH and would timely comply with all its document requests. At various points, Plaintiff

17    was required to submit updated financial documents, pay stubs, and bank statements.

18    Plaintiff timely complied with all PHH's requests.

19     22.    On August 1, 2021, Plaintiff was delighted to receive a "Trial Period Plan"

20    modification plan. It was simple, she was required to submit three (3) monthly payments

21    of $3,745.51 and in exchange for those payments, the loan would be permanently

22    modified and brought current.

23     23.    Plaintiff made all three (3) payments as requested, with the last one in

24    October of 2021.

25     24.    With complete disregard for the modification that was approved and

26    pending, on or around November 10, 2021, Western, as the purported trustee for PHH,

27    recorded a Notice of Trustee's Sale ("NTS") on Plaintiff's Property.

28     25.    Plaintiff has now been forced to retain counsel to stop the foreclosure. Ms.

**COMPLAINT**

4

1   Gallagher has had her credit ruined and has fallen further behind in her monthly payments
2   due to Respondents' refusal to accept payment or to settle for a fair resolution.

3       26.     All the foreclosure recordings are at odds with the trustee named in the
4   Deed of Trust. Despite lacking a beneficial interest in the mortgage, Defendants initiated
5   the foreclosure sale of the Subject Property and recorded the foreclosure documents
6   shortly thereafter.

7       27.     As a result of the refusal by the defendants to conduct a fair modification
8   review, Plaintiff has suffered severe stress and emotional trauma.

9       34.     Defendants foreclosed in direct violation of California law. Plaintiff has
10  incurred thousands in late fees, delinquency charges and foreclosure fees charged by
11  Defendants. Further, Defendant PHH failed to provide a fair loan modification review and
12  is attempting to foreclose on the home, capitalizing on the equity Plaintiff worked so hard
13  to achieve.

14      35.     Plaintiff was fully capable of paying the mortgage if the payment was
15  modified and the arrearages worked out.  Since she was not given a fair opportunity to
16  be reviewed for a modification, she will ultimately become homeless, a fact the
17  Defendants were fully aware of.

18      36.     The Defendants' conduct deprived Plaintiff of the possibility of reaching a
19  resolution to the default prior to sustaining damages. Had PHH fairly and carefully
20  reviewed Plaintiff for the modification, she would have been approved and would not have
21  suffered the damages alleged herein.

22                          **FIRST CAUSE OF ACTION**

23                              **Negligence**

24                          **(Against All Defendants)**

25      37.     Plaintiff incorporates herein by this reference each allegation set forth above
26  and below, as though fully set forth herein.

27      38.     Defendant PHH was negligent by failing to properly review the loan
28  modification application and by failing to remedy the mistake.

1   39.   Further, PHH negligently made false representations when they promised
2   a loan modification review and failed to review it with due care.

3   40.   Plaintiff relied on the promise and refrained from exploring alternative
4   options. The representations were ultimately proven to be untrue when Defendants
5   ignored Plaintiff and made it clear they had no intent of giving a fair loan modification
6   review.

7   40.   At the time the defendants made the representations to Plaintiff as above
8   alleged, they knew, or should have known, that said representations were in fact false,
9   and nevertheless made them, with the intent to induce Plaintiff to continue to make
10  payments or refrain from exploring other options to only benefit the defendants.

11  42.   Defendants have violated the statutes set forth herein, which mandate a
12  duty upon the defendants to ensure that appropriate safeguards are put into place prior
13  to any foreclosure threats. These sections were designed specifically to protect
·14  homeowners, such as Plaintiff, from wrongful foreclosures.

15  43.   As set forth above, Defendants continue to breach this duty by acting in
16  violation of these statutes, and by failing to reasonably allow Plaintiff a fair opportunity to
17  be reviewed in accordance with such.

18  44.   The statutes below and above also mandate a duty upon the defendants to
19  ensure that appropriate safeguards are put into place with respect to loan modifications.
20  For example, Civil Code section 2923.4 clearly imposes a duty on banks to give borrowers
21  a good-faith opportunity to remedy the default prior to foreclosure. It states:

22·     The purpose of the act that added this section is to ensure that, as part of
        the non-judicial foreclosure process, borrowers are considered for, and
23      have a meaningful opportunity to obtain, available loss mitigation options, if
        any, offered by or through the borrower's mortgage servicer, such as loan
24      modifications or other alternatives to foreclosure.

25  45.   Moreover, section 2923.6 below imposes a duty upon banks and servicers
26  to properly represent the status of loan modifications and refrain from dual tracking.

27  46.   Plaintiff was fully capable of paying the mortgage if the payment was
28  modified and the arrearages worked out. Plaintiff became homeless because of the

**COMPLAINT**
6

Fry Law Corporation
Trial Attorneys

1    botched loan modification process.

2        47.    The defendants' breach of duty and negligent conduct deprived Plaintiff of

3    the possibility of reaching a resolution to the default. Had defendants fairly and carefully

4    reviewed Plaintiffs for loss mitigation options, she would not have suffered the damages

5    alleged herein.

6        48.    The subject conduct was unquestionably intended to affect Plaintiff. The

7    decision on Plaintiff's loan modification application would determine whether she could

8    keep the home.

9        49.    The potential harm to Plaintiff from mishandling the application processing

10    was readily foreseeable as the loss of an opportunity to keep the home was the inevitable

11    outcome. Although there was no guarantee the modification would be granted had the

12    loan been properly processed, the mishandling of the documents deprived Plaintiff of the

13    possibility of obtaining the requested relief.

14        50.    The injury to Plaintiff is certain, in that she lost the opportunity of obtaining

15    a loan modification and foreclosure documents have been recorded resulting in the losing

16    of the home.

17        51.    There is a close connection between the defendants' conduct and the injury

18    suffered, because, to the extent Plaintiff otherwise qualified and would have been granted

19    a modification, defendants' conduct in mishandling the loan modification application

20    submitted by Plaintiff directly precluded the loan modification application from being timely

21    or fairly processed.

22        52.    The existence of a public policy of preventing future harm to home loan

23    borrowers is shown by recent actions taken by both the state and federal government to

24    help homeowners caught in the home foreclosure crisis as set forth in the other violations

25    demonstrated herein.

26        53.    Moral blame attaches to the defendants' specific conduct as they are

27    dealing with the most important thing to Plaintiff, a family home.

28        54.    As a direct and proximate result, Plaintiff has sustained damages, including,

**COMPLAINT**

7

Fry Law Corporation
Trial Attorneys

1    but not limited to, excessive interest accumulation, negative amortization, loss of equity,

2    destruction of credit standing, pain, suffering, and emotional distress, in an amount to be

3    shown at trial.

4                              **SECOND CAUSE OF ACTION**

5                    **Violation of California Civil Code Section 2923.6**

6                              **(Against All Defendants)**

7        55.    Plaintiff incorporates herein by this reference each allegation set forth above

8    and below, as though fully set forth herein.

9        56.    Civil Code section 2923.6, subdivision (c) bars foreclosing parties from

10    recording a Notice of Default, Notice of Trustee's Sale, or otherwise proceeding with a

11    foreclosure while a completed loan modification application has been submitted by a

12    borrower. It states:

13        If a borrower submits a complete application for a first lien loan modification
          offered by, or through, the borrower's mortgage servicer, a mortgage
14        servicer, mortgagee, trustee, beneficiary, or authorized agent shall not
          record a notice of default or notice of sale, or conduct a trustee's sale, while
15        the complete first lien loan modification application is pending.

16        57.    The statutes further require a detailed written notice outlining the basis for

17    any denial and various other provisions relating to accurately and timely notifying

18    borrowers about the status of their loan modification applications.

19        58.    As set forth above, Plaintiff submitted to PHH and confirmed receipt of a

20    complete loan modification application and was approved. PHH erroneously reviewed the

21    application, recorded foreclosure documents and will ultimately sell the home while an

22    application was pending review.

23        59.    As a result, Plaintiff has sustained damages, including, but not limited to,

24    excessive interest accumulation, negative amortization, loss of equity, destruction of

25    credit standing, late fees and other charges, pain, suffering, and emotional distress, in an

26    amount to be shown at trial.

27        ///

28        ///

Fry Law Corporation
Trial Attorneys

<div align="center">

**THIRD CAUSE OF ACTION**

**Violation of California Civil Code Section 2924.11**

**(Against All Defendants)**

</div>

60.    Plaintiff incorporates herein by this reference each allegation set forth above and below, as though fully set forth herein.

61.    Civil Code section 2924.11, subdivision (f) bars mortgage servicers from charging late fees or other delinquency related fees while a completed loan modification application has been submitted by a borrower.

62.    As set forth above, Plaintiff submitted a complete loan modification application to PHH. Plaintiff's home was foreclosed upon, and the mortgage has incurred delinquency related fees and charges during the review process.

63.    Though miscellaneous fees and charges are listed on Plaintiff's mortgage statements, there is insufficient detail to include when and who charged what without extensive discovery.

64.    As a result, Plaintiff has sustained damages, including, but not limited to, excessive interest accumulation, negative amortization, loss of equity, destruction of credit standing, loss of the home, and late fees and other charges, in an amount to be shown at trial.

<div align="center">

**FOURTH CAUSE OF ACTION**

**Violation of California Business and Professions Code Section 17200, *et seq.***

**(Against All Defendants)**

</div>

65.    Plaintiff incorporates herein by this reference each allegation set forth above and below, as though fully set forth herein.

66.    Business and Professions Code section 17200, et seq. prohibits unfair or deceptive business practices. As alleged herein, Plaintiff has standing to pursue this claim as he has suffered injury in fact and has lost money or property because of the named defendants' actions as set forth herein.

67.    Defendants have violated the law as set forth above and below, in an

*Fry Law Corporation*
*Trial Attorneys*

<div align="center">

**COMPLAINT**

9

</div>

1    ongoing pattern of unlawful, unfair, and fraudulent business practices.  The defendants

2    failed to ensure that appropriate safeguards are put into place prior to the pending

3    foreclosure. These safeguards were designed specifically to protect homeowners, such

4    as Plaintiff, from improper loan modification procedures, dual-tracking, and otherwise

5    wrongful foreclosures.  Defendants' ongoing conduct offends established public policy,

6    and the unlawful, unfair, and fraudulent business practices are oppressive and

7    substantially injurious to consumers.

8         68.    As set forth above, Plaintiff is and was being reviewed for loss mitigation

9    options by way of a loan modification while the home was sold, and recordings were

10   made. Plaintiff was misled by Defendants' conduct of confirming receipt of documents

11   she submitted, confirming that the application for a loan modification was under review,

12   and promising that she would receive a fair review. However, the Defendants have

13   repeatedly continued foreclosure recordings and ultimately foreclosed on Plaintiff's home

14   and negligently reviewed the application.

15        69.    As further described below, Plaintiff entered a contract that was not

16   honored. Further, Plaintiff submitted a completed loan modification to defendants.

17   Nevertheless, Plaintiff was never given a modification review as the law provides, she

18   was entitled to and moreover as she was promised.  The application was never fairly

19   reviewed, and the defendants continued to foreclose.

20        70.    As a result of the defendants' unfair business practices, Plaintiff has

21   sustained monetary damages, including, but not limited to, excessive interest

22   accumulation, negative amortization, loss of equity, destruction of credit standing, pain,

23   suffering, and emotional distress, in an amount to be shown at trial.

24                           **FIFTH CAUSE OF ACTION**

25                              **Breach of Contract**

26                            **(Against All Defendants)**

27        71.    Plaintiff incorporates herein by this reference each allegation set forth above

28   and below, as though fully set forth herein.

---

**COMPLAINT**

10

1    72.    In connection with the subject mortgage loan, Plaintiff and defendant PHH,

2    entered into a verbal and/or implied-in-fact contract whereby defendant PHH, agreed to

3    review the subject mortgage loan for a loan modification in good faith before it foreclosed.

4    73.    Plaintiff and Defendants also entered into a written and/or verbal contract

5    with respect to the trial period payments.

6    74.    Plaintiff fully performed under the contract as required of her by submitting

7    all requisite documents immediately after they were requested.

8    75.    Without excuse, PHH materially breached the contract by failing to perform

9    by not providing the loan modification review as promised and wrongfully initiating

10    foreclosure proceedings and ultimately selling Plaintiff's home.

11    76.    As a proximate result of defendants' said breach of contract, Plaintiff has

12    sustained damages, including, but not limited to, fees and charges, excessive interest

13    accumulation, negative amortization, loss of equity, loss of property and destruction of

14    credit standing, in an amount to be shown at trial.

15                              **SIXTH CAUSE OF ACTION**

16                  **Violation of California Civil Code Section 2924(a)(6)**

17                              **(Against All Defendants)**

18    77.    Plaintiff incorporates herein by this reference each allegation set forth above

19    and below, as though fully set forth herein.

20    78.    Former Civil Code section 2924(a)(6) bars all defendants from initiating

21    foreclosure unless they are the holder of the beneficial interest under the mortgage or

22    deed of trust, the original trustee or the substituted trustee under the deed of trust, or the

23    designated agent of the holder of the beneficial interest.

24    79.    As set forth above, defendants foreclosed under the subject Deed of Trust

25    although they are not beneficiaries, trustees, or otherwise authorized to initiate

26    foreclosure proceedings.

27    80.    As a result, Plaintiff has sustained damages, including, but not limited to,

28    excessive interest accumulation, negative amortization, loss of equity, destruction of

**COMPLAINT**
11

1   credit standing, pain, suffering, and emotional distress, in an amount to be shown at trial.

2                              **SEVENTH CAUSE OF ACTION**

3                                  **Wrongful Foreclosure**

4                                  **(Against All Defendants)**

5       81.    Plaintiff incorporates herein by this reference each allegation set forth

6   above, as though fully set forth herein.

7       82.    Civil Code section 2923.6 bars all defendants from foreclosing on a

8   mortgage while a loss mitigation option is being reviewed and requires certain other tasks

9   not performed. The former code sections also barred the foreclosure of properties by

10  anyone other than the beneficial owner. California law also imposes a duty of care to

11  review loss mitigation options diligently before foreclosing.

12      83.    As set forth above, defendants foreclosed under the subject Deed of Trust

13  although a loss mitigation application was under review and/or while lacking the beneficial

·14  interest to do so.

15      84.    As a result, Plaintiff has sustained damages, including, but not limited to,

16  excessive interest accumulation, negative amortization, loss of equity, destruction of

17  credit standing, and late fees and other charges, in an amount to be shown at trial.

18              **DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES**

19  Plaintiff, JULIE C. GALLAGHER, hereby demands a trial by jury.

20  WHEREFORE, Plaintiff, JULIE C. GALLAGHER, prays for Judgment and Order

21  against the defendants, as follows:

22      1.     That Judgment is entered for Plaintiff and against defendants, and each of

23  them;

24      2.     For an Order requiring defendants to show cause, if they have any, why

25  they should not be enjoined as set forth below, during the pendency of the action;

26      3.     For compensatory damages, according to proof at trial;

27      ·4.     For consequential damages, according to proof at trial; .

28      5.     For treble, general, and statutory damages for all injuries resulting from the

1    causes of action set forth herein according to proof at trial;

2    6.    For disgorgement and restitution of all earnings, profits, compensation and

3    benefits received by defendants as a result of their unlawful acts and practices;

4    7.    For punitive and/or exemplary damages in an amount sufficient to punish

5    defendants' wrongful conduct and deter future misconduct;

6    8.    For an accounting from defendants of all monies received by them on

7    Plaintiff's subject mortgage loan;

8    9.    Prejudgment interest;

9    10.    Costs and disbursements of the action;

10    11.    Attorney's fees;

11    12.    Specific performance of the breached contract alleged; and,

12    13.    For such other and further relief as the Court may deem just and proper.

13

14    DATED:  December 15, 2021        Respectfully submitted,

15        FRY LAW CORPORATION

16

17    By:

18        Christopher J. Fry, Esq.
         *Attorney for Plaintiff*

19

20

21

22

23

24

25

26

27

28

*Fry Law Corporation
Trial Attorneys*

RECEIVED
IN DROP BOX

2021 DEC 15  PM 3: 21

DOWNTOWN COURTHOUSE
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

1

**PROOF OF SERVICE**
**CALIFORNIA SUPERIOR COURT**

2

3    I am employed in the County of Sacramento, State of California. I am over the age
of 18 and not a party to the within action; my business address is: 980 9th Street, 16th

4    Floor, Sacramento, California 95814. On December 29, 2021, I served the foregoing
document(s) described as:

5

6    **DECLARATION OF CHRISTOPHER J. FRY IN SUPPORT OF EX PARTE**
**APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO**

7    **SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

8    On all interested parties in this action by placing [   ] the original [ x ] a true copy
thereof enclosed in sealed envelopes addressed as follows:

9

10    Western Progressive, LLC
Northpark Town Center
1000 Abernathy Road NE, Building 400, Suite 200

11    Atlanta, GA 30328
Email: Trustee.Services@Altisource.com

12

PHH Mortgage Services

13    P.O. Box 5452
Mt. Laurel, NJ 08054

14    CustomerCare@mortgagefamily.com

15    Deutsche Bank Trust Company Americas
c/o CT Corporation

16    330 N Brand Blvd Suite 700
Glendale, CA 91203

17

[X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at

18    Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I
am "readily familiar" with this firm's practice of collection and processing correspondence

19    for mailing. It is deposited with U.S. postal service on that same day in the ordinary course

20    of business. I further caused electronic copies of the foregoing document(s) to be
delivered to the e-mail addresses as appearing above.

21

22    I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made. I declare under penalty of perjury under the laws

23    of California that the above is true and correct. Executed on December 29, 2021, at
Sacramento, California.

24

25

26    Christopher J. Fry

27

28

**DECLARATION OF CHRISTOPHER J. FRY**

3

Fry Law Corporation
Trial Attorneys

RECEIVED
LAW AND MOTION DROP BOX

2021 DEC 29  PM 3: 39

GDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

FILED/ENDORSED

DEC 29 2021

By: _____E. Medina_____
Deputy Clerk

1  Christopher J. Fry, Esq. (SBN: 298874)
       Email: cfry@frylawcorp.com
2  **FRY LAW CORPORATION**
   980 9th Street, 16th Floor
3  Sacramento, California 95814
   Telephone: (916) 291-0700
4  Facsimile: (916) 848-0256

5  Attorneys for Plaintiff,
   **JULIE C. GALLAGHER**

6

7

8           **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9              **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12  JULIE C. GALLAGHER,                    | **CASE NO.: 34-2021-00312847**

13              Plaintiff,                 | **DECLARATION OF JULIE C.
                                            GALLAGHER IN SUPPORT OF EX
14      vs.                                 PARTE APPLICATION FOR A
                                            TEMPORARY RESTRAINING ORDER
15  PHH MORTGAGE CORPORATION;               AND AN ORDER TO SHOW CAUSE
    WESTERN PROGRESSIVE, LLC;               WHY A PRELIMINARY INJUNCTION
16  DEUTSCHE BANK TRUST COMPANY             SHOULD NOT BE ISSUED**
    AMERICAS; and DOES 1-100, inclusive
17                                         | *[Filed Concurrently With Plaintiff's
                Defendants.                 Notice of Ex Parte Application;
18                                          Declaration of Christopher J. Fry; Point
                                            and Authorities; [Proposed] Order.]*
19
                                           | **DATE:** December 30, 2021
20                                         | **TIME:** 9:45 a.m.
                                           | **DEPT.:** 53
21
                                           | **COMPLAINT FILED DECEMBER 15,
22                                           2021**

23                                         | **Trial:** None Set.

24

25

26

27

28

_____

                    **DECLARATION OF JULIE C. GALLAGHER**

*(left margin)* Fry Law Corporation
Trial Attorneys

1      **DECLARATION OF JULIE C. GALLAGHER IN SUPPORT OF EX PARTE**

2      **APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

3      I, JULIE C. GALLAGHER, hereby declare as follows:

4      I am a Plaintiff in this action. I have personal knowledge of the information stated

5      herein, unless it is stated upon information and belief. If required to testify about the

6      information stated herein, I could and would competently testify thereto.

7      I am filing this Declaration in support of my Ex Parte Application for a Temporary

8      Restraining Order against Defendants PHH MORTGAGE CORPORATION; WESTERN

9      PROGRESSIVE, LLC; DEUTSCHE BANK TRUST COMPANY AMERICAS (collectively

10     referred to herein as "Defendants") to enjoin foreclosure of my real property located at

11     1304 Freswick Drive, Folsom, CA 95630 (the "Subject Property"), which is an owner-

12     occupied residential real property containing no more than four dwelling units with the

13     Deed of Trust securing a first lien for personal, family, or household purposes.

14     There is a sale date scheduled for December 30, 2021 despite the trustee

15     displaying "hold" until the date of this filing and despite the fact that I have been approved

16     for and paid a loan modification trial period plan.

17     On or around June of 2004, Ms. Gallagher and her husband (divorce pending)

18     purchased the home. In 2007, they refinanced the property and took out a mortgage with

19     Indymac Bank, FSB.

20     I entered into the Loan to include a Deed of Trust securing such note covering the

21     Property, then and now the principal dwelling and home of Mine. A different company

22     was named as the trustee under the Deed of Trust. Deutsche Bank is allegedly the

23     assignee of the Deed of Trust on the Property. PHH is the mortgage servicer on the

24     account.

25     As set forth in more detail in the Complaint, I allege that I was approved and paid

26     as requested under the agreement, yet, the home is still set to be sold tomorrow.

27     I additionally allege that the foreclosing parties are barred under California and

28     Federal laws as they lack a beneficial interest in the property.

**DECLARATION OF JULIE C. GALLAGHER**

1

1  As a result of a downturn in the economy, I began experiencing a financial
2 hardship. Ultimately, I began to fall behind the mortgage payments. I contacted PHH for
3 help and was instructed to submit a loan modification package to the lender.

4  I worked with PHH for months. Finally, in 2021, I was invited and submitted a loan
5 modification packet to PHH. Over the course of the next few months, I would continuously
6 provide updated financial information to PHH and would timely comply with all its
7 document requests. At various points, I was required to submit updated financial
8 documents, pay stubs, and bank statements. I timely complied with all PHH's requests.

9  On August 1, 2021, I was delighted to receive a "Trial Period Plan" modification
10 plan. It was simple, I was required to submit three (3) monthly payments of $3,745.51 and
11 in exchange for those payments, the loan would be permanently modified and brought
12 current.

13  I made all three (3) payments as requested, with the last one in October of 2021.

14  With complete disregard for the modification that was approved and pending, on
15 or around November 10, 2021, Western, as the purported trustee for PHH, recorded a
16 Notice of Trustee's Sale ("NTS") on my Property.

17  I have now been forced to retain counsel to stop the foreclosure. I have had my
18 credit ruined and has fallen further behind in her monthly payments due to Defendants'
19 refusal to accept payment or to settle for a fair resolution.

20  Defendants are foreclosing in direct violation of California law. I have incurred
21 thousands in late fees, delinquency charges and foreclosure fees charged by Defendants.
22 Further, Defendant PHH failed to provide a fair loan modification review and is attempting
23 to foreclose on the home, capitalizing on the equity I worked so hard to achieve.

24  I was fully capable of paying the mortgage if the payment was modified and the
25 arrearages worked out. Since I was not given a fair opportunity to be reviewed for a
26 modification, I will ultimately become homeless, a fact the Defendants were fully aware
27 of.

28  The Defendants' conduct deprived me of the possibility of reaching a resolution to

Fry Law Corporation
Trial Attorneys

1   the default prior to sustaining damages. Had PHH fairly and carefully reviewed me for the

2   modification, I would have been approved and would not have suffered the damages

3   alleged herein.

4        For the foregoing reasons, I respectfully request that this Court grants our Ex Parte

5   Application for a Temporary Restraining Order.

6        I declare under penalty of perjury and under the laws of the State of California that

7   the foregoing is true and correct to the best of my personal knowledge.

8

9   DATED:  December 29, 2021        Respectfully submitted,

10

11

12   By: _____

      Julie C. Gallagher

13      *Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

### DECLARATION OF JULIE C. GALLAGHER

3

Scanned with CamScanner

1

**PROOF OF SERVICE**
**CALIFORNIA SUPERIOR COURT**

2

3      I am employed in the County of Sacramento, State of California. I am over the age
of 18 and not a party to the within action; my business address is: 980 9th Street, 16th

4      Floor, Sacramento, California 95814. On December 29, 2021, I served the foregoing
document(s) described as:

5

6      **DECLARATION OF JULIE C. GALLAGHER IN SUPPORT OF EX PARTE**
**APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO**

7      **SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

8      On all interested parties in this action by placing [   ] the original [ x ] a true copy
thereof enclosed in sealed envelopes addressed as follows:

9

10     Western Progressive, LLC
Northpark Town Center

11     1000 Abernathy Road NE, Building 400, Suite 200
Atlanta, GA 30328

12     Email: Trustee.Services@Altisource.com

13     PHH Mortgage Services
P.O. Box 5452

14     Mt. Laurel, NJ 08054
CustomerCare@mortgagefamily.com

15     Deutsche Bank Trust Company Americas
c/o CT Corporation

16     330 N Brand Blvd Suite 700
Glendale, CA 91203

17

18     [X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at
Sacramento, California. The envelope was mailed with postage thereon fully prepaid.  I

19     am "readily familiar" with this firm's practice of collection and processing correspondence
for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course

20     of business.  I further caused electronic copies of the foregoing document(s) to be
delivered to the e-mail addresses as appearing above.

21

22     I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made. I declare under penalty of perjury under the laws

23     of California that the above is true and correct. Executed on December 29, 2021, at
Sacramento, California.

24

25

26     Christopher J. Fry

27

28

_____

**DECLARATION OF JULIE C. GALLAGHER**

**4**

Fry Law Corporation
Trial Attorneys

RECEIVED
LAW AND MOTION DROP BOX

2021 DEC 29  PM 3: 38

CDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

1  Christopher J. Fry, Esq. (SBN: 298874)
    *Email: cfry@frylawcorp.com*
2  **FRY LAW CORPORATION**
    980 9th Street, 16th Floor
3  Sacramento, California 95814
    Telephone: (916) 291-0700
4  Facsimile: (916) 848-0256

5  Attorneys for Plaintiff,
    **JULIE C. GALLAGHER**

6

7

8  **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9  **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12  JULIE C. GALLAGHER,

13          Plaintiff,

14    vs.

15  PHH MORTGAGE CORPORATION;
    WESTERN PROGRESSIVE, LLC;
16  DEUTSCHE BANK TRUST COMPANY
    AMERICAS; and DOES 1-100, inclusive

17

        Defendants.

18

19

20

21

22

23

24

25

26

27

28

---

**CASE NO.: 34-2021-00312847**

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

[*Filed Concurrently With Plaintiff's Notice of Ex Parte Application; Declaration of Christopher J. Fry; Declaration of Julie C. Gallagher; [Proposed] Order.*]

**DATE:** December 30, 2021
**TIME:** 9:45 a.m.
**DEPT.:** 53

**COMPLAINT FILED DECEMBER 15, 2021**

**Trial:** None Set.

---

*FILED/ENDORSED*

*DEC 29 2021*

By: _E. Medina_
    Deputy Clerk

---

Fry Law Corporation
Trial Attorneys

---

**MEMORANDUM OF POINTS AND AUTHORITIES**

1    Plaintiff JULIE C. GALLAGHER ("Plaintiff" or "Ms. Gallagher"), by and through

2    counsel, submit this Memorandum of Points and Authorities in Support of the Ex Parte

3    Application for a Temporary Restraining Order and an Order to Show Cause Why a

4    Preliminary Injunction Should Not Be Issued as follows:

5                            **FACTUAL BACKGROUND**

6    Plaintiff brings this action against the defendants for damages and harm resulting

7    from the defendants' willful and reckless violation of California law relating to the servicing

8    and wrongful foreclosure of a residential mortgage. The residential mortgage concerns

9    the property located at 1304 Freswick Drive, Folsom, CA 95630. The Property has been

10   Ms. Gallagher's primary residence for roughly 20 years.

11   There is a sale date scheduled for December 30, 2021 despite the trustee

12   displaying "hold" until the date of this filing and despite the fact that Plaintiff has been

13   approved for and paid a loan modification trial period plan.

14   On or around June of 2004, Ms. Gallagher and her husband (divorce pending)

15   purchased the home. In 2007, they refinanced the property and took out a mortgage with

16   Indymac Bank, FSB.

17   Plaintiff entered into the Loan to include a Deed of Trust securing such note

18   covering the Property, then and now the principal dwelling and home of Plaintiff. A

19   different company was named as the trustee under the Deed of Trust. Deutsche Bank is

20   allegedly the assignee of the Deed of Trust on the Property. PHH is the mortgage servicer

21   on the account.

22   As set forth in more detail in the Complaint, Plaintiff alleges that she was approved

23   and paid as requested under the agreement, yet, the home is still set to be sold tomorrow.

24   Plaintiff additionally alleges that the foreclosing parties are barred under California

25   and Federal laws as they lack a beneficial interest in the property.

26   As a result of a downturn in the economy, Plaintiff began experiencing a financial

27   hardship. Ultimately, Plaintiff began to fall behind the mortgage payments. Plaintiff

28   contacted PHH for help and was instructed to submit a loan modification package to the

**MEMORANDUM OF POINTS AND AUTHORITIES**

1

Fry Law Corporation
Trial Attorneys

1   lender.

2         Plaintiff worked with PHH for months. Finally, in 2021, Plaintiff was invited and

3   submitted a loan modification packet to PHH. Over the course of the next few months,

4   Plaintiff would continuously provide updated financial information to PHH and would

5   timely comply with all its document requests. At various points, Plaintiff was required to

6   submit updated financial documents, pay stubs, and bank statements. Plaintiff timely

7   complied with all PHH's requests.

8         On August 1, 2021, Plaintiff was delighted to receive a "Trial Period Plan"

9   modification plan. It was simple, she was required to submit three (3) monthly payments

10   of $3,745.51 and in exchange for those payments, the loan would be permanently

11   modified and brought current.

12         Plaintiff made all three (3) payments as requested, with the last one in October of

13   2021.

14         With complete disregard for the modification that was approved and pending, on

15   or around November 10, 2021, Western, as the purported trustee for PHH, recorded a

16   Notice of Trustee's Sale ("NTS") on Plaintiff's Property.

17         Plaintiff has now been forced to retain counsel to stop the foreclosure. Ms.

18   Gallagher has had her credit ruined and has fallen further behind in her monthly payments

19   due to Respondents' refusal to accept payment or to settle for a fair resolution.

20         Defendants are foreclosing in direct violation of California law. Plaintiff has incurred

21   thousands in late fees, delinquency charges and foreclosure fees charged by Defendants.

22   Further, Defendant PHH failed to provide a fair loan modification review and is attempting

23   to foreclose on the home, capitalizing on the equity Plaintiff worked so hard to achieve.

24         Plaintiff was fully capable of paying the mortgage if the payment was modified and

25   the arrearages worked out. Since she was not given a fair opportunity to be reviewed for

26   a modification, she will ultimately become homeless, a fact the Defendants were fully

27   aware of.

28         The Defendants' conduct deprived Plaintiff of the possibility of reaching a

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

Fry Law Corporation
Trial Attorneys

1   resolution to the default prior to sustaining damages. Had PHH fairly and carefully
2   reviewed Plaintiff for the modification, she would have been approved and would not have
3   suffered the damages alleged herein.

4                                   **ARGUMENT**

5   **A.    Good Cause Exists For Granting This Application On An *Ex Parte* Basis.**

6          Good cause exists for granting this Application on an ex parte basis because the
7   Defendants are clearly in violation of California law and common law including provisions
8   set forth in the Unfair Competition Law ("UCL") as Codified in Business and Professions
9   Code §§ 17200 *et seq.* and as set forth in Plaintiff's operative Complaint on file herein.

10         The UCL protects consumers by prohibiting unfair, unlawful and fraudulent
11  business practices. It is only necessary for Plaintiff to plead that DEFENDANT engaged
12  in either unfair, unlawful, or fraudulent business practices. Emphasis added. See Cal.
13  Bus. & Prof. Code §§ 17200 et seq.; *West v. JP Morgan Chase Bank*, 214 Cal. App. 4th
14  780, 805 (2013) (The statute was written "in the disjunctive . . .establish[ing] three
15  varieties of unfair competition . . .").

16         A "fraudulent" activity includes any act or practice likely to deceive the public, even
17  if no one is actually deceived. *Committee on Children's Television, Inc. v. General Foods
18  Corp.* (1983) 35 Cal.3d 197, 209. DEFENDANT's conduct of misleading Plaintiff in
19  connection with the modification review is substantially likely to deceive the public, similar
20  to how it actually deceived Plaintiff.   In general, homeowners facing foreclosure
21  reasonably rely upon representations made by their lender or servicer, including in
22  relation to such representations as are present here that a reasonably fair review for a
23  loss mitigation option would be conducted. When such representations are false, they
24  are therefore likely to deceive the public and cause substantial injury including but not
25  limited to drastic damages to credit and loss of unique real property.

26         Courts have held that an "unfair" practice is one that offends established public
27  policy, that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to
28  consumers, or that has an impact on the victim that outweighs the defendant's reasons,

                        **MEMORANDUM OF POINTS AND AUTHORITIES**
                                            3

Fry Law Corporation
Trial Attorneys

1    justifications, and motives for the practice. *Jolley v. Chase Home Finance, LLC*, (2013)

2    213 Cal. App. 4th 872.  Under that analysis, DEFENDANT's conduct as alleged herein

3    and in the operative Complaint satisfies each of those factors and is therefore clearly

4    unfair in violation of the UCL.

5        One such established public policy being offended is arising out of the

6    Homeowner's Bill of Rights ("HOBR") which was enacted in 2013 and modified as to

7    certain aspects in 2018.  The HOBR's essential purpose and effect is to afford

8    homeowners greater protection during the foreclosure process and to ensure that

9    homeowners are availed with reasonable opportunities to remedy their prior defaults and

10   avoid foreclosure. (*See generally* Cal. Civ. Code §§ 2920, *et seq.*)

11       For example, Civil Code § 2923.4 succinctly states:

12       The purpose of the act that added this section is to ensure that, as part
         of the nonjudicial foreclosure process, borrowers are considered for, and
13       have a meaningful opportunity to obtain, available loss mitigation
         options, if any, offered by or through the borrower's mortgage servicer,
14       such as loan modifications or other alternatives to foreclosure. Nothing
         in the act that added this section, however, shall be interpreted to require
15       a particular result of that process. (Ibid.)

16       Plaintiff understands that a loan modification offer was not a guaranteed result, but

17   DEFENDANT's acts and omissions alleged herein directly precluded them from having

18   any meaningful opportunity to obtain the modification as a loss mitigation option.  As such,

19   that conduct materially violates established public policy and is substantially injurious to

20   consumers because it misleads them to their detriment, causing significant delays during

21   a crucial period of time as it precludes them from pursuing other reasonably available loss

22   mitigation options before a foreclosure sale is conducted.  DEFENDANT misled Plaintiff

23   to believe they would obtain a fair shot at the loss mitigation option and simply ran them

24   through the ringer by repeatedly requesting that Plaintiff resubmit the same documents

25   over and over, shuffling them between SPOCs to restrain their diligent efforts at obtaining

26   the modification review, all without making any determination on the review.

27       Courts have found the initiation of foreclosure proceedings or even the threat of

28   foreclosure is sufficient to constitute a lost property interest sufficient to support standing

Fry Law Corporation
Trial Attorneys

1    for a UCL claim. *See, e.g., Monet v. JPMorgan Chase Bank, N.A.*, 2017 WL 3895790, at
2    *6 (N.D. Cal. Sept. 5, 2017) (threat of foreclosure is sufficient to establish standing under
3    the UCL).

4           Additionally, the breach of contract cause of action is well-settled California law.
5    The allegations in the Complaint for breach of contract stem from the principles set forth
6    in *West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780. In *West*, the Court
7    found that a "trial period plan" is a promise to review the borrowers and approve them for
8    a HAMP sponsored loan modification if they made no misrepresentations about their
9    financial position. (*Ibid.* at 798)

10          Plaintiff have formed the basis of adequate UCL standing and causation because
11   DEFENDANT's conduct of directly precluding them from being reasonably reviewed for
12   the modification has negatively affected and diminished their property interest and ability
13   to lower their mortgage payments, which went well above and beyond the scope of harm
14   caused by Plaintiff's original default on the subject mortgage loan. *See Segura v. Wells
15   Fargo Bank, N.A.*, 2014 WL 4798890, at *8-9 (C.D. Cal. Sept. 26, 2014) (distinguishing
16   between damage caused by borrowers' default and damage caused by servicer's
17   mishandling of borrowers' modification application, the latter of which formed the basis
18   for UCL standing because it affected borrowers' property interest and/or their ability to
19   lower their mortgage payments).

20          As set forth in the operative Complaint herein, Plaintiff can, and have, adequately
21   shown a substantial likelihood of success on the merits in light of the foregoing laws and
22   public policies which support adequate protections for homeowners facing foreclosure.

23          DEFENDANT's material UCL violations have proximately caused the damages
24   alleged in the operative Complaint to be sustained by Plaintiff, and if the Subject Property
25   is sold through foreclosure, these damages will increase dramatically. Injunctive relief is
26   required to preserve the status quo during this pending litigation.    Moreover, the
27   Defendants will not be unduly prejudiced or harmed by reason of granting the requested
28   injunctive relief because the Subject Property is significantly underwater.

**MEMORANDUM OF POINTS AND AUTHORITIES**
5

1    Conversely, Plaintiff will suffer irreparable harm if the home is lost to foreclosure

2    as they will be homeless.  Injury to real property is irreparable as every piece of real

3    property is unique in nature and no amount of monetary damage will remedy Plaintiff's

4    loss if the sale is conducted.

5        A restraining order granted by this Court will preserve the status quo during the

6    pendency of the instant litigation.  Further, the balance of equities is in Plaintiff's favor as

7    a temporary restraining order merely delays the Defendants' right to foreclose and is not

8    dispositive of it.  Moreover, there is substantial negative equity in the Subject Property

9    and Defendants will not be harmed through the grant of the requested injunctive relief.

10       Finally, an injunction is in the public's interest as it enforces laws designed

11   specifically to protect consumers and the public at large from this type of unfair and

12   fraudulent conduct.  Such conduct is further in violation of the public policies giving rise

13   to the HBOR.

14   **B.**    **This Court Has The Authority To Issue This Temporary Restraining Order.**

15   Business and Professions Code § 17203 states the following:

16   Injunctive Relief—Court Orders

17   Any person who engages, has engaged, or proposes to engage in unfair
     competition may be enjoined in any court of competent jurisdiction. The
18   court may make such orders or judgments, including the appointment of
     a receiver, as may be necessary to prevent the use or employment by
19   any person of any practice which constitutes unfair competition, as
     defined in this chapter, or as may be necessary to restore to any person
20   in interest any money or property, real or personal, which may have
     been acquired by means of such unfair competition. Any person may
21   pursue representative claims or relief on behalf of others only if the
     claimant meets the standing requirements of Section 17204 and
22   complies with Section 382 of the Code of Civil Procedure, but these
     limitations do not apply to claims brought under this chapter by the
23   Attorney General, or any district attorney, county counsel, city attorney,
     or city prosecutor in this state.  (*Ibid.*)

24

25   California Code of Civil Procedure § 527 states, in pertinent part:

26   "(a) An injunction may be granted at any time before judgment upon
     verified complaint, or upon affidavits if the complaint in the one case, or
27   the affidavits in the other, show satisfactorily that sufficient grounds exist
     therefor."

28

---

**MEMORANDUM OF POINTS AND AUTHORITIES**

6

*Fry Law Corporation*
*Trial Attorneys*

1

California Code of Civil Procedure § 745 states in pertinent part that:

2

"The court may, by injunction, on good cause shown, restrain the party
3      in possession from doing any act to the injury of real property:

4          (a) During the foreclosure of a mortgage on the property.

5   (Ibid.)

6       California Code of Civil Procedure § 526 states in pertinent part that:

7          (a) An injunction may be granted in the following cases:

8          (1) When it appears by the complaint that the plaintiff is entitled to
           the relief demanded, and the relief, or any part thereof, consists in
9          restraining the commission or continuance of the act complained of,
           either for a limited period or perpetually.

10
           (2) When it appears by the complaint or affidavits that the
11         commission or continuance of some act during the litigation would
           produce waste, or great or irreparable injury, to a party to the action.

12
           (3) When it appears, during the litigation, that a party to the action is
13         doing, or threatens, or is about to do, or is procuring or suffering to
           be done, some act in violation of the rights of another party to the
14         action respecting the subject of the action, and tending to render the
           judgment ineffectual.

15
           (4) When pecuniary compensation would not afford adequate relief.
16

17   (See also Dingley v. Buckner (1909) 11 Cal. App. 181, 183-84)

18   **C.    Plaintiff Will Suffer Irreparable Harm If A Restraining Order Is Not Issued.**

19       In Jessen v. Keystone (1983) 142 Cal.App.3d 454, 457, the Court stated that

20   "irreparable injury is one for which ... the item is so unique its loss deprives the possessor

21   of intrinsic values not replaceable by money or in kind ... " It is well settled California law

22   that real property is unique and not replaceable by money or other real property. (See C.

23   Robert Nattress & Associates v. CIDCO (1986) 184 Cal.App.3d 55, 63.)

24       In this instance, the Defendants are scheduled to conduct a Trustee's Sale of

25   Plaintiff's home on December 30, 2021. If the Court does not intervene and issue a

26   temporary restraining order, Plaintiff's property will be auctioned off and sold prior to

27   resolution of this lawsuit, leaving Plaintiff homeless and at a complete loss of their unique

28   real property.

Fry Law Corporation
Trial Attorneys

MEMORANDUM OF POINTS AND AUTHORITIES

1    Plaintiff would not be afforded any meaningful opportunity to examine the accuracy

2    of the foreclosure, address the UCL and negligence claims at issue in this case and

3    protect their interests in the subject property if the requested injunctive relief is denied.

4    (See Wind v. Herbert (1960) 186 Cal.App.2d 276, 285.)

5    As set forth above, each piece of real property is unique in nature and not

6    replaceable by money or other real property. As such, Plaintiff will be irreparably harmed

7    if the scheduled sale is conducted, and any monetary damages would be insufficient to

8    compensate them for the losses.

9    Therefore, Plaintiff are respectfully requesting that this Court issues an order

10   enjoining Defendants and their agents from advertising, holding, conducting or

11   participating in any foreclosure sale or Trustee's Sale of Plaintiff's property pending the

12   resolution of this litigation.

13   **D.    Status Quo Must Be Preserved.**

14   A temporary restraining order may be granted to preserve the status quo until a

15   final determination on the merits of the action can be had by the parties. (See Butt v. Stat

16   (1992) 4 Cal.4th 668; Continental Baking Co. v. Katz (1968) 68 Cal.2d.512, 528; Cohen

17   v. Board of Supervisors (1985) 40 Cal.3d 277.)

18   The public policy to preserve the status quo holds especially strong until such time

19   as the court can determine ownership or right to possession of real property. (See

20   Robbins v. Sup. Ct. (Co. of Sacramento) (1985) 38 Cal.3d 199,205.)

21   This public policy set forth in Robbins applies to Plaintiff's case. Plaintiff have filed

22   a Complaint underlying this Application seeking damages and injunctive relief based on

23   various causes of action against the Defendants arising out of their ongoing pattern of

24   unfair business practices and negligence in connection with Plaintiff's efforts to modify

25   the subject mortgage loan.

26   Without the Court's issuance of a restraining order to halt the imminent foreclosure

27   sale and to maintain the status quo pending the outcome of litigation of the Plaintiff's

28   operative Complaint, substantial harm and irreparable injury to Plaintiff is inevitable.

Fry Law Corporation
Trial Attorneys

**MEMORANDUM OF POINTS AND AUTHORITIES**

1    Plaintiff's Application is justified and supported by the facts and authorities set forth

2    herein.

3        If the December 30, 2021 sale is not enjoined, any future monetary judgment or

4    damage award would not adequately remedy Plaintiff's loss as set forth above.

5        Plaintiff request this Court issue the requested restraining order to maintain the

6    status quo and enjoin the Defendants from carrying out the sale of the Subject Property.

7    **E.    Ex Parte Notice Requirements Were Satisfied And Required Showings Are**

8    **Met.**

9        California Rules of Court, Rules 3.1200 – 3.1207 state, in pertinent part:

10       (a) Time of notice: A party seeking an ex parte order must notify all parties no later
         than 10:00 a.m. the court day before the ex parte appearance, absent a
11       showing of exceptional circumstances that justify a shorter time for notice.

12

13       Section 3.1204 allows for a moving party to provide tardy notice in exceptional

14   circumstances. A separate declaration of counsel is submitted herewith.

15       Counsel for Plaintiff have submitted a declaration filed concurrently herewith,

16   demonstrating compliance with this rule set governing applications for *ex parte* relief.  The

17   supporting Declaration of Plaintiff's counsel Christopher J. Fry, Esq. states that the

18   Defendants, or their agents or employees, were properly informed on December 29,

19   2021, of the time, date and location of the *ex parte* hearing to be held on December 30,

20   2021.

21                                **CONCLUSION**

22       Based on the foregoing arguments, the operative Complaint on file herein, and the

23   supporting declarations filed concurrently herewith, Plaintiff respectfully request this Court

24   to issue a temporary restraining order enjoining Defendants, and any and all of their

25   officers, agents, servants, employees, trustees, and attorneys, and those persons in

26   active concert or participation or privity with any or each of them or acting on their behalf,

27   from advertising, holding, conducting or participating in any foreclosure sale or Trustee's

28   Sale of Plaintiff's real property commonly known as 1304 Freswick Drive, Folsom, CA

**MEMORANDUM OF POINTS AND AUTHORITIES**

9

1    95630, pending the resolution of this litigation or until further Order of this Court.

2

3    DATED:  December 29, 2021          Respectfully submitted,

4                                                       **FRY LAW CORPORATION**

5

6                                                       By: _____
                                                            Christopher J. Fry, Esq.
7                                                            *Attorney for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**MEMORANDUM OF POINTS AND AUTHORITIES**

10

1

**PROOF OF SERVICE**
**CALIFORNIA SUPERIOR COURT**

2

3    I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: 980 9th Street, 16th

4    Floor, Sacramento, California 95814. On December 29, 2021, I served the foregoing document(s) described as:

5

6    **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN**

7    **ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

8

9    On all interested parties in this action by placing [   ] the original [ x ] a true copy thereof enclosed in sealed envelopes addressed as follows:

10

11    Western Progressive, LLC
Northpark Town Center

12    1000 Abernathy Road NE, Building 400, Suite 200
Atlanta, GA 30328
Email: Trustee.Services@Altisource.com

13    PHH Mortgage Services

14    P.O. Box 5452
Mt. Laurel, NJ 08054

15    CustomerCare@mortgagefamily.com

16    Deutsche Bank Trust Company Americas
c/o CT Corporation

17    330 N Brand Blvd Suite 700
Glendale, CA 91203

18    [X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at

19    Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence

20    for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I further caused electronic copies of the foregoing document(s) to be

21    delivered to the e-mail addresses as appearing above.

22    I declare that I am employed in the office of a member of the bar of this court at

23    whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct. Executed on December 29, 2021, at

24    Sacramento, California.

25

26

Christopher J. Fry

27

28

_(sidebar)_ Fry Law Corporation
Trial Attorneys

RECEIVED
LAW AND MOTION DROP BOX

2021 DEC 29  PM 3: 38

GOSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY



1    Christopher J. Fry, Esq. (SBN: 298874)
        Email: cfry@frylawcorp.com
2    **FRY LAW CORPORATION**
      980 9th Street, 16th Floor
3    Sacramento, California 95814
      Telephone: (916) 291-0700
4    Facsimile: (916) 848-0256

5    Attorneys for Plaintiff,
      **JULIE C. GALLAGHER**

6

7

8              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                 **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12   JULIE C. GALLAGHER,                    **CASE NO.: 34-2021-00312847**

13              Plaintiff,                   **PLAINTIFF'S NOTICE OF EX PARTE
                                            APPLICATION AND EX PARTE**
14        vs.                               **APPLICATION FOR A TEMPORARY
                                            RESTRAINING ORDER AND AN**
15   PHH MORTGAGE CORPORATION;              **ORDER TO SHOW CAUSE WHY A**
      WESTERN PROGRESSIVE, LLC;              **PRELIMINARY INJUNCTION SHOULD**
16   DEUTSCHE BANK TRUST COMPANY            **NOT BE ISSUED**
      AMERICAS; and DOES 1-100, inclusive
17                                          [*Filed Concurrently With Plaintiff's
              Defendants.                   Points and Authorities; Declaration of*
18                                          *Christopher J. Fry; Declaration of Julie
                                            C. Gallagher; [Proposed] Order.*]
19
                                            **DATE:** December 30, 2021
20                                          **TIME:** 9:45 a.m.
                                            **DEPT.:** 53
21
                                            **COMPLAINT FILED DECEMBER 15,**
22                                          **2021**

23                                          **Trial:** None Set.

24

25

26

27

28

Fry Law Corporation
Trial Attorneys

FILED/ENDORSED

DEC 2 9 2021

By: _____E. Medina_____
        Deputy Clerk

---

**NOTICE**

1    **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEY(S) OF RECORD:**

2        PLEASE TAKE NOTICE that on December 30, 2021, at 9:45 a.m., in Department

3    53 of the Superior Court of California for the County of Sacramento, located at 813 6th

4    Street, Sacramento, California 95814, Plaintiff hereby moves the above-entitled court

5    pursuant to Code of Civil Procedure § 527 and Business and Professions Code §§ 17200,

6    *et seq.* for a Temporary Restraining Order and for an Order to Show Cause why the Court

7    should not issue a Preliminary Injunction.

8        Ex parte relief is appropriate and necessary as there is a Trustee's Sale scheduled

9    for December 30, 2021, to sell Plaintiff's home located at 1304 Freswick Drive, Folsom,

10   CA 95630, and that Plaintiff is the victim of the foreclosure in violation of the Unfair

11   Competition Law ("UCL") for which a Complaint has been initially filed with the above-

12   entitled Court on December 15, 2021, upon which Plaintiff has a high likelihood of success

13   on the merits and moreover upon which the balance of equities tips strongly in favor of

14   Plaintiff.

15       Plaintiff will suffer irreparable harm if the status quo is not preserved by the power

16   of this Court to enjoin Defendants and any and all of their officers, agents, servants,

17   employees, trustees, and attorneys, and those persons in active concert or participation

18   or privity with any or each of them, from advertising, holding, conducting or participating

19   in any foreclosure sale or Trustee's Sale of Plaintiffs' real property located at 1304

20   Freswick Drive, Folsom, CA 95630, in violation of the UCL as codified in Business and

21   Professions Code §§ 17200 *et seq.*, and as set forth in the operative Complaint on file

22   herein, which expressly provides for the Plaintiff's requested injunctive relief herein.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Fry Law Corporation
Trial Attorneys

**NOTICE**

1

1

2  DATED:  December 29, 2021        Respectfully submitted,

3                                  FRY LAW CORPORATION

4

5                                  By:
                                       Christopher J. Fry, Esq.
6                                      *Attorney for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fry Law Corporation
Trial Attorneys

1

**PROOF OF SERVICE**
**CALIFORNIA SUPERIOR COURT**

2

3      I am employed in the County of Sacramento, State of California. I am over the age
of 18 and not a party to the within action; my business address is: 980 9th Street, 16th
4      Floor, Sacramento, California 95814. On December 29, 2021, I served the foregoing
document(s) described as:

5

6      **PLAINTIFF'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION**
**FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE**
7      **WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

8      On all interested parties in this action by placing [   ] the original [ x ] a true copy
thereof enclosed in sealed envelopes addressed as follows:
9

10     Western Progressive, LLC
Northpark Town Center
11     1000 Abernathy Road NE, Building 400, Suite 200
Atlanta, GA 30328
12     Email: Trustee.Services@Altisource.com

13     PHH Mortgage Services
P.O. Box 5452
14     Mt. Laurel, NJ 08054
CustomerCare@mortgagefamily.com

15     Deutsche Bank Trust Company Americas
c/o CT Corporation
16     330 N Brand Blvd Suite 700
Glendale, CA 91203

17

18     [X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at
Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I
19     am "readily familiar" with this firm's practice of collection and processing correspondence
for mailing. It is deposited with U.S. postal service on that same day in the ordinary course
20     of business.  I further caused electronic copies of the foregoing document(s) to be
delivered to the e-mail addresses as appearing above.
21

22     I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made. I declare under penalty of perjury under the laws
23     of California that the above is true and correct. Executed on December 29, 2021, at
Sacramento, California.

24

25

26     Christopher J. Fry

27

28

**NOTICE**
3

1   Christopher J. Fry, Esq. (SBN: 298874)
        Email: cfry@frylawcorp.com
2   **FRY LAW CORPORATION**
    980 9th Street, 16th Floor
3   Sacramento, California 95814
    Telephone: (916) 291-0700
4   Facsimile: (916) 848-0256

5   Attorneys for Plaintiff,
    **JULIE C. GALLAGHER**

6

7

8               **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                   **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12  JULIE C. GALLAGHER,                    | **CASE NO.: 34-2021-00312847**

13                  Plaintiff,             | **[PROPOSED] ORDER GRANTING
                                             PLAINTIFF'S EX PARTE**
14      vs.                                | **APPLICATION FOR A TEMPORARY
                                             RESTRAINING ORDER AND AN**
15  PHH MORTGAGE CORPORATION;              | **ORDER TO SHOW CAUSE WHY A
    WESTERN PROGRESSIVE, LLC;                PRELIMINARY INJUNCTION SHOULD**
16  DEUTSCHE BANK TRUST COMPANY            | **NOT BE ISSUED**
    AMERICAS; and DOES 1-100, inclusive
17                                         | [*Filed Concurrently With Plaintiff's
                  Defendants.                Points and Authorities; Declaration of*
18                                         | *Christopher J. Fry; Declaration of Julie
                                             C. Gallagher; Notice.*]
19
                                           | **DATE:** December 30, 2021
20                                         | **TIME:** 9:45 a.m.
                                           | **DEPT.:** 53
21
                                           | **COMPLAINT FILED DECEMBER 15,
22                                           2021**

23                                         | **Trial:** None Set.

24

25

26

27

28

                              **ORDER**

1      To Defendants PHH MORTGAGE CORPORATION; WESTERN PROGRESSIVE,

2   LLC; DEUTSCHE BANK TRUST COMPANY AMERICAS; and all of their officers, agents,

3   servants, employees, trustees, and attorneys, and those persons in active concert or

4   participation or privity with any of them:

5      YOU ARE ORDERED to appear in Department 53 of this Court, located at 813 6th

6   Street, Sacramento, California 95814, at _____ p.m./a.m. on _____ to give any legal

7   reason why a preliminary injunction prohibiting the Trustee's Sale of the real property

8   located at 1304 Freswick Drive, Folsom, CA 95630, should not be granted during the

9   pendency of this action.

10     Any moving papers to support the Order to Show Cause shall be filed with this

11   Court and served on Defendants according to code by _____.

12     Any opposition papers to the Order to Show Cause shall be filed with this Court

13   and served on Plaintiff's attorneys by mail and fax or email by _____.

14     Any reply brief shall be filed with this Court and served on Defendants' attorneys

15   according to code by mail and fax or email by _____.

16                **TEMPORARY RESTRAINING ORDER**

17     THIS COURT FINDS that Defendants were informed of the date, time, and place

18   of the Application for Temporary Restraining Order and for Issuance of the Order to Show

19   Cause Re: Preliminary Injunction to Restrain Foreclosure Trustee's Sale of the subject

20   property would be heard.

21     THE COURT ORDERS UNTIL THE HEARING ON THE ORDER TO SHOW

22   CAUSE as set forth above or as may be continued by order of this Court, Defendants,

23   and all of their officers, agents, servants, employees, trustees and attorneys, and those

24   persons in active concert or participation or privity with any of them are enjoined and

25   prohibited from conducting the Trustee's Sale of the real property located at 1304

26   Freswick Drive, Folsom, CA 95630.

27     By the close of business on the date of this order, a copy of this order shall be

28   served by facsimile and email (if available) on all Defendants.

*Fry Law Corporation*
*Trial Attorneys*

**ORDER**

1

1

2    IT IS SO ORDERED.

3

4

5    DATED: _____

6
                                            _____
7                                           Judge of the Superior Court of California
                                            County of Sacramento
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fry Law Corporation
Trial Attorneys

**ORDER**
2

**PROOF OF SERVICE**
**CALIFORNIA SUPERIOR COURT**

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: 980 9th Street, 16th Floor, Sacramento, California 95814. On December 29, 2021, I served the foregoing document(s) described as:

**[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

On all interested parties in this action by placing [   ] the original [ x ] a true copy thereof enclosed in sealed envelopes addressed as follows:

Western Progressive, LLC
Northpark Town Center
1000 Abernathy Road NE, Building 400, Suite 200
Atlanta, GA 30328
Email: Trustee.Services@Altisource.com

PHH Mortgage Services
P.O. Box 5452
Mt. Laurel, NJ 08054
CustomerCare@mortgagefamily.com

Deutsche Bank Trust Company Americas
c/o CT Corporation
330 N Brand Blvd Suite 700
Glendale, CA 91203

[X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I further caused electronic copies of the foregoing document(s) to be delivered to the e-mail addresses as appearing above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct. Executed on December 29, 2021, at Sacramento, California.

Christopher J. Fry

Fry Law Corporation
Trial Attorneys

RECEIVED
LAW AND MOTION DROP BOX

2021 DEC 29  PM 3: 39

GBSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

9:45 AM

# SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO
## ORDER DETERMINING DISPOSITION OF EX PARTE APPLICATION

| Case Name: Gallagher vs. PHH Mortgage Corp. | Case Number: 2021-00312847 |
|---|---|
| Type of Application: TRO on Sale | By: TT | Application Date: 12/30/21 |
| Names of Appearing Party: Chris Fry | Representing: TT Gallagher    916-804-6033 |
| | |

The Court, having considered the above entitled ex parte application ☐ without a hearing ☑ after hearing with appearance as noted above, rules as follows:

☑ The application is granted. *Per attached Order.*

_____

_____

☐ The application is denied on the merits of the papers presented to the Court.

_____

_____

☐ The application is denied without prejudice to its resubmission for the following reason(s):

_____

_____

☐ The moving party may not proceed except by noticed motion.

☐ Other

_____

_____

_____

☐ Counsel for the _____ is ordered to prepare formal order

12/30/21
**DATE**

_____
**JUDGE OF THE SUPERIOR COURT**

RAYMOND M. CADEI



FILED
ENDORSED

2021 DEC 30  PM 3: 45

SACRAMENTO COURTS
DEPT. #54

1  Christopher J. Fry, Esq. (SBN: 298874)
       Email: cfry@frylawcorp.com
2  FRY LAW CORPORATION
   980 9th Street, 16th Floor
3  Sacramento, California 95814
   Telephone: (916) 291-0700
4  Facsimile: (916) 848-0256

5  Attorneys for Plaintiff,
   JULIE C. GALLAGHER

6

7

8           SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SACRAMENTO

10

11

12  JULIE C. GALLAGHER,                    CASE NO.: 34-2021-00312847

13              Plaintiff,                 [PROPOSED] ORDER GRANTING
                                           PLAINTIFF'S EX PARTE
14       vs.                               APPLICATION FOR A TEMPORARY
                                           RESTRAINING ORDER AND AN
15  PHH MORTGAGE CORPORATION;              ORDER TO SHOW CAUSE WHY A
    WESTERN PROGRESSIVE, LLC;              PRELIMINARY INJUNCTION SHOULD
16  DEUTSCHE BANK TRUST COMPANY            NOT BE ISSUED
    AMERICAS; and DOES 1-100, inclusive
17                                         [Filed Concurrently With Plaintiff's
              Defendants.                  Points and Authorities; Declaration of
18                                         Christopher J. Fry; Declaration of Julie
                                           C. Gallagher; Notice.]
19
                                           DATE: December 30, 2021
20                                         TIME: 9:45 a.m.
                                           DEPT.: 53
21
                                           COMPLAINT FILED DECEMBER 15,
22                                         2021

23                                         Trial: None Set.

24

25

26     

27

28

───────────────────────────────────────────────
                        ORDER

Fry Law Corporation
Trial Attorneys

1    To Defendants PHH MORTGAGE CORPORATION; WESTERN PROGRESSIVE,

2    LLC; DEUTSCHE BANK TRUST COMPANY AMERICAS; and all of their officers, agents,

3    servants, employees, trustees, and attorneys, and those persons in active concert or

4    participation or privity with any of them:

5    ˙YOU ARE ORDERED to appear in Department 53 of this Court, located at 813 6th

6    Street, Sacramento, California 95814, at _13°_ p.m./a.m. on _1/20/22_ to give any legal
                                                                                    *(Reservation #2613952)*

7    reason why a preliminary injunction prohibiting the Trustee's Sale of the real property

8    located at 1304 Freswick Drive, Folsom, CA 95630, should not be granted during the

9    pendency of this action.

10    Any moving papers to support the Order to Show Cause shall be filed with this

11    Court and served on Defendants according to code by _1/3/22_.

12    Any opposition papers to the Order to Show Cause shall be filed with this Court

13    and served on Plaintiff's attorneys by mail and fax or email by _1/20/22_.

14    Any reply brief shall be filed with this Court and served on Defendants' attorneys

15    according to code by mail and fax or email by _1/14/22_.

16                          **TEMPORARY RESTRAINING ORDER**

17    THIS COURT FINDS that Defendants were informed of the date, time, and place

18    of the Application for Temporary Restraining Order and for Issuance of the Order to Show

19    Cause Re: Preliminary Injunction to Restrain Foreclosure Trustee's Sale of the subject

20    property would be heard.

21    THE COURT ORDERS UNTIL THE HEARING ON THE ORDER TO SHOW

22    CAUSE as set forth above or as may be continued by order of this Court, Defendants,

23    and all of their officers, agents, servants, employees, trustees and attorneys, and those

24    persons in active concert or participation or privity with any of them are enjoined and

25    prohibited from conducting the Trustee's Sale of the real property located at 1304

26    Freswick Drive, Folsom, CA 95630.

27    By the close of business on the date of this order, a copy of this order shall be

28    served by facsimile and email (if available) on all Defendants.

Fry Law Corporation
Trial Attorneys

1

2    IT IS SO ORDERED.

3

4

5    DATED: _12/30/21_

6

7    Judge of the Superior Court of California
     County of Sacramento
8    RAYMOND M. CADEI

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
2

**PROOF OF SERVICE**
**CALIFORNIA SUPERIOR COURT**

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: 980 9th Street, 16th Floor, Sacramento, California 95814. On December 29, 2021, I served the foregoing document(s) described as:

**[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

On all interested parties in this action by placing [   ] the original [ x ] a true copy thereof enclosed in sealed envelopes addressed as follows:

Western Progressive, LLC
Northpark Town Center
1000 Abernathy Road NE, Building 400, Suite 200
Atlanta, GA 30328
Email: Trustee.Services@Altisource.com

PHH Mortgage Services
P.O. Box 5452
Mt. Laurel, NJ 08054
CustomerCare@mortgagefamily.com

Deutsche Bank Trust Company Americas
c/o CT Corporation
330 N Brand Blvd Suite 700
Glendale, CA 91203

[X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I further caused electronic copies of the foregoing document(s) to be delivered to the e-mail addresses as appearing above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct. Executed on December 29, 2021, at Sacramento, California.

Christopher J. Fry

FILED/ENDORSED

JAN - 3 2022

By: _____ S. Khorn _____
Deputy Clerk

1   Christopher J. Fry, Esq. (SBN: 298874)
        Email: cfry@frylawcorp.com
2   **FRY LAW CORPORATION**
    980 9th Street, 16th Floor
3   Sacramento, California 95814
    Telephone: (916) 291-0700
4   Facsimile: (916) 848-0256

5   Attorneys for Plaintiff,
    **JULIE C. GALLAGHER**

6

7

8                   **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                       **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12   JULIE C. GALLAGHER,                    **CASE NO.: 34-2021-00312847**

13               Plaintiff,                  **PLAINTIFF'S NOTICE OF**
                                            **APPLICATION FOR A PRELIMINARY**
14       vs.                                **INJUNCTION**

15   PHH MORTGAGE CORPORATION;              **DATE:** January 20, 2022
     WESTERN PROGRESSIVE, LLC;              **TIME:** 1:30 p.m.
16   DEUTSCHE BANK TRUST COMPANY            **DEPT.:** 53
     AMERICAS; and DOES 1-100, inclusive
17                                          **Reservation:** 2613952
                 Defendants.
18                                          **COMPLAINT FILED DECEMBER 15,**
                                            **2021**
19
                                            **Trial:** None Set.
20

21

22

23

24

25

26

27

28

_____

                              **NOTICE**

1    **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEY(S) OF RECORD:**

2        PLEASE TAKE NOTICE that on January 20, 2022, at 1:30 p.m., in Department 53

3    of the Superior Court of California for the County of Sacramento, located at 813 6th Street,

4    Sacramento, California 95814, Plaintiff hereby moves the above-entitled court pursuant

5    to Code of Civil Procedure § 527 and Business and Professions Code §§ 17200, *et seq.*

6    for a Preliminary Injunction.

7        Relief is appropriate and necessary as there is a Trustee's Sale scheduled for

8    February 3, 2022, to sell Plaintiff's home located at 1304 Freswick Drive, Folsom, CA

9    95630, and that Plaintiff is the victim of the foreclosure in violation of the Unfair

10   Competition Law ("UCL") for which a Complaint has been initially filed with the above-

11   entitled Court on December 15, 2021, upon which Plaintiff has a high likelihood of success

12   on the merits and moreover upon which the balance of equities tips strongly in favor of

13   Plaintiff.

14       Plaintiff will suffer irreparable harm if the status quo is not preserved by the power

15   of this Court to enjoin Defendants and any and all of their officers, agents, servants,

16   employees, trustees, and attorneys, and those persons in active concert or participation

17   or privity with any or each of them, from advertising, holding, conducting or participating

18   in any foreclosure sale or Trustee's Sale of Plaintiffs' real property located at 1304

19   Freswick Drive, Folsom, CA 95630, in violation of the UCL as codified in Business and

20   Professions Code §§ 17200 *et seq.*, and as set forth in the operative Complaint on file

21   herein, which expressly provides for the Plaintiff's requested injunctive relief herein.

22       Pursuant to Local Rule 1.06 (A), the court will make a tentative ruling on the merits of

23   this matter by 2:00 p.m., the court day before the hearing. The complete text of the tentative

24   rulings for the department may be downloaded from the Court's public access site. If you do

25   not have online access, you may call the dedicated phone number for the department as

26   referenced in the local telephone directory, between the hours of 2:00 p.m. and 4:00 p.m. on

27   the court day before the hearing and listen to the tentative ruling. If you do not call the court

28   and the opposing party by 4:00 p.m. the court day before the hearing, no hearing will be held.

NOTICE

1

1

2

3    DATED:  January 3, 2022          Respectfully submitted,

4                                                **FRY LAW CORPORATION**

5

6                                                By:
                                                      Christopher J. Fry, Esq.
7                                                      *Attorney for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Fry Law Corporation**
Trial Attorneys

**NOTICE**
2

1

**PROOF OF SERVICE**
**CALIFORNIA SUPERIOR COURT**

2

3      I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: 980 9th Street, 16th Floor, Sacramento, California 95814. On January 3, 2022, I served the foregoing document(s) described as:

4

5

6      **PLAINTIFF'S NOTICE OF APPLICATION FOR A PRELIMINARY INJUNCTION**

7      On all interested parties in this action by placing [  ] the original [ x ] a true copy thereof enclosed in sealed envelopes addressed as follows:

8

9      Western Progressive, LLC
       Northpark Town Center
       1000 Abernathy Road NE, Building 400, Suite 200
10     Atlanta, GA 30328
       Email: Trustee.Services@Altisource.com

11

       PHH Mortgage Services
12     P.O. Box 5452
       Mt. Laurel, NJ 08054
13     CustomerCare@mortgagefamily.com

14     Deutsche Bank Trust Company Americas
       c/o CT Corporation
15     330 N Brand Blvd Suite 700
       Glendale, CA 91203

16

       [X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at
17     Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I
       am "readily familiar" with this firm's practice of collection and processing correspondence
18     for mailing. It is deposited with U.S. postal service on that same day in the ordinary course
       of business. I further caused electronic copies of the foregoing document(s) to be
19     delivered to the e-mail addresses as appearing above.

20

       I declare that I am employed in the office of a member of the bar of this court at
21     whose direction the service was made. I declare under penalty of perjury under the laws
       of California that the above is true and correct. Executed on January 3, 2022, at
22     Sacramento, California.

23

24

25                              Christopher J. Fry

26

27

28

_Fry Law Corporation_
_Trial Attorneys_

---

**NOTICE**
3

RECEIVED
LAW AND MOTION DROP BOX

2022 JAN -3  PM 3: 19

CDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

1   Christopher J. Fry, Esq. (SBN: 298874)
        Email: cfry@frylawcorp.com
2   **FRY LAW CORPORATION**
    980 9th Street, 16th Floor
3   Sacramento, California 95814
    Telephone: (916) 291-0700
4   Facsimile: (916) 848-0256

5   Attorneys for Plaintiff,
    **JULIE C. GALLAGHER**

6

7

8              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                  **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12  JULIE C. GALLAGHER,              **CASE NO.: 34-2021-00312847**

13          Plaintiff,               **[PROPOSED] ORDER GRANTING
                                     PLAINTIFF'S APPLICATION FOR A**
14      vs.                          **PRELIMINARY INJUNCTION**

15  PHH MORTGAGE CORPORATION;        **DATE:** January 20, 2022
    WESTERN PROGRESSIVE, LLC;        **TIME:** 1:30 p.m.
16  DEUTSCHE BANK TRUST COMPANY      **DEPT.:** 53
    AMERICAS; and DOES 1-100, inclusive
17                                   **Reservation:** 2613952
        Defendants.
18                                   **COMPLAINT FILED DECEMBER 15,
                                     2021**
19
                                     **Trial:** None Set.
20

21

22

23

24

25

26

27

28



                              **ORDER**

1    To Defendants PHH MORTGAGE CORPORATION; WESTERN PROGRESSIVE,

2    LLC; DEUTSCHE BANK TRUST COMPANY AMERICAS; and all of their officers, agents,

3    servants, employees, trustees, and attorneys, and those persons in active concert or

4    participation or privity with any of them:

5    This matter came upon hearing on the date above. Appearances were noted in the

6    record. THIS COURT FINDS that Defendants were informed of the date, time, and place

7    of the Application for the Preliminary Injunction to Restrain Foreclosure Trustee's Sale of

8    the subject property would be heard.

9    THE COURT ORDERS UNTIL THE resolution of this action, as set forth above or

10   as may be continued by order of this Court, Defendants, and all of their officers, agents,

11   servants, employees, trustees and attorneys, and those persons in active concert or

12   participation or privity with any of them are enjoined and prohibited from conducting the

13   Trustee's Sale of the real property located at 1304 Freswick Drive, Folsom, CA 95630.

14

15   IT IS SO ORDERED.

16

17

18   DATED: _____

19

20                                          _____
                                            Judge of the Superior Court of California
                                            County of Sacramento

21

22

23

24

25

26

27

28

**ORDER**
1

1

**PROOF OF SERVICE**
**CALIFORNIA SUPERIOR COURT**

2

3    I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: 980 9th Street, 16th

4    Floor, Sacramento, California 95814. On January 3, 2022, I served the foregoing document(s) described as:

5

6    **[PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR A**
**PRELIMINARY INJUNCTION**

7

8    On all interested parties in this action by placing [  ] the original [ x ] a true copy thereof enclosed in sealed envelopes addressed as follows:

9    Western Progressive, LLC
Northpark Town Center

10    1000 Abernathy Road NE, Building 400, Suite 200
Atlanta, GA 30328

11    Email: Trustee.Services@Altisource.com

12    PHH Mortgage Services
P.O. Box 5452

13    Mt. Laurel, NJ 08054
CustomerCare@mortgagefamily.com

14

Deutsche Bank Trust Company Americas

15    c/o CT Corporation
330 N Brand Blvd Suite 700

16    Glendale, CA 91203

17    [X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I

18    am "readily familiar" with this firm's practice of collection and processing correspondence

19    for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business.  I further caused electronic copies of the foregoing document(s) to be

20    delivered to the e-mail addresses as appearing above.

21    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws

22    of California that the above is true and correct. Executed on January 3, 2022, at

23    Sacramento, California.

24

25    Christopher J. Fry

26

27

28

**ORDER**
2

RECEIVED
LAW AND MOTION DROP BOX

2022 JAN -3 PM 3: 18

CSSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

1  Christopher J. Fry, Esq. (SBN: 298874)
       *Email: cfry@frylawcorp.com*
2  **FRY LAW CORPORATION**
   980 9th Street, 16th Floor
3  Sacramento, California 95814
   Telephone: (916) 291-0700
4  Facsimile: (916) 848-0256

5  Attorneys for Plaintiff,
   **JULIE C. GALLAGHER**

6

7

8          **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9             **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12  JULIE C. GALLAGHER,                    **CASE NO.: 34-2021-00312847**

13              Plaintiff,                  **PLAINTIFF'S MEMORANDUM OF
                                            POINTS AND AUTHORITIES IN**
14      vs.                                 **SUPPORT OF APPLICATION FOR A
                                            PRELIMINARY INJUNCTION**
15  PHH MORTGAGE CORPORATION;
    WESTERN PROGRESSIVE, LLC;              **DATE:** January 20, 2022
16  DEUTSCHE BANK TRUST COMPANY           **TIME:** 1:30 p.m.
    AMERICAS; and DOES 1-100, inclusive   **DEPT.:** 53
17
                Defendants.                **Reservation:** 2613952
18
                                           **COMPLAINT FILED DECEMBER 15,**
19                                         **2021**

20                                         **Trial:** None Set.

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**



FILED/ENDORSED

JAN - 3 2022

By: _____S. Khorn_____
         Deputy Clerk

Fry Law Corporation
Trial Attorneys

1

2 **TABLE OF CONTENTS**

3 Factual Background ........................................................................................................ 2

4 Legal Standard Regarding Preliminary Injunctions .............................................................4

5
   Argument .......................................................................................................................4
6

7 A. The Loss of Plaintiff's Home Through Foreclosure is Far More Detrimental Than A

8    Minor Delay in Foreclosure...........................................................................................4

9
   B. Plaintiff Will Prevail On Her "Dual-Tracking" Claims Under Civ. Code §§ 2923.6 and
10    2924.11 ....................................................................................................................7

11 C. Plaintiff Will Prevail On Her Bus. And Prof. Code §17200 et seq. Claims Because
12    Dual-Tracking Is A Per Se Unfair Business Practice. ...................................................9

13 D. Plaintiff Will Prevail On Her Breach Of Contract Claims As Caliber Promised To
      Review Her For Mitigation Options..............................................................................10
14

15 E. Plaintiff Will Prevail On Her Negligence Claims As The Defendants Breached Their
      Duty To Fairly Review Plaintiff For Mitigation Options..............................................11
16

17 F. Status Quo Must Be Preserved.........................................................................14

18 Conclusion ...................................................................................................................14

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

1

Fry Law Corporation
Trial Attorneys

1      Plaintiff JULIE C. GALLAGHER ("Plaintiff" or "Ms. Gallagher"), by and through

2  counsel, submit this Memorandum of Points and Authorities in Support of the Application

3  for a Preliminary Injunction Should Not Be Issued as follows:

4                    **FACTUAL BACKGROUND**

5      Plaintiff brings this action against the defendants for damages and harm resulting

6  from the defendants' willful and reckless violation of California law relating to the servicing

7  and wrongful foreclosure of a residential mortgage. The residential mortgage concerns

8  the property located at 1304 Freswick Drive, Folsom, CA 95630. The Property has been

9  Ms. Gallagher's primary residence for roughly 20 years.

10     There was a sale date scheduled for December 30, 2021, despite the trustee

11  displaying "hold" until the date of the TRO filing and despite the fact that Plaintiff has been

12  approved for and paid a loan modification trial period plan. The sale is currently set for

13  February 3, 2022, despite the issuance of the TRO.

14     On or around June of 2004, Ms. Gallagher and her husband (divorce pending)

15  purchased the home. In 2007, they refinanced the property and took out a mortgage with

16  Indymac Bank, FSB.

17     Plaintiff entered into the Loan to include a Deed of Trust securing such note

18  covering the Property, then and now the principal dwelling and home of Plaintiff.  A

19  different company was named as the trustee under the Deed of Trust. Deutsche Bank is

20  allegedly the assignee of the Deed of Trust on the Property. PHH is the mortgage servicer

21  on the account.

22     As set forth in more detail in the Complaint, Plaintiff alleges that she was approved

23  and paid as requested under the agreement, yet, the home is still set to be sold tomorrow.

24     Plaintiff additionally alleges that the foreclosing parties are barred under California

25  and Federal laws as they lack a beneficial interest in the property.

26     As a result of a downturn in the economy, Plaintiff began experiencing a financial

27  hardship. Ultimately, Plaintiff began to fall behind the mortgage payments.  Plaintiff

28  contacted PHH for help and was instructed to submit a loan modification package to the

*Fry Law Corporation*
*Trial Attorneys*

1    lender.

2         Plaintiff worked with PHH for months. Finally, in 2021, Plaintiff was invited and

3    submitted a loan modification packet to PHH. Over the course of the next few months,

4    Plaintiff would continuously provide updated financial information to PHH and would

5    timely comply with all its document requests.  At various points, Plaintiff was required to

6    submit updated financial documents, pay stubs, and bank statements.  Plaintiff timely

7    complied with all PHH's requests.

8         On August 1, 2021, Plaintiff was delighted to receive a "Trial Period Plan"

9    modification plan. It was simple, she was required to submit three (3) monthly payments

10   of $3,745.51 and in exchange for those payments, the loan would be permanently

11   modified and brought current.

12        Plaintiff made all three (3) payments as requested, with the last one in October of

13   2021.

14        With complete disregard for the modification that was approved and pending, on

15   or around November 10, 2021, Western, as the purported trustee for PHH, recorded a

16   Notice of Trustee's Sale ("NTS") on Plaintiff's Property.

17        Plaintiff has now been forced to retain counsel to stop the foreclosure. Ms.

18   Gallagher has had her credit ruined and has fallen further behind in her monthly payments

19   due to Respondents' refusal to accept payment or to settle for a fair resolution.

20        Defendants are foreclosing in direct violation of California law. Plaintiff has incurred

21   thousands in late fees, delinquency charges and foreclosure fees charged by Defendants.

22   Further, Defendant PHH failed to provide a fair loan modification review and is attempting

23   to foreclose on the home, capitalizing on the equity Plaintiff worked so hard to achieve.

24        Plaintiff was fully capable of paying the mortgage if the payment was modified and

25   the arrearages worked out.  Since she was not given a fair opportunity to be reviewed for

26   a modification, she will ultimately become homeless, a fact the Defendants were fully

27   aware of.

28        The Defendants' conduct deprived Plaintiff of the possibility of reaching a

**MEMORANDUM OF POINTS AND AUTHORITIES**

3

1  resolution to the default prior to sustaining damages. Had PHH fairly and carefully
2  reviewed Plaintiff for the modification, she would have been approved and would not have
3  suffered the damages alleged herein.

4              **LEGAL STANDARD REGARDING PRELIMINARY INJUNCTIONS**

5       While the Court has broad discretion in ruling on an application for preliminary
6  injunction, such discretion must be exercised in light of the following interrelated factors:
7  1) Who will suffer greater injury: Are plaintiffs likely to suffer greater injury from denial of
8  the injunction than defendants are likely to suffer if it is granted? (*See Shoemaker v.*
9  *County of Los Angeles* (1995) 37 Cal.App.4th 618, 633.); 2) Probable outcome at trial: Is
10 there a reasonable probability that plaintiffs will prevail on the merits? (*See Robbins v.*
11 *Sup.Ct.* (*County of Sacramento*) (1985) 38 Cal.3d 199, 205.)

12      The Court's determination must be guided by a mix of the potential-merit and
13 interim-harm factors; the greater Plaintiffs' showing on one, the less must be shown on
14 the other to support an injunction. (*Butt v. State of Calif.* (1992) 4 Cal.4th 668, 678; *King*
15 *v. Meese* (1987) 43 Cal.3d 1217, 1226–1228—court has discretion to issue preliminary
16 injunction where plaintiff demonstrates high likelihood of success on merits even if plaintiff
17 unable to show balance of harm tips in his or her favor.)

18      As set forth succinctly below, Plaintiff will suffer far greater injury than the
19 Defendants if the Court does not find in her favor on this Application. Moreover, Plaintiff
20 is hereby demonstrating the required burden of showing a high likelihood of success on
21 her claims entitling her to the requested injunctive relief.

22                              **ARGUMENT**

23 **A.    The Loss of Plaintiff's Home Through Foreclosure is Far More Detrimental Than**
24 **A Minor Delay in Foreclosure.**

25      The burden on the Defendants is basically nil.  The property they seek to foreclose
26 upon is drastically underwater such that foreclosure will only increase the exposure, and
27 foreclosure will also eliminate the Defendants' opportunity to mitigate the claims by
28 completing the pending loan modification review.

Fry Law Corporation
Trial Attorneys

1    On the other hand, further delays are substantially likely to result in significantly more
2    detrimental damages if Plaintiff's home is lost to foreclosure rather than retained, including
3    but not limited to destruction of credit.

4    Granting a preliminary injunction barring foreclosure balances the equities because
5    the Defendants are clearly in violation of provisions set forth in the California Homeowners'
6    Bill of Rights II ("HOBR") as Codified in the pertinent sections of the California Civil Code and
7    more sufficiently set forth in Plaintiff's Complaint. The HOBR prohibits mortgage servicers
8    and foreclosing trustees like Defendants from foreclosing when a loss mitigation application
9    or foreclosure prevention alternative is complete and pending review and written
10   determination.

11   The HOBR was originally enacted in 2013. While it experienced some changes that
12   became effective in 2018, the HOBR still provides substantially the same greater protection
13   for homeowner borrowers during the foreclosure process. (*See generally* Cal. Civ. Code §§
14   2920, *et seq.*) As set forth in the Complaint and below, Plaintiff can, and has, adequately
15   shown a likelihood of success on the merits in light of the HOBR and her other three (3)
16   causes of action set forth against Defendants.

17   Plaintiff will suffer irreparable harm if the home is lost to foreclosure as she will suffer
18   drastically more significant damages to credit and will also lose any chance of obtaining
19   certain remedies, including specific performance on the breach of contract claims, that she
20   can and has shown a likelihood of success for on the merits.

21   Injury to real property is irreparable as every piece of real property is unique in nature
22   and no amount of monetary damage will remedy Plaintiff's potential loss. Moreover,
23   Plaintiff's remedy sought of specific performance on her breach of contract claims is not
24   adequately replaced by monetary damages. An injunction granted by this Court will preserve
25   the status quo during the pendency of the instant litigation. Further, the balance of equities
26   is in Plaintiff's favor as a preliminary injunction merely delays the Defendants' right to
27   foreclose and is not dispositive of it.

28   Finally, an injunction is in the public's interest as it enforces a recently enacted and

**MEMORANDUM OF POINTS AND AUTHORITIES**

Fry Law Corporation
Trial Attorneys

1   modified law which was originally designed specifically to protect the public from this type of
2   conduct, and moreover which still specifically protects the public from this type of conduct
3   after the recent changes went effective in 2018.

4        Plaintiff primarily resides in the subject property as her primary residence and the
5   subject mortgage is a first lien made for personal, family and household purposes, and is
6   secured by owner-occupied residential real property containing one dwelling unit.

7        While it is noticed, a sale has yet to occur and no trustee's deed upon sale has been
8   recorded against the Plaintiff's interest regarding the subject property.  As a result of the
9   violations of the aforementioned provisions of the HOBR, Plaintiffs has brought this action
10  for injunctive relief to enjoin a material violation of §§ 2923.6, et seq. and 2924.11, et seq.

11       In Jessen v. Keystone (1983) 142 Cal.App.3d 454, 457, the Court stated that
12  "irreparable injury is one for which ... the item is so unique its loss deprives the possessor of
13  intrinsic values not replaceable by money or in kind ... " It is well settled California law that
14  real property is unique and not replaceable by money or other real property. (See C. Robert
15  Nattress & Associates v. CIDCO (1986) 184 Cal.App.3d 55, 63.)

16       The requested relief should remain in place and any trustee's sale, including the one
17  scheduled concerning the subject property "shall be enjoined" until the violations are
18  remedied by the Defendants. (See Cal Civ. Code § 2924.12(a)(2)).

19       In this instance, the Defendants are currently scheduled to conduct a Trustee's Sale
20  of Plaintiff's home on February 3, 2022, as postponed from the original sale date of
21  December 30, 2021, arising out of the NTS recorded above.  If the Court does not intervene
22  and issue a preliminary injunction, Plaintiff's property will likely be auctioned off and sold prior
23  to resolution of this lawsuit, leaving Plaintiff in a significantly worse financial position.  Plaintiff
24  simply wants to obtain a careful review and written determination on the complete loan
25  modification application that she initially submitted long ago to Defendants.

26       Plaintiff would not be afforded any meaningful opportunity to examine the accuracy of
27  the foreclosure, address the HOBR claims in this case and protect her interests in the
28  property if the sale is conducted before her claims are heard. (See Wind v. Herbert (1960)

Fry Law Corporation
Trial Attorneys

MEMORANDUM OF POINTS AND AUTHORITIES

1    186 Cal.App.2d 276, 285.)

2    As set forth above, each piece of real property is unique in nature and not replaceable

3    by money or other real property.  As such, Plaintiff will be irreparably harmed, and any

4    monetary damages would be insufficient to compensate her for the losses. Therefore,

5    Plaintiff respectfully requests that this Court issue an order enjoining Defendants and any

6    other entities acting in concert therewith from advertising, holding, conducting or participating

7    in any foreclosure sale or Trustee's Sale of Plaintiff's real property pending the resolution of

8    this litigation.

9    **B.    Plaintiff Will Prevail On Her "Dual-Tracking" Claims Under Civ. Code §§ 2923.6**

10        **and 2924.11.**

11    Civil Code §§ 2923.6 and 2924.11 bars the Defendants from initiating foreclosure

12    unless they have given the borrowers a good faith review and written determination on a

13    complete application for a loss mitigation option.  Defendants have materially violated said

14    statute by recording a Notice of Trustee's Sale against the subject property, and by refusing

15    to cancel or postpone and by threatening to conduct the trustee's sale currently scheduled

16    for February 3, 2022, against the subject property.

17    Civil Code § 2924.11(a) provides:

18    If a borrower submits a complete application for a foreclosure prevention
       alternative offered by, or through, the borrower's mortgage servicer, a
19    mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent
       shall not record a notice of sale or conduct a trustee's sale while the
20    complete foreclosure prevention alternative application is pending, and until
       the borrower has been provided with a written determination by the
21    mortgage servicer regarding that borrower's eligibility for the requested
22    foreclosure prevention alternative.

23    Courts, including this one, have routinely interpreted the statute's language regarding

24    "conducting a foreclosure sale" to cover a wider scope of conduct that goes beyond the exact

25    statutory language, which specifically includes the servicer's conduct of refusing to postpone

26    or cancel a pending sale. See, e.g., *Foronda v. Wells Fargo*, 2014 WL 6706815, at *6 (N.D.

27    Cal. Nov. 26, 2014) (scheduling and refusing to postpone a sale is "conducting" a sale and

28

Fry Law Corporation
Trial Attorneys

1   prohibited by statute), *Pittell v. Defendants Loan Servicing, LLC*, No. 34-2013-00152086-

2   CUOR-GDS (Cal. Super. Ct. Sacramento Cnty. July 28, 2014) (dual tracking protections

3   require a servicer to postpone or cancel an impending sale, regardless of the exact statutory

4   language), and *Singh v. Wells Fargo Bank, N.A.*, No. 34-2013-00151461-CU-OR-GDS (Cal.

5   Super. Ct. Sacramento Cnty. Feb. 24, 2014) (finding servicer's notice to borrower that a sale

6   had been briefly postponed (but would ultimately occur) as "conducting a sale" and a dual

7   tracking violation).

8        Civil Code section 2923.6, subdivision (c) bars foreclosing parties from recording a

9   Notice of Default, Notice of Trustee's Sale, or otherwise proceeding with a foreclosure while

10  a completed loan modification application has been submitted by a borrower. It states:

11          If a borrower submits a complete application for a first lien loan modification
            offered by, or through, the borrower's mortgage servicer, a mortgage
12          servicer, mortgagee, trustee, beneficiary, or authorized agent shall not
            record a notice of default or notice of sale, or conduct a trustee's sale, while
13          the complete first lien loan modification application is pending.

14       The statutes further require a detailed written notice outlining the basis for any denial

15  and various other provisions relating to accurately and timely notifying borrowers about the

16  status of their loan modification applications.

17       Civil Code § 2924.12(a)(1) entitles Plaintiff to obtain injunctive relief to enjoin a

18  material violation of § 2924.11. It provides:

19          If a trustee's deed upon sale has not been recorded, a borrower may bring
            an action for injunctive relief to enjoin a material violation of Section 2923.5,
20          2923.7, 2924.11, or 2924.17.

21       Furthermore, Civil Code § 2924.12(a)(2) provides that:

22          Any injunction shall remain in place and any trustee's sale shall be enjoined
            until the court determines that the mortgage servicer, mortgagee, trustee,
23          beneficiary, or authorized agent has corrected and remedied the violation
            or violations giving rise to the action for injunctive relief. An enjoined entity
24          may move to dissolve an injunction based on a showing that the material
            violation has been corrected and remedied. (Emphasis added).
25
26       As set forth succinctly in the Complaint, Defendants are foreclosing under the subject

27  Deed of Trust although they have not properly reviewed Plaintiff for the loan modification.

28       Plaintiff will suffer irreparable harm if the home is lost to foreclosure. Injury to real

**MEMORANDUM OF POINTS AND AUTHORITIES**

8

1    property is irreparable as every piece of real property is unique in nature and no amount of

2    monetary damage will remedy Plaintiff's potential loss. A preliminary injunction granted by

3    this Court will preserve the status quo during the pendency of the instant litigation. Further,

4    the balance of equities is in Plaintiff's favor as preliminary injunction order merely delays the

5    Defendants' right to foreclose and is not dispositive of it.

6        Finally, an injunction is in the public's interest as it enforces a recently enacted and

7    modified law which was originally designed specifically to protect the public from this type of

8    conduct, and moreover which still specifically protects the public from this type of conduct

9    after the recent changes went effective in 2018.

10       Plaintiff resides in the subject property as her primary residence and the subject

11   mortgage is a first lien made for personal, family and household purposes, and is secured

12   by owner-occupied residential real property containing one dwelling unit.

13       While it is noticed, a sale has yet to occur and no trustee's deed has been recorded

14   against the Plaintiffs' interest regarding the subject property.  As a result of the violation of

15   the aforementioned provisions of the HOBR, Plaintiff has brought this action for injunctive

16   relief to enjoin a material violation of § 2924.11 as she is entitled to obtain pursuant to §

17   2924.12.

18       The requested relief should remain in place and any trustee's sale, including the one

19   scheduled concerning the subject property "shall be enjoined" until the material violations are

20   corrected and remedied by the Defendants.

21   **C.   Plaintiff Will Prevail On Her Bus. And Prof. Code §17200 et seq. Claims Because**

22   **Dual-Tracking Is A Per Se Unfair Business Practice.**

23       Defendants' "dual-tracking" as discussed above is a *per se* unfair business practice

24   pursuant to California Business and Professions Code § 17200 et seq. and should further be

25   enjoined on that basis. (*See Jolley v. Chase* (2013) 213 Cal.App.4th 872, 904.)

26       In *Jolley*, the court stated dual-tracking exists when a borrower in default seeks a

27   foreclosure prevention alternative but the institution continues to pursue foreclosure at the

28   same time. The result is that the borrower does not know where he or she stands, and by

**MEMORANDUM OF POINTS AND AUTHORITIES**

9

Fry Law Corporation
Trial Attorneys

1    the time foreclosure becomes the lender's clear choice, it is too late for the borrower to find
2    options to avoid it and by which time the borrower's damages have been drastically
3    exacerbated. This practice is also called the double-cross. (Ibid. at 804.)

4          As set forth above, Defendants have ignored the pending loss mitigation option being
5    reviewed and instead simply proceeded with the NTS recording and with refusing to cancel
6    or postpone the schedule sale to be conducted on February 3, 2022. This is per se dual
7    tracking and this double-cross is an unfair business practice.

8    **D.**   **Plaintiff Will Prevail On Her Breach Of Contract Claims As PHH Promised To**
9          **Review Her For Mitigation Options.**

10         Plaintiff has alleged, and the conduct supports that Defendant PHH has affirmatively
11   and impliedly promised to review the subject mortgage loan for foreclosure avoidance loss
12   mitigation options before foreclosing.  Specifically, Plaintiff was promised a review of her
13   application for a loan modification. In fact, she was promised a loan modification in exchange
14   for the three trial period payments she made. Nevertheless, the Defendants have recorded
15   foreclosure documents and are still threatening to foreclose on February 3, 2022.

16         Code of Civil Procedure § 526 authorizes the Court to issue an injunction to prevent
17   the breach of a contract where specific performance would be enforced. (See Code Civ. Pro.
18   §526(b)(5).) Furthermore, the Court is authorized pursuant to Code of Civil Procedure § 527
19   to issue an injunction where sufficient grounds exist therefor. (See Code Civ. Pro. §527(a).)

20         In connection with the subject mortgage loan, Plaintiff and Defendant PHH entered
21   into a verbal and/or implied-in-fact contract whereby defendant DEFENDANTS agreed to
22   review the subject mortgage loan for a possible loan modification before it foreclosed.

23         Plaintiff fully performed under the contract as required of her by timely submitting all
24   requisite documents promptly after they were requested of her.

25         Without excuse, Defendant PHH materially breached the contract by failing to perform
26   by not providing the loan modification review and written determination as promised, and by
27   wrongfully initiating foreclosure proceedings.

28         A contract can be written, verbal or implied. (See Cal. Civ. Code § 1619 et seq.).

**MEMORANDUM OF POINTS AND AUTHORITIES**
10

Fry Law Corporation
Trial Attorneys

1    Courts have held that an "unfair" practice is one that offends established public policy,

2    that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers,

3    or that has an impact on the victim that outweighs the defendant's reasons, justifications, and

4    motives for the practice. *Jolley v. Chase Home Finance, LLC*, (2013) 213 Cal. App. 4th 872.

5    Under that analysis, DEFENDANT's conduct as alleged herein and in the operative

6    Complaint satisfies each of those factors and is therefore clearly unfair in violation of the

7    UCL.

8    Additionally, the breach of contract cause of action is well-settled California law. The

9    allegations in the Complaint for breach of contract stem from the principles set forth in *West*

10    *v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780. In *West*, the Court found that a

11    "trial period plan" is a promise to review the borrowers and approve them for a HAMP

12    sponsored loan modification if they made no misrepresentations about their financial position.

13    (*Ibid.* at 798)

14    As such, Plaintiff's evidence is more than sufficient to find that she will prevail on the

15    breach of contract claims.

16    **E.    Plaintiff Will Prevail On Her Negligence Claims As The Defendants Breached**

17    **Their Duty To Fairly Review Plaintiff For Mitigation Options.**

18    Defendants have violated the statutes set forth herein, which mandate a duty upon

19    the Defendants to ensure that appropriate safeguards are put into place prior to any

20    foreclosure sale. These sections were designed specifically to protect homeowners, such

21    as Plaintiffs, from dual-tracking and otherwise wrongful foreclosures.

22    As set forth above, Defendants continue to breach this duty by acting in violation of

23    these statutes, and by failing to reasonably allow Plaintiff a fair opportunity to be reviewed in

24    accordance with such.

25    The statutes herein also mandate a duty upon the Defendants to ensure that appropriate

26    safeguards are put into place prior to any foreclosure sale. For example, Civil Code § 2923.4

27    clearly imposes a duty on banks to give borrowers a good-faith opportunity to remedy the

28    default prior to foreclosure. It states in pertinent part:

**MEMORANDUM OF POINTS AND AUTHORITIES**

11

Fry Law Corporation
Trial Attorneys

1   (a) The purpose of the act that added this section is to ensure that, as part of the non-judicial foreclosure process, borrowers are considered for, and have a meaningful
2   opportunity to obtain, available loss mitigation options, if any, offered by or through
    the borrower's mortgage servicer, such as loan modifications or other alternatives
3   to foreclosure.

4   Defendant PHH's conduct fell below the applicable standard of care when it failed to

5   ensure that it properly conducted a fair review and failed to properly complete the pending

6   loan modification review that was underway when PHH directed the recording of the notice

7   of trustee's sale, and that was still underway when PHH transferred over servicing authority

8   to Deutsche.

9   Defendant Deutsche's conduct fell below the applicable standard of care when it failed

10  to conduct a fair review after PHH transferred over the pending application documents to it

11  upon taking over servicing of the subject mortgage.

12  Defendant Western's conduct fell below the applicable standard of care when it

13  publicly recorded foreclosure documents while a loss mitigation or foreclosure prevention

14  alternative application was pending and under review.

15  Civil Code § 2924g(c)(1) allows sale proceedings to be postponed upon instructions

16  by the beneficiary to the trustee stating as such, at any time prior to completion of the sale.

17  Moreover, Civil Code § 2924g(c)(1)(D) allows the trustee to postpone sale proceedings at its

18  own discretion, at any time prior to the completion of the sale.

19  Plaintiff was fully capable of paying the mortgage if the payment was modified and the

20  arrearages worked out.  Alternatively, Plaintiff was fully capable of paying the mortgage by

21  bringing the account current through a reinstatement payment but instead reasonably relied

22  upon PHH's solicitation to submit the loan modification application and by its promises to

23  conduct a fair review before foreclosing.  Since she was not given a fair opportunity to be

24  reviewed for a modification she will suffer substantially higher damages such as destruction

25  of credit and will soon be homeless, a fact the Defendants are fully aware of.

26  The Defendants' conduct deprived Plaintiff of the possibility of reaching a resolution

27  to the default prior to sustaining damages.  Had Defendants fairly and carefully reviewed

28  Plaintiff for the possible loan modification, she would have been approved and would not

Fry Law Corporation
Trial Attorneys

1    have suffered the damages alleged herein.

2        As of the date of this Application, Defendants are not able to provide Plaintiff or their
3    counsel confirmation that the NTS will be rescinded or that the upcoming foreclosure sale
4    now scheduled for February 3, 2022, will not proceed.  Plaintiff's home is being foreclosed
5    on in direct violation of California law and Defendants have yet to provide a fair review and
6    determination.

7  ·     Had DEFENDANTS fairly and carefully reviewed the loan modification documents,
8    Plaintiff would have been approved and would not have suffered the damages alleged herein.

9        The subject conduct was unquestionably intended to affect Plaintiff.  The decision on
10    Plaintiff's loan modification application would determine whether or not she could keep the
11    home and avoid the negative effects of a foreclosure sale. The potential harm to Plaintiff from
12    mishandling the application processing was readily foreseeable as the loss of an opportunity
13    to potentially retain her home was the inevitable outcome. Although there was no guarantee
14    the loan modification would be granted had the application been properly processed, the
15    mishandling of the documents deprived Plaintiff of the possibility of obtaining the requested
16    relief.

17        The injury to Plaintiff is certain, in that she lost the opportunity of benefiting from a fair
18    review and foreclosure documents have been recorded placing her at serious risk of losing
19    her home and suffering higher credit damages. There is a close connection between the
20    Defendants' conduct and the injury actually suffered, because to the extent Plaintiff otherwise
21    qualified and would have received approval of the loan modification, Defendants' conduct in
22    mishandling the application documents submitted by Plaintiff in various aspects directly
23    precluded the application from being timely or fairly processed.

24        The existence of a public policy of preventing future harm to home loan borrowers is
25    shown by recent actions taken by both the state and federal government to help homeowners
26    caught in the home foreclosure crisis as set forth in the other violations demonstrated herein.

27        Moral blame attaches to the Defendants' specific conduct as they are dealing with the
28    most important thing to Plaintiff, her family home.

MEMORANDUM OF POINTS AND AUTHORITIES

1        As a direct and proximate result, Plaintiff has sustained damages, including, but not

2  limited to, excessive interest accumulation, negative amortization, loss of equity, destruction

3  of credit standing, pain, suffering, and emotional distress, in an amount to be shown at trial.

4        Based on the foregoing, Plaintiff's evidence is more than sufficient to find that she will

5  prevail on their negligence claims.

6  **F.   Status Quo Must Be Preserved.**

7        Injunctive relief may be granted to preserve the status quo until a final determination

8  on the merits of the action can be had by the parties. (*See Butt v. Stat* (1992) 4 Cal.4th 668;

9  *Continental Baking Co. v. Katz* (1968) 68 Cal.2d.512, 528; *Cohen v. Board of Supervisors*

10  (1985) 40 Cal.3d 277.)

11       The public policy to preserve the status quo holds especially strong until such time as

12  the court can determine ownership or right to possession of real property. (*See Robbins v.*

13  *Sup. Ct.* (Co. of Sacramento) (1985) 38 Cal.3d 199,205.)

14       This public policy set forth in *Robbins* applies to Plaintiffs' case. Plaintiff has filed a

15  Complaint underlying this Application and is seeking damages and injunctive relief based on

16  various causes of action against the Defendants arising out of their negligent conduct, failure

17  to honor their agreement and failure to follow the HOBR.



18       Without the Court's issuance of an injunction to halt the imminent foreclosure sale and

19  to maintain the status quo pending the outcome of the Plaintiff's Complaint, substantial harm

20  and irreparable injury to Plaintiff is inevitable. Plaintiff's application is justified and supported

21  by the facts and authorities set forth herein.

22       If the pending sale is not preliminarily enjoined, the Court's judgment or damage award

23  would not adequately remedy Plaintiffs' losses as set forth above.

24       Plaintiff respectfully requests this Court issue the preliminary injunction to maintain

25  the status quo and enjoin the Defendants from conducting the sale of the subject property

26  currently scheduled for February 3, 2022.

27                      **CONCLUSION**

28       Based on the foregoing arguments, the operative Complaint on file herein, and the

Fry Law Corporation
Trial Attorneys

1   supporting declarations filed concurrently herewith, Plaintiff respectfully request this Court

2   to issue an injunction enjoining Defendants, and any and all of their officers, agents,

3   servants, employees, trustees, and attorneys, and those persons in active concert or

4   participation or privity with any or each of them or acting on their behalf, from advertising,

5   holding, conducting or participating in any foreclosure sale or Trustee's Sale of Plaintiff's

6   real property commonly known as 1304 Freswick Drive, Folsom, CA 95630, pending the

7   resolution of this litigation or until further Order of this Court.

8

9   DATED:  January 3, 2022          Respectfully submitted,

10                                   FRY LAW CORPORATION

11

12                                   By:
                                         Christopher J. Fry, Esq.
13                                       *Attorney for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

1  **PROOF OF SERVICE**
   **CALIFORNIA SUPERIOR COURT**

2

3  I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: 980 9th Street, 16th Floor, Sacramento, California 95814. On January 3, 2022, I served the foregoing document(s) described as:

4

5

6  **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR A PRELIMINARY INJUNCTION**

7

8  On all interested parties in this action by placing [   ] the original [ x ] a true copy thereof enclosed in sealed envelopes addressed as follows:

9  Western Progressive, LLC
   Northpark Town Center

10  1000 Abernathy Road NE, Building 400, Suite 200
    Atlanta, GA 30328

11  Email: Trustee.Services@Altisource.com

12  PHH Mortgage Services
    P.O. Box 5452

13  Mt. Laurel, NJ 08054
    CustomerCare@mortgagefamily.com

14

15  Deutsche Bank Trust Company Americas
    c/o CT Corporation
    330 N Brand Blvd Suite 700

16  Glendale, CA 91203

17  [X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I further caused electronic copies of the foregoing document(s) to be delivered to the e-mail addresses as appearing above.

18

19

20

21  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct. Executed on January 3, 2022, at Sacramento, California.

22

23

24

25  Christopher J. Fry

26

27

28

*Fry Law Corporation*
*Trial Attorneys*

**MEMORANDUM OF POINTS AND AUTHORITIES**

16

RECEIVED
LAW AND MOTION DROP BOX

2022 JAN -3 PM 3: 19

GDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

1   Christopher J. Fry, Esq. (SBN: 298874)
      *Email: cfry@frylawcorp.com*
2   **FRY LAW CORPORATION**
    980 9th Street, 16th Floor
3   Sacramento, California 95814
    Telephone: (916) 291-0700
4   Facsimile: (916) 848-0256

5   Attorneys for Plaintiff,
    **JULIE C. GALLAGHER**

6

7



8       **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9         **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12   JULIE C. GALLAGHER,       **CASE NO.: 34-2021-00312847**

13        Plaintiff,        **DECLARATION OF CHRISTOPHER J.
                       FRY IN SUPPORT OF APPLICATION**
14      vs.             **FOR A PRELIMINARY INJUNCTION**

15   PHH MORTGAGE CORPORATION;     **DATE:** January 20, 2022
    WESTERN PROGRESSIVE, LLC;      **TIME:** 1:30 p.m.
16   DEUTSCHE BANK TRUST COMPANY    **DEPT.:** 53
    AMERICAS; and DOES 1-100, inclusive
17                       **Reservation:** 2613952
       Defendants.
18                       **COMPLAINT FILED DECEMBER 15,
                              2021**

19                       **Trial:** None Set.

20

21

22

23

24

25

26

27

28

*(vertical left margin)* Fry Law Corporation   Trial Attorneys

---

**DECLARATION OF CHRISTOPHER J. FRY**

1   **DECLARATION OF CHRISTOPHER J. FRY**

2   I, Christopher J. Fry, hereby declare as follows:

3   I am counsel of record in this matter for Plaintiff. I am duly licensed to practice law
4   in the State of California. If called as a witness in this action, I could competently testify
5   based on information and belief, as well as my own personal knowledge, as to the matters
6   set forth in this Declaration.

7   Plaintiff successfully applied ex parte for a temporary restraining order. She
8   submitted a declaration setting forth various facts that support her allegations. A true and
9   correct copy of that declaration is incorporated herein and attached hereto as **Exhibit A**.

10   In her declaration, Plaintiff confirms that she had been approved for a loan
11   modification, made all three (3) trial payments and was virtually ignored after that.

12   In July of 2021, PHH offered Plaintiff the modification in exchange for three trial
13   payments. A true and correct copy of that offer is attached hereto as **Exhibit B**.

14   Plaintiff made the payments as requested and PHH accepted those payments.
15   True and correct copies of heavily redacted bank statements confirming three (3)
16   payments made are attached hereto as **Exhibit C**.

17   I declare under penalty of perjury and under the laws of the State of California that
18   the foregoing is true and correct to the best of my personal knowledge.

19

20   DATED:  January 3, 2022          Respectfully submitted,

21                                    FRY LAW CORPORATION

22

23                                    By:

24                                    Christopher J. Fry, Esq.
                                      *Attorney for Plaintiff*

25

26

27

28

**DECLARATION OF CHRISTOPHER J. FRY**

1

*Fry Law Corporation*
*Trial Attorneys*

# EXHIBIT A

1  Christopher J. Fry, Esq. (SBN: 298874)
       *Email: cfry@frylawcorp.com*
2  **FRY LAW CORPORATION**
   980 9th Street, 16th Floor
3  Sacramento, California 95814
   Telephone: (916) 291-0700
4  Facsimile: (916) 848-0256

5  Attorneys for Plaintiff,
   **JULIE C. GALLAGHER**

6

7

8              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                 **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12  JULIE C. GALLAGHER,                    **CASE NO.: 34-2021-00312847**

13              Plaintiff,                 **DECLARATION OF JULIE C.
                                           GALLAGHER IN SUPPORT OF EX
14      vs.                                PARTE APPLICATION FOR A
                                           TEMPORARY RESTRAINING ORDER
15  PHH MORTGAGE CORPORATION;              AND AN ORDER TO SHOW CAUSE
    WESTERN PROGRESSIVE, LLC;              WHY A PRELIMINARY INJUNCTION
16  DEUTSCHE BANK TRUST COMPANY            SHOULD NOT BE ISSUED
    AMERICAS; and DOES 1-100, inclusive
17                                         *[Filed Concurrently With Plaintiff's
                Defendants.                Notice of Ex Parte Application;
18                                         Declaration of Christopher J. Fry; Point
                                           and Authorities; [Proposed] Order.]*
19
                                           **DATE:** December 30, 2021
20                                         **TIME:** 9:45 a.m.
                                           **DEPT.:** 53
21
                                           **COMPLAINT FILED DECEMBER 15,
22                                         2021**

23                                         **Trial:** None Set.

24

25

26

27

28

―――――――――――――――――――――――――――――――――
                    **DECLARATION OF JULIE C. GALLAGHER**

1        **DECLARATION OF JULIE C. GALLAGHER IN SUPPORT OF EX PARTE**

2           **APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

3        I, JULIE C. GALLAGHER, hereby declare as follows:

4        I am a Plaintiff in this action. I have personal knowledge of the information stated

5   herein, unless it is stated upon information and belief. If required to testify about the

6   information stated herein, I could and would competently testify thereto.

7        I am filing this Declaration in support of my Ex Parte Application for a Temporary

8   Restraining Order against Defendants PHH MORTGAGE CORPORATION; WESTERN

9   PROGRESSIVE, LLC; DEUTSCHE BANK TRUST COMPANY AMERICAS (collectively

10   referred to herein as "Defendants") to enjoin foreclosure of my real property located at

11   1304 Freswick Drive, Folsom, CA 95630 (the "Subject Property"), which is an owner-

12   occupied residential real property containing no more than four dwelling units with the

13   Deed of Trust securing a first lien for personal, family, or household purposes.

14        There is a sale date scheduled for December 30, 2021 despite the trustee

15   displaying "hold" until the date of this filing and despite the fact that I have been approved

16   for and paid a loan modification trial period plan.

17        On or around June of 2004, Ms. Gallagher and her husband (divorce pending)

18   purchased the home. In 2007, they refinanced the property and took out a mortgage with

19   Indymac Bank, FSB.

20        I entered into the Loan to include a Deed of Trust securing such note covering the

21   Property, then and now the principal dwelling and home of Mine. A different company

22   was named as the trustee under the Deed of Trust. Deutsche Bank is allegedly the

23   assignee of the Deed of Trust on the Property. PHH is the mortgage servicer on the

24   account.

25        As set forth in more detail in the Complaint, I allege that I was approved and paid

26   as requested under the agreement, yet, the home is still set to be sold tomorrow.

27        I additionally allege that the foreclosing parties are barred under California and

28   Federal laws as they lack a beneficial interest in the property.

**DECLARATION OF JULIE C. GALLAGHER**

1

1    As a result of a downturn in the economy, I began experiencing a financial
2    hardship. Ultimately, I began to fall behind the mortgage payments. I contacted PHH for
3    help and was instructed to submit a loan modification package to the lender.

4    I worked with PHH for months. Finally, in 2021, I was invited and submitted a loan
5    modification packet to PHH. Over the course of the next few months, I would continuously
6    provide updated financial information to PHH and would timely comply with all its
7    document requests.   At various points, I was required to submit updated financial
8    documents, pay stubs, and bank statements. I timely complied with all PHH's requests.

9    On August 1, 2021, I was delighted to receive a "Trial Period Plan" modification
10   plan. It was simple, I was required to submit three (3) monthly payments of $3,745.51 and
11   in exchange for those payments, the loan would be permanently modified and brought
12   current.

13   I made all three (3) payments as requested, with the last one in October of 2021.

14   With complete disregard for the modification that was approved and pending, on
15   or around November 10, 2021, Western, as the purported trustee for PHH, recorded a
16   Notice of Trustee's Sale ("NTS") on my Property.

17   I have now been forced to retain counsel to stop the foreclosure. I have had my
18   credit ruined and has fallen further behind in her monthly payments due to Defendants'
19   refusal to accept payment or to settle for a fair resolution.

20   Defendants are foreclosing in direct violation of California law. I have incurred
21   thousands in late fees, delinquency charges and foreclosure fees charged by Defendants.
22   Further, Defendant PHH failed to provide a fair loan modification review and is attempting
23   to foreclose on the home, capitalizing on the equity I worked so hard to achieve.

24   I was fully capable of paying the mortgage if the payment was modified and the
25   arrearages worked out.   Since I was not given a fair opportunity to be reviewed for a
26   modification, I will ultimately become homeless, a fact the Defendants were fully aware
27   of.

28   The Defendants' conduct deprived me of the possibility of reaching a resolution to

Fry Law Corporation
Trial Attorneys

**DECLARATION OF JULIE C. GALLAGHER**
2

1    the default prior to sustaining damages. Had PHH fairly and carefully reviewed me for the

2    modification, I would have been approved and would not have suffered the damages

3    alleged herein.

4        For the foregoing reasons, I respectfully request that this Court grants our Ex Parte

5    Application for a Temporary Restraining Order.

6        I declare under penalty of perjury and under the laws of the State of California that

7    the foregoing is true and correct to the best of my personal knowledge.

8

9    DATED:  December 29, 2021        Respectfully submitted,

10

11

12    By: _____
      Julie C. Gallagher
13    *Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF JULIE C. GALLAGHER**

3

# EXHIBIT B

**PHH**
MORTGAGE

06/29/2021

*[handwritten: 7/28/21 — @HH Paul Martin. Dept-TP RG8]*
*[handwritten: at]*

*[handwritten: — accept. Verbally authoriz.... can make full pmt by 8/31/21 set up new appt.]*

*[handwritten: Shows acct not ... ...]*

MARK GALLAGHER
JULIE C GALLAGHER
1006 RIVAGE CIRCLE
FOLSOM, CA 95630

| Respond to this offer no later than: |
| :---: |
| **08/01/2021** |

## THE ACCOUNT HAS BEEN APPROVED FOR A MORTGAGE ASSISTANCE OFFER
### PLEASE READ CAREFULLY

Dear MARK GALLAGHER and JULIE C GALLAGHER,

**Congratulations!** The account is approved to enter into a Trial Period Plan under an PHH Mortgage Services Modification Plan. Please read this letter so that the next steps necessary for completion of the modification are understood completely. In order to be considered for a modification, the proposed trial period payments must be completed.

Below, please find important information about the mortgage assistance offer, with additional details on the following pages. However, time is of the essence to accept this offer. A response must be received by 08/01/2021 in order to start this trial modification. This offer will expire, so we must receive a response by the date listed on this letter.

### Account Information

**Account Number:** 0289

**Property Address:**
1304 FRESWICK DR
FOLSOM, CA 95630

We are here to help!

**Account Relationship Manager:**
Anish A
RMA@mortgagefamily.com
Online:
www.mortgagequestions.com

*[vertical text: 7-814-8NZ52-000061-001-02-000-000-000-000]*

**What needs to be done:**
- To accept an assistance option, the following must be completed:
    - For convenience we have enclosed a Mortgage Assistance Acceptance Form which needs to be completed and RETURNED as outlined on the form by 08/01/2021.
    - In addition, the First Trial Period Plan payment of $3,745.51 needs to be made by 08/01/2021.

*[handwritten: 8/31]*

| Trial Period Payment Number | Trial Period Payment | Due Date On or Before |
| :--- | :--- | :--- |
| 1 *(Bi-annual)* | $3,745.51 | 08/01/2021 |
| 2 | $3,745.51 | 09/01/2021 |
| 3 | $3,745.51 | 10/01/2021 |

*[handwritten: — even c/month]*

**What needs to be known:**

- The account is approved for an PHH Mortgage Services Streamline Modification with monthly payments in the amount of $3,745.51.

---

7190150289

OCWN_PLS_SLN_TRL

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.

NMLS # 2726

EXHIBIT C

| Account Number: | 9 |
|---|---|
| Statement Period: | 09/01/21 to 09/30/21 |
| Page: | 1 of 2 |

*Valued Member Since 2012*

**Statement Summary This Period:**



| **BUSINESS VALUE CKG** | | **Suffix: 09** |
|---|---|---|

Ser

**Deposits**

**Fees & Withdrawals**

| Date | Amount | Description |
|---|---|---|
| 09-02 | 3,753.01 | Withdrawal MORTGAGE SERV CT   MTG PAYMT |

*Fees & Withdrawals*
**Date**        **Amount**        **Description**

10-04        3.753.01        Withdrawal MORTGAGE SERV CT    MTG PAYMT

**Fees & Withdrawals**

| Date | Amount | Description |
|---|---|---|
| 11-03 | 3,753.01 | Withdrawal MORTGAGE SERV CT    MTG PAYMT |

1    **PROOF OF SERVICE**
      **CALIFORNIA SUPERIOR COURT**

2

3        I am employed in the County of Sacramento, State of California. I am over the age
      of 18 and not a party to the within action; my business address is: 980 9th Street, 16th

4    Floor, Sacramento, California 95814. On January 3, 2022, I served the foregoing
      document(s) described as:

5

6        **DECLARATION OF CHRISTOPHER J. FRY IN SUPPORT OF EX PARTE**
      **APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO**

7    **SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

8        On all interested parties in this action by placing [   ] the original [ x ] a true copy
      thereof enclosed in sealed envelopes addressed as follows:

9

10   Western Progressive, LLC
      Northpark Town Center
      1000 Abernathy Road NE, Building 400, Suite 200

11   Atlanta, GA 30328
      Email: Trustee.Services@Altisource.com

12

13   PHH Mortgage Services
      P.O. Box 5452

14   Mt. Laurel, NJ 08054
      CustomerCare@mortgagefamily.com

15   Deutsche Bank Trust Company Americas
      c/o CT Corporation

16   330 N Brand Blvd Suite 700
      Glendale, CA 91203

17

18       [X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at
      Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I

19   am "readily familiar" with this firm's practice of collection and processing correspondence
      for mailing. It is deposited with U.S. postal service on that same day in the ordinary course

20   of business. I further caused electronic copies of the foregoing document(s) to be
      delivered to the e-mail addresses as appearing above.

21

22       I declare that I am employed in the office of a member of the bar of this court at
      whose direction the service was made. I declare under penalty of perjury under the laws

23   of California that the above is true and correct. Executed on January 3, 2022, at
      Sacramento, California.

24

25

26                                          Christopher J. Fry

27

28

**DECLARATION OF CHRISTOPHER J. FRY**

2

RECEIVED
LAW AND MOTION DROP BOX

2022 JAN -3 PM 3: 19

GDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SACRAMENTO**
**GORDON D SCHABER COURTHOUSE**
**MINUTE ORDER**

DATE: 01/20/2022                    TIME: 01:30:00 PM          DEPT:  53

JUDICIAL OFFICER PRESIDING: Shama Mesiwala
CLERK:  P. Lopez
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Alvi, N., L. Venkus

CASE NO: **34-2021-00312847-CU-OR-GDS** CASE INIT.DATE: 12/15/2021
CASE TITLE: **Gallagher vs. PHH Mortgage Corporation**
CASE CATEGORY: Civil - Unlimited

---

**EVENT TYPE**: Motion for Preliminary Injunction

---

APPEARANCES

---

**Nature of Proceeding: Motion for Preliminary Injunction**

**TENTATIVE RULING**

This matter is dropped from calendar.

**COURT RULING**

The Court affirmed the tentative ruling.

Superior Court Of California,
Sacramento
12/15/2021
lbaldwin1
By_____ , Deputy
Case Number:
34-2021-00312847

1   Christopher J. Fry, Esq. (SBN: 298874)
      *Email: cfry@frylawcorp.com*
2   **FRY LAW CORPORATION**
      980 9th Street, 16th Floor
3   Sacramento, California 95814
      Telephone: (916) 291-0700
4   Facsimile: (916) 848-0256

5   Attorneys for Plaintiff,
      **JULIE C. GALLAGHER**

6

7

8          **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9            **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12   JULIE C. GALLAGHER,           **CASE NO.:**

13         Plaintiff,               **COMPLAINT FOR:**

14       vs.                      **1. Negligence;**

15   PHH MORTGAGE CORPORATION;    **2. Violation of Civ. Code § 2923.6;**
      WESTERN PROGRESSIVE, LLC;
16   DEUTSCHE BANK TRUST COMPANY   **3. Violation of Civ. Code § 2924.11;**
      AMERICAS; and DOES 1-100, inclusive
17                          **4. Violation of Bus. & Prof. Code §**
            Defendants.          **17200, *et seq.*;**
18
                         **5. Breach of Contract;**
19
                         **6. Violation of California Civil Code**
20                          **Section 2924(a)(6); and,**

21                          **7. Wrongful Foreclosure.**

22                          **DEMAND FOR JURY TRIAL**

23                          **DEMAND EXCEEDS $25,000.00**

24

25

26

27

28

                                    **COMPLAINT**

*Fry Law Corporation*
*Trial Attorneys*

1    Plaintiff JULIE C. GALLAGHER ("Plaintiff" or "Ms. Gallagher"), by and through

2    counsel, for her Complaint against the defendants, upon information and belief alleges as

3    follows:

4                                    **PARTIES**

5    1.    Plaintiff is a resident of Sacramento County, California. Plaintiff brings this

6    action against the defendants for damages and harm resulting from the defendants' willful

7    and reckless violation of California law relating to the servicing and wrongful foreclosure

8    of a residential mortgage.

9    2.    The residential mortgage concerns the property located at 1304 Freswick

10   Drive, Folsom, CA 95630.

11   3.    Defendant, PHH MORTGAGE CORPORATION ("PHH") is a New Jersey

12   Corporation conducting business within this judicial district. Defendant PHH is the current

13   servicer of the subject mortgage.

14   4.    Defendant, DEUTSCHE BANK TRUST COMPANY AMERICAS ("Deutsche

15   Bank") is, and at all relevant times was, an unknown entity, conducting business within

16   this judicial district, and claiming an interest in the Property. It is alleged that Deutsche

17   Bank was instructing PHH to act on its behalf and purporting to be the beneficiary of the

18   subject mortgage.

19   5.    Defendant, WESTERN PROGRESSIVE, LLC ("Western") is, and at all

20   relevant times was, a California corporation, conducting business within this judicial

21   district, and claiming an interest in the Property. It is alleged that Western was instructed

22   by Deutsche Bank and PHH to act on their behalf and purporting to be the trustee of the

23   subject mortgage.

24   6.    Plaintiff is ignorant of the true names and capacities of the defendants sued

25   herein under the fictitious names Does 1 through 100, inclusive, and Plaintiff will amend

26   this Complaint to allege such names and capacities as soon as they are ascertained.

27   Each of said fictitiously named defendants is responsible in some manner for the wrongful

28   acts complained of herein.

1    7.    Each defendant was the agent and employee of each other defendant and

2    in doing, saying, or omitting to say the things alleged, was acting within the course and

3    scope of such agency and with the permission and consent of each of the other

4    defendants.

5    8.    Each defendant aided and abetted, encouraged, and rendered substantial

6    assistance to the other defendants in breaching their obligations to Plaintiff.  In taking

7    action to aid and abet and substantially assist the commissions of these wrongful acts

8    and other wrongdoings complained of, each defendant acted with an awareness of its

9    primary wrongdoing and realized that its conduct would substantially assist the

10    accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

11    9.    Each defendant knowingly and willfully conspired, engaged in a common

12    enterprise, and engaged in a common course of conduct to accomplish the wrongs

13    herein. The purpose and effect of the conspiracy, common enterprise, and common

14    course of conduct complained of was, inter alia, to financially benefit defendants at the

15    expense of Plaintiff by engaging in the wrongful conduct.

16    10.    Defendants accomplished their conspiracy, common enterprise, and

17    common course of conduct by misrepresenting and concealing material information

18    regarding the servicing of loans, and by taking steps and making statements in

19    furtherance thereof.  Each defendant was a direct, necessary and substantial participant

20    in the conspiracy, common enterprise and common course of conduct herein, and was

21    aware of its overall contribution to and furtherance thereof.  Defendants' wrongful acts

22    include, inter alia, all the acts that each of them is alleged to have committed in

23    furtherance of the wrongful conduct herein.

24    **JURISDICTION AND VENUE**

25    11.    Pursuant to Code of Civil Procedure section 392(a), venue is proper in this

26    Court because the subject real property at issue in this litigation is situated in this county,

27    Plaintiff resides in this county, the contract was performed in this county and notices

28    relating to the property were recorded in this county.

**Fry Law Corporation**
Trial Attorneys

**COMPLAINT**
2

1    12.    The defendants engaged in regular business within the State of California,
2    which business is related to the events which give rise to the instant lawsuit. The subject
3    events transpired within the State of California. The defendants have "sufficient minimum
4    contacts" with the State of California such that this Court's exercise of personal jurisdiction
5    over the defendants herein "[does] not offend traditional notions of fair play and
6    substantial justice." [1]

7                              **FACTUAL BACKGROUND**

8    13.    The Property is located in Sacramento County, California and has been Ms.
9    Gallagher's primary residence for roughly 20 years.

10    14.    On or around June of 2004, Ms. Gallagher and her husband (divorce
11    pending) purchased the home. In 2007, they refinanced the property and took out a
12    mortgage with Indymac Bank, FSB.

13    15.    Plaintiff entered into the Loan to include a Deed of Trust securing such note
14    covering the Property, then and now the principal dwelling and home of Plaintiff. A
15    different company was named as the trustee under the Deed of Trust. Deutsche Bank is
16    allegedly the assignee of the Deed of Trust on the Property. PHH is the mortgage servicer
17    on the account.

18    16.    On or about April of 2019, a known "robo-signor" signed an Assignment of
19    Deed of Trust purporting to transfer all beneficial interest in the Deed of Trust from the
20    original bank to Deutsche Bank. The trust in which the mortgage was purportedly
21    assigned contained a 2007 cut-off.

22    17.    Plaintiffs believe that the subject mortgage trust is a REMIC trust which
23    enjoys tax-free status if properly formed. However, if property is transferred into the trust
24    after the cut-off or closing date, it can jeopardize the tax-exempt status. According to State
25    and Federal law, mortgages not assigned to said trust before the cut-off were not included
26    in the trust.

27

28    [1] *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Fry Law Corporation
Trial Attorneys

**COMPLAINT**

3

1    18.    Based on the foregoing, Defendants Deutsche Bank and PHH were either
2   barred from accepting the untimely assignment or refused it. Either of which concludes
3   that they did not receive a beneficial interest and therefore, could not authorize a valid
4   foreclosure sale.

5    19.    As a result of a downturn in the economy, Plaintiff began experiencing a
6   financial hardship. Ultimately, Plaintiff began to fall behind the mortgage payments.
7   Plaintiff contacted PHH for help and was instructed to submit a loan modification package
8   to the lender.

9    20.    In November of 2019, Western recorded a Notice of Default and began
10   instituting foreclosure proceedings. However, Plaintiff was never provided with any notice
11   that Western had replaced, substituted, and removed the original trustee as the named
12   trustee under the Deed of Trust. As such, the NOD is void.

13    21.    Nevertheless, Plaintiff worked with PHH for months. Finally, in 2021,
14   Plaintiff was invited and submitted a loan modification packet to PHH. Over the course of
15   the next few months, Plaintiff would continuously provide updated financial information to
16   PHH and would timely comply with all its document requests. At various points, Plaintiff
17   was required to submit updated financial documents, pay stubs, and bank statements.
18   Plaintiff timely complied with all PHH's requests.

19    22.    On August 1, 2021, Plaintiff was delighted to receive a "Trial Period Plan"
20   modification plan. It was simple, she was required to submit three (3) monthly payments
21   of $3,745.51 and in exchange for those payments, the loan would be permanently
22   modified and brought current.

23    23.    Plaintiff made all three (3) payments as requested, with the last one in
24   October of 2021.

25    24.    With complete disregard for the modification that was approved and
26   pending, on or around November 10, 2021, Western, as the purported trustee for PHH,
27   recorded a Notice of Trustee's Sale ("NTS") on Plaintiff's Property.

28    25.    Plaintiff has now been forced to retain counsel to stop the foreclosure. Ms.

Fry Law Corporation
Trial Attorneys

**COMPLAINT**
4

1  Gallagher has had her credit ruined and has fallen further behind in her monthly payments
2  due to Respondents' refusal to accept payment or to settle for a fair resolution.

3      26.    All the foreclosure recordings are at odds with the trustee named in the
4  Deed of Trust. Despite lacking a beneficial interest in the mortgage, Defendants initiated
5  the foreclosure sale of the Subject Property and recorded the foreclosure documents
6  shortly thereafter.

7      27.    As a result of the refusal by the defendants to conduct a fair modification
8  review, Plaintiff has suffered severe stress and emotional trauma.

9      34.    Defendants foreclosed in direct violation of California law. Plaintiff has
10  incurred thousands in late fees, delinquency charges and foreclosure fees charged by
11  Defendants. Further, Defendant PHH failed to provide a fair loan modification review and
12  is attempting to foreclose on the home, capitalizing on the equity Plaintiff worked so hard
13  to achieve.

14      35.    Plaintiff was fully capable of paying the mortgage if the payment was
15  modified and the arrearages worked out.  Since she was not given a fair opportunity to
16  be reviewed for a modification, she will ultimately become homeless, a fact the
17  Defendants were fully aware of.

18      36.    The Defendants' conduct deprived Plaintiff of the possibility of reaching a
19  resolution to the default prior to sustaining damages. Had PHH fairly and carefully
20  reviewed Plaintiff for the modification, she would have been approved and would not have
21  suffered the damages alleged herein.

22                          **FIRST CAUSE OF ACTION**

23                                  **Negligence**

24                          **(Against All Defendants)**

25      37.    Plaintiff incorporates herein by this reference each allegation set forth above
26  and below, as though fully set forth herein.

27      38.    Defendant PHH was negligent by failing to properly review the loan
28  modification application and by failing to remedy the mistake.

1   39.   Further, PHH negligently made false representations when they promised
2   a loan modification review and failed to review it with due care.

3   40.   Plaintiff relied on the promise and refrained from exploring alternative
4   options. The representations were ultimately proven to be untrue when Defendants
5   ignored Plaintiff and made it clear they had no intent of giving a fair loan modification
6   review.

7   40.   At the time the defendants made the representations to Plaintiff as above
8   alleged, they knew, or should have known, that said representations were in fact false,
9   and nevertheless made them, with the intent to induce Plaintiff to continue to make
10   payments or refrain from exploring other options to only benefit the defendants.

11   42.   Defendants have violated the statutes set forth herein, which mandate a
12   duty upon the defendants to ensure that appropriate safeguards are put into place prior
13   to any foreclosure threats. These sections were designed specifically to protect
14   homeowners, such as Plaintiff, from wrongful foreclosures.

15   43.   As set forth above, Defendants continue to breach this duty by acting in
16   violation of these statutes, and by failing to reasonably allow Plaintiff a fair opportunity to
17   be reviewed in accordance with such.

18   44.   The statutes below and above also mandate a duty upon the defendants to
19   ensure that appropriate safeguards are put into place with respect to loan modifications.
20   For example, Civil Code section 2923.4 clearly imposes a duty on banks to give borrowers
21   a good-faith opportunity to remedy the default prior to foreclosure. It states:

22   The purpose of the act that added this section is to ensure that, as part of
     the non-judicial foreclosure process, borrowers are considered for, and
23   have a meaningful opportunity to obtain, available loss mitigation options, if
     any, offered by or through the borrower's mortgage servicer, such as loan
24   modifications or other alternatives to foreclosure.

25   45.   Moreover, section 2923.6 below imposes a duty upon banks and servicers
26   to properly represent the status of loan modifications and refrain from dual tracking.

27   46.   Plaintiff was fully capable of paying the mortgage if the payment was
28   modified and the arrearages worked out. Plaintiff became homeless because of the

Fry Law Corporation
Trial Attorneys

COMPLAINT
6

1    botched loan modification process.

2        47.    The defendants' breach of duty and negligent conduct deprived Plaintiff of
3    the possibility of reaching a resolution to the default. Had defendants fairly and carefully
4    reviewed Plaintiffs for loss mitigation options, she would not have suffered the damages
5    alleged herein.

6        48.    The subject conduct was unquestionably intended to affect Plaintiff. The
7    decision on Plaintiff's loan modification application would determine whether she could
8    keep the home.

9        49.    The potential harm to Plaintiff from mishandling the application processing
10    was readily foreseeable as the loss of an opportunity to keep the home was the inevitable
11    outcome. Although there was no guarantee the modification would be granted had the
12    loan been properly processed, the mishandling of the documents deprived Plaintiff of the
13    possibility of obtaining the requested relief.

14        50.    The injury to Plaintiff is certain, in that she lost the opportunity of obtaining
15    a loan modification and foreclosure documents have been recorded resulting in the losing
16    of the home.

17        51.    There is a close connection between the defendants' conduct and the injury
18    suffered, because, to the extent Plaintiff otherwise qualified and would have been granted
19    a modification, defendants' conduct in mishandling the loan modification application
20    submitted by Plaintiff directly precluded the loan modification application from being timely
21    or fairly processed.

22        52.    The existence of a public policy of preventing future harm to home loan
23    borrowers is shown by recent actions taken by both the state and federal government to
24    help homeowners caught in the home foreclosure crisis as set forth in the other violations
25    demonstrated herein.

26        53.    Moral blame attaches to the defendants' specific conduct as they are
27    dealing with the most important thing to Plaintiff, a family home.

28        54.    As a direct and proximate result, Plaintiff has sustained damages, including,

**COMPLAINT**

7

1    but not limited to, excessive interest accumulation, negative amortization, loss of equity,

2    destruction of credit standing, pain, suffering, and emotional distress, in an amount to be

3    shown at trial.

4                                    **SECOND CAUSE OF ACTION**

5                        **Violation of California Civil Code Section 2923.6**

6                                     **(Against All Defendants)**

7        55.    Plaintiff incorporates herein by this reference each allegation set forth above

8    and below, as though fully set forth herein.

9        56.    Civil Code section 2923.6, subdivision (c) bars foreclosing parties from

10   recording a Notice of Default, Notice of Trustee's Sale, or otherwise proceeding with a

11   foreclosure while a completed loan modification application has been submitted by a

12   borrower. It states:

13       If a borrower submits a complete application for a first lien loan modification
         offered by, or through, the borrower's mortgage servicer, a mortgage
14       servicer, mortgagee, trustee, beneficiary, or authorized agent shall not
         record a notice of default or notice of sale, or conduct a trustee's sale, while
15       the complete first lien loan modification application is pending.

16       57.    The statutes further require a detailed written notice outlining the basis for

17   any denial and various other provisions relating to accurately and timely notifying

18   borrowers about the status of their loan modification applications.

19       58.    As set forth above, Plaintiff submitted to PHH and confirmed receipt of a

20   complete loan modification application and was approved. PHH erroneously reviewed the

21   application, recorded foreclosure documents and will ultimately sell the home while an

22   application was pending review.

23       59.    As a result, Plaintiff has sustained damages, including, but not limited to,

24   excessive interest accumulation, negative amortization, loss of equity, destruction of

25   credit standing, late fees and other charges, pain, suffering, and emotional distress, in an

26   amount to be shown at trial.

27       ///

28       ///

1                              **THIRD CAUSE OF ACTION**

2                 **Violation of California Civil Code Section 2924.11**

3                              **(Against All Defendants)**

4          60.     Plaintiff incorporates herein by this reference each allegation set forth above

5     and below, as though fully set forth herein.

6          61.     Civil Code section 2924.11, subdivision (f) bars mortgage servicers from

7     charging late fees or other delinquency related fees while a completed loan modification

8     application has been submitted by a borrower.

9          62.     As set forth above, Plaintiff submitted a complete loan modification

10    application to PHH.  Plaintiff's home was foreclosed upon, and the mortgage has incurred

11    delinquency related fees and charges during the review process.

12         63.     Though miscellaneous fees and charges are listed on Plaintiff's mortgage

13    statements, there is insufficient detail to include when and who charged what without

14    extensive discovery.

15         64.     As a result, Plaintiff has sustained damages, including, but not limited to,

16    excessive interest accumulation, negative amortization, loss of equity, destruction of

17    credit standing, loss of the home, and late fees and other charges, in an amount to be

18    shown at trial.

19                             **FOURTH CAUSE OF ACTION**

20    **Violation of California Business and Professions Code Section 17200, *et seq.***

21                             **(Against All Defendants)**

22         65.     Plaintiff incorporates herein by this reference each allegation set forth above

23    and below, as though fully set forth herein.

24         66.     Business and Professions Code section 17200, et seq. prohibits unfair or

25    deceptive business practices.  As alleged herein, Plaintiff has standing to pursue this

26    claim as he has suffered injury in fact and has lost money or property because of the

27    named defendants' actions as set forth herein.

28         67.     Defendants have violated the law as set forth above and below, in an

Fry Law Corporation
Trial Attorneys

1   ongoing pattern of unlawful, unfair, and fraudulent business practices.  The defendants
2   failed to ensure that appropriate safeguards are put into place prior to the pending
3   foreclosure. These safeguards were designed specifically to protect homeowners, such
4   as Plaintiff, from improper loan modification procedures, dual-tracking, and otherwise
5   wrongful foreclosures.  Defendants' ongoing conduct offends established public policy,
6   and the unlawful, unfair, and fraudulent business practices are oppressive and
7   substantially injurious to consumers.

8       68.    As set forth above, Plaintiff is and was being reviewed for loss mitigation
9   options by way of a loan modification while the home was sold, and recordings were
10  made. Plaintiff was misled by Defendants' conduct of confirming receipt of documents
11  she submitted, confirming that the application for a loan modification was under review,
12  and promising that she would receive a fair review. However, the Defendants have
13  repeatedly continued foreclosure recordings and ultimately foreclosed on Plaintiff's home
14  and negligently reviewed the application.

15      69.    As further described below, Plaintiff entered a contract that was not
16  honored. Further, Plaintiff submitted a completed loan modification to defendants.
17  Nevertheless, Plaintiff was never given a modification review as the law provides, she
18  was entitled to and moreover as she was promised.  The application was never fairly
19  reviewed, and the defendants continued to foreclose.

20      70.    As a result of the defendants' unfair business practices, Plaintiff has
21  sustained monetary damages, including, but not limited to, excessive interest
22  accumulation, negative amortization, loss of equity, destruction of credit standing, pain,
23  suffering, and emotional distress, in an amount to be shown at trial.

24                          **FIFTH CAUSE OF ACTION**

25                              **Breach of Contract**

26                             **(Against All Defendants)**

27      71.    Plaintiff incorporates herein by this reference each allegation set forth above
28  and below, as though fully set forth herein.

Fry Law Corporation
Trial Attorneys

1    72.    In connection with the subject mortgage loan, Plaintiff and defendant PHH,
2    entered into a verbal and/or implied-in-fact contract whereby defendant PHH, agreed to
3    review the subject mortgage loan for a loan modification in good faith before it foreclosed.

4    73.    Plaintiff and Defendants also entered into a written and/or verbal contract
5    with respect to the trial period payments.

6    74.    Plaintiff fully performed under the contract as required of her by submitting
7    all requisite documents immediately after they were requested.

8    75.    Without excuse, PHH materially breached the contract by failing to perform
9    by not providing the loan modification review as promised and wrongfully initiating
10    foreclosure proceedings and ultimately selling Plaintiff's home.

11    76.    As a proximate result of defendants' said breach of contract, Plaintiff has
12    sustained damages, including, but not limited to, fees and charges, excessive interest
13    accumulation, negative amortization, loss of equity, loss of property and destruction of
14    credit standing, in an amount to be shown at trial.

15                                **SIXTH CAUSE OF ACTION**
16                    **Violation of California Civil Code Section 2924(a)(6)**
17                                **(Against All Defendants)**

18    77.    Plaintiff incorporates herein by this reference each allegation set forth above
19    and below, as though fully set forth herein.

20    78.    Former Civil Code section 2924(a)(6) bars all defendants from initiating
21    foreclosure unless they are the holder of the beneficial interest under the mortgage or
22    deed of trust, the original trustee or the substituted trustee under the deed of trust, or the
23    designated agent of the holder of the beneficial interest.

24    79.    As set forth above, defendants foreclosed under the subject Deed of Trust
25    although they are not beneficiaries, trustees, or otherwise authorized to initiate
26    foreclosure proceedings.

27    80.    As a result, Plaintiff has sustained damages, including, but not limited to,
28    excessive interest accumulation, negative amortization, loss of equity, destruction of

Fry Law Corporation
Trial Attorneys

1    credit standing, pain, suffering, and emotional distress, in an amount to be shown at trial.

2                          **SEVENTH CAUSE OF ACTION**

3                              **Wrongful Foreclosure**

4                              **(Against All Defendants)**

5          81.    Plaintiff incorporates herein by this reference each allegation set forth

6    above, as though fully set forth herein.

7          82.    Civil Code section 2923.6 bars all defendants from foreclosing on a

8    mortgage while a loss mitigation option is being reviewed and requires certain other tasks

9    not performed. The former code sections also barred the foreclosure of properties by

10   anyone other than the beneficial owner. California law also imposes a duty of care to

11   review loss mitigation options diligently before foreclosing.

12         83.    As set forth above, defendants foreclosed under the subject Deed of Trust

13   although a loss mitigation application was under review and/or while lacking the beneficial

·14  interest to do so.

15         84.    As a result, Plaintiff has sustained damages, including, but not limited to,

16   excessive interest accumulation, negative amortization, loss of equity, destruction of

17   credit standing, and late fees and other charges, in an amount to be shown at trial. ·

18              **DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES**

19   Plaintiff, JULIE C. GALLAGHER, hereby demands a trial by jury.

20         WHEREFORE, Plaintiff, JULIE C. GALLAGHER, prays for Judgment and Order

21   against the defendants, as follows:

22         1.     That Judgment is entered for Plaintiff and against defendants, and each of

23   them;

24         2.     For an Order requiring defendants to show cause, if they have any, why

25   they should not be enjoined as set forth below, during the pendency of the action;

26         3.     For compensatory damages, according to proof at trial;

27       · 4.     For consequential damages, according to proof at trial; .

28         5.     For treble, general, and statutory damages for all injuries resulting from the

                                      **COMPLAINT**
                                          12

Fry Law Corporation
Trial Attorneys

1   causes of action set forth herein according to proof at trial;

2       6.    For disgorgement and restitution of all earnings, profits, compensation and

3   benefits received by defendants as a result of their unlawful acts and practices;

4       7.    For punitive and/or exemplary damages in an amount sufficient to punish

5   defendants' wrongful conduct and deter future misconduct;

6       8.    For an accounting from defendants of all monies received by them on

7   Plaintiff's subject mortgage loan;

8       9.    Prejudgment interest;

9      10.   Costs and disbursements of the action;

10     11.   Attorney's fees;

11     12.   Specific performance of the breached contract alleged; and,

12     13.   For such other and further relief as the Court may deem just and proper.

13

14   DATED:  December 15, 2021      Respectfully submitted,

15                      **FRY LAW CORPORATION**

16

17                      By:_____

18                          Christopher J. Fry, Esq.
                                   *Attorney for Plaintiff*

19

20

21

22

23

24

25

26

27

28

Fry Law Corporation
Trial Attorneys

**COMPLAINT**

13

RECEIVED
IN DROP BOX

2021 DEC 15   PM 3: 21

DOWNTOWN COURTHOUSE
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Christopher J. Fry, Esq. (SBN: 298874)
Fry Law Corporation
980 9th Street, 16th Floor
Sacramento, California 95814

TELEPHONE NO.: (916) 291-0700    FAX NO.: (916) 848-0256
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME: Gordon D. Schaber Courthouse

CASE NAME:
Gallagher v. PHH Mortgage Corporation; et al.

**FILED**
Superior Court Of California,
Sacramento
12/15/2021
lbaldwin1
By_____, Deputy
Case Number:
34-2021-00312847

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☑ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 15, 2021
Christopher J. Fry, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
        Medical Malpractice–
        Physicians & Surgeons
        Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
        Premises Liability (e.g., slip
        and fall)
        Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
        Intentional Infliction of
        Emotional Distress
        Negligent Infliction of
        Emotional Distress
        Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

RECEIVED
IN DROP BOX

2021 DEC 15  PM 3: 21

DOWNTOWN COURTHOUSE
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ADDITIONAL PARTIES ATTACHMENT IS ATTACHED

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JULIE C. GALLAGHER

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Superior Court Of California,
S...

12/21/2021
lbaldwin1
By_____ , Deputy
Case Number:
34-2021-00312847

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Sacramento County Superior Court<br><br>720 9th St. Sacramento, CA 95814 | CASE NUMBER:<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher J. Fry, Esq., 980 9th Street, 16th Floor, Sacramento, California 95814; (916) 291-0700;

| DATE:<br>*(Fecha)* | DEC 2 1 2021 | Clerk, by<br>*(Secretario)* | | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gallagher v. PHH Mortgage Corporation; et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

PHH MORTGAGE CORPORATION; WESTERN PROGRESSIVE, LLC; DEUTSCHE BANK TRUST COMPANY AMERICAS; and DOES 1-100, inclusive

Page   2   of   2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**



RECEIVED
IN DROP BOX

2021 DEC 15  PM 3: 22

DOWNTOWN COURTHOUSE
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO



**SUPERIOR COURT OF CALIFORNIA**

**County of Sacramento**
720 Ninth Street, Room 102
Sacramento, CA 95814-1311

| | For Court Use Only |

PETITIONER/PLAINTIFF: Julie C. Gallagher

RESPONDENT/DEFENDANT: PHH Mortgage Corporation, et al.

| **ORDER RE: DELAY IN SCHEDULING INITIAL CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 34-2021-00312847 |

The Court finds good cause to delay the scheduling of the initial Case Management Conference for this case given the COVID-19 pandemic and its impact on court-wide operations. Among the affected operations is the Court's Case Management Program (CMP). The Court's CMP calendars have been and remain suspended until further notice. After the CMP Departments resume operations, the Court will schedule the initial Case Management Conference in this case and issue a Notice of Case Management Conference and Order to Appear.

The deadline for filing and service of the Case Management Conference Statements will be based upon the date for the initial Case Management Conference once it has been scheduled.

Parties shall continue to accomplish service of all parties named in the action.

Parties shall continue to ensure that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered.

Plaintiff shall serve a copy of this order on any party to the complaint. The cross-complainant shall have the same obligation with respect to the cross-complaint

RICHARD K. SUEYOSHI

Dated: 12/15/2021

_____
Richard K. Sueyoshi, Judge of the Superior Court

Page 1 of 1

Order re: Delay In Scheduling Initial Case Management Conference



1   Christopher J. Fry, Esq. (SBN: 298874)
        Email: cfry@frylawcorp.com
2   **FRY LAW CORPORATION**
    980 9th Street, 16th Floor
3   Sacramento, California 95814
    Telephone: (916) 291-0700
4   Facsimile: (916) 848-0256

5   Attorneys for Plaintiff,
    **JULIE C. GALLAGHER**

6

7

8           **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9               **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12  JULIE C. GALLAGHER,              **CASE NO.: 34-2021-00312847**

13              Plaintiff,           **DECLARATION OF CHRISTOPHER J.
                                     FRY REGARDING LATE EX PARTE**
14      vs.                          **NOTICE PURSUANT TO CRC 3.1204**

15  PHH MORTGAGE CORPORATION;        **DATE:** December 30, 2021
    WESTERN PROGRESSIVE, LLC;        **TIME:** 9:45 a.m.
16  DEUTSCHE BANK TRUST COMPANY      **DEPT.:** 53
    AMERICAS; and DOES 1-100, inclusive
17                                   **COMPLAINT FILED DECEMBER 15,
            Defendants.             2021**
18
                                     **Trial:** None Set.
19

20

21

22

23

24

25

26

27

28

_FILED/ENDORSED_
_DEC 29 2021_
By: ___E. Medina___
      Deputy Clerk

**Fry Law Corporation**
Trial Attorneys

──────────────────────────────────────────
        **DECLARATION OF CHRISTOPHER J. FRY REGARDING LATE EX PARTE NOTICE**

1    **DECLARATION OF CHRISTOPHER J. FRY RE: LATE NOTICE**

2    I, Christopher J. Fry, hereby declare as follows:

3    I am counsel of record in this matter for Plaintiff. I am duly licensed to practice law

4    in the State of California. If called as a witness in this action, I could competently testify

5    based on information and belief, as well as my own personal knowledge, as to the matters

6    set forth in this Declaration.

7    Plaintiffs' Complaint was originally filed on December 15, 2021. All named

8    Defendants have been served with the Complaint and Summons on December 27 and

9    28, 2021, respectively, but none have appeared.

10    Pursuant to California Rules of Court, Rule ("CRC") 3.1203(a), on December 29,

11    2021, on or about 11:28 a.m., I provided notice to all Defendants by e-mailing the following

12    addresses:

13    Todd E. Chvat, Esq.
      Wright Finlay & Zak LLP
14    4665 MacArthur Court, Suite 280
      Newport Beach, CA 92660
15    Email: tchvat@wrightlegal.net

16    Western Progressive, LLC
      Northpark Town Center
17    1000 Abernathy Road NE, Building 400, Suite 200
      Atlanta, GA 30328
18    Email: Trustee.Services@Altisource.com

19    Austin T. Beardsley, Esq.
      Katten Muchin Rosenman LLP
20    100 Spectrum Center Drive, Suite 1050
      Irvine, CA 92618
21    Email: austin.beardsley@kattenlaw.com

22    PHH Mortgage Services
      P.O. Box 5452
23    Mt. Laurel, NJ 08054
      CustomerCare@mortgagefamily.com

24

25    Also on December 29, 2021, on or about 11:45 a.m., I made phone calls to

26    Western Progressive, LLC directly, providing additional notice of this Application and the

27    time, date and department of the ex parte hearing, and inquiring whether they intended

28    to appear and/or oppose it.

**DECLARATION OF CHRISTOPHER J. FRY REGARDING LATE EX PARTE NOTICE**

1

1    Though CRC ordinarily requires notice by 10:00 a.m. the day before the hearing,
2    Rule 3.1204 allows for moving parties to notify the other parties after 10:00 a.m. if they
3    can demonstrate exceptional circumstances (CRC 3.1204(c).).

4    After filing the Complaint, I monitored the foreclosure sale on the Western
5    Progressive website. Up until late this morning, it was reflected as "hold." A true and
6    correct copy of a snapshot from December 24, 2021 confirming is attached hereto as
7    **Exhibit A**.

8    I checked the website Monday, December 27, 2021 and confirmed same. In an
9    abundance of caution, I had my office call Western Progressive and were told that the
10   sale is on "hold" and that a new sale date should generate on the day of the sale.

11   I checked the website on December 28, 2021, and confirmed it was on "hold."

12   I checked the website again on December 29, 2021, at approximately 11:00 a.m.
13   and saw that the status changed to "processing." A true and correct copy of the snapshot
14   from that day is attached hereto as **Exhibit B**.

15   I immediately sent out notice of our intent to appear ex parte at approximately
16   11:30 a.m. an hour and a half past 10:00 a.m. and just minutes after discovering the need
17   for a restraining order.

18   I believe these circumstances are extraordinary and warrant the allowance of
19   Plaintiff to pursue a restraining order despite failing to notify the parties by 10:00 a.m. the
20   day before the hearing.

21   Additionally, the mere fact that this application is relating to the foreclosure sale of
22   Plaintiff's home, a unique asset, is exceptional from other cases and scenarios.

23   I do not believe that any Defendant will be prejudiced in any way by the late notice
24   or by the sale being enjoined.

25   ///
26   ///
27   ///
28   ///

**DECLARATION OF CHRISTOPHER J. FRY REGARDING LATE EX PARTE NOTICE**

2

Fry Law Corporation
Trial Attorneys

1    I declare under penalty of perjury and under the laws of the State of California that

2    the foregoing is true and correct to the best of my personal knowledge.

3

4    DATED: December 29, 2021          Respectfully submitted,

5                                     FRY LAW CORPORATION

6

7                                     By:
                                         Christopher J. Fry, Esq.
8                                        *Attorney for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF CHRISTOPHER J. FRY REGARDING LATE EX PARTE NOTICE**

3

Fry Law Corporation
Trial Attorneys

# EXHIBIT A



# Trustee Services

Welcome : Christopher Fry

Logout

## Trustee Services - Sales

This site was created as a means to provide general information about pending foreclosure sales so as to create both internal and external efficiencies. The website is not intended to:

- Provide legal advice or legal opinion
- Establish an attorney-client relationship
- Provide investment advice

To contact Western Progressive and Power Default,

| | | |
|---|---|---|
| Western Progressive LLC | CA | (866) 960-8299 |
| Western Progressive Nevada, Inc | NV | (866) 960-8299 |
| Western Progressive Arizona, Inc | AZ | (866) 960-8299 |
| Power Default Services, Inc | TX | (855) 427-2204 |
| Western Progressive Washington, Inc | WA | (206) 876-9986 |

Users of this site may create printouts of the information contained on this site for personal use only.

To download a User Guide to assist you in understanding the usage and features of this website, click here.

To download the State wise bidding procedure and rules document, click here.

## IMPORTANT DISCLOSURE PURSUANT TO CA SB 1079, EFFECTIVE 1/1/2021 (CA CIVIL CODE § 2924m)

For foreclosure sale auctions conducted on or after January 1, 2021 with respect to properties containing from one to four residential units, the post-auction bid process described in Civil Code section 2924m may apply. Pursuant to the Civil Code, if you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding the potential right to purchase. All bidders for property subject to Civil Code section 2924m should be aware that there is the potential for the sale auction bidding process to be extended for up to 45 days following the sale auction, and Civil Code section 2924m does not require payment of interest on any bid funds remitted to the foreclosure trustee during the time funds are held by the foreclosure trustee. The disclosure of sale information on this website during the 45-day period following the sale auction as described in Civil Code section 2924m does not constitute a representation that the post-auction bid process in Civil Code section 2924m does apply to the properties listed herein. The post-auction bid process in Civil Code section 2924m does not apply unless the property subject to sale contains one to four residential units and does not apply if a prospective owner occupant is the high bidder at the sale auction pursuant to Civil Code section 2924m(c)(1).

Single Loan Search    Multiple Loan Search

 Chat Online -

Instructions:

- To search a file or a property, input the TS Number# or Property Address (Street, City, Zip Code and County)
- Click Search
- The property information will be displayed below

| City | Zip Code | County | 2019-02297-ca |
|---|---|---|---|

Search    Reset

 Export to Excel

| TS Number# | Property Address | County | Status | APN | Notice Posted On | Original Sale Date | New Sale Date | Sale Time | Location Of Sale | BID Amount | Important Notice | Sale Held Date | Final Highest BidAmount at Sale | Trustee Address to receive Documents | Post Auction Bid Process Status |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2019-02297-CA | 1304 Freswick Drive Folsom Sacramento 95630 | Sacramento | Hold | 071-1520-0176-0000 | | 12/30/2021 | 12/30/2021 | 01:30 PM | AT THE EAST MAIN ENTRANCE TO THE COUNTY COURTHOUSE 720 9TH STREET, SACRAMENTO, CA 95814 | | | | | | |

Chat Online -

# EXHIBIT B



# Trustee Services

Welcome : Christopher Fry

## Trustee Services - Sales

This site was created as a means to provide general information about pending foreclosure sales so as to create both internal and external efficiencies. The website is not intended to:

- Provide legal advice or legal opinion
- Establish an attorney-client relationship
- Provide investment advice

To contact Western Progressive and Power Default,

| | | |
|---|---|---|
| Western Progressive LLC | CA | (866) 960-8299 |
| Western Progressive Nevada, Inc | NV | (866) 960-8299 |
| Western Progressive Arizona, Inc | AZ | (866) 960-8299 |
| Power Default Services, Inc | TX | (855) 427-2204 |
| Western Progressive Washington, Inc | WA | (206) 876-9986 |

Users of this site may create printouts of the information contained on this site for personal use only.

To download a User Guide to assist you in understanding the usage and features of this website, click here.

To download the State wise bidding procedure and rules document, click here.

# IMPORTANT DISCLOSURE PURSUANT TO CA SB 1079, EFFECTIVE 1/1/2021 (CA CIVIL CODE § 2924m)

For foreclosure sale auctions conducted on or after January 1, 2021 with respect to properties containing from one to four residential units, the post-auction bid process described in Civil Code section 2924m may apply. Pursuant to the Civil Code, if you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding the potential right to purchase. All bidders for property subject to Civil Code section 2924m should be aware that there is the potential for the sale auction bidding process to be extended for up to 45 days following the sale auction, and Civil Code section 2924m does not require payment of any bid funds remitted to the foreclosure trustee during the time funds are held by the foreclosure trustee. The disclosure of sale information on this website during the 45-day period following the sale auction as described in Civil Code section 2924m does not constitute a representation that the post-auction bid process in Civil Code section 2924m does apply to the properties listed herein. The post-auction bid process in Civil Code section 2924m does not apply unless the property subject to sale contains one to four residential units and does not apply if a prospective owner occupant is the high bidder at the sale auction pursuant to Civil Code section 2924m(c)(1).

Single Loan Search | Multiple Loan Search

Chat Online -

Instructions:

- To search a file or a property, input the TS Number# or Property Address (Street, City, Zip Code and County)
- Click Search
- The property information will be displayed below

| City | Zip Code | County | 2019-02297-ca |
|------|----------|--------|---------------|

[ Search ]  [ Reset ]

📊 Export to Excel

| TS Number# | Property Address | County | Status | APN | Notice Posted On | Original Sale Date | New Sale Date | Sale Time | Location Of Sale | BID Amount | Important Notice | Sale Held Date | Final Highest BidAmount at Sale | Trustee Address to receive Documents | Post Auction Bid Process Status |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2019-02297-CA | 1304 Frewick Drive Folsom Sacramento 95630 | Sacramento | Processing | 071-1520-076-0000 | | 12/30/2021 | 12/30/2021 | 01:30 PM | AT THE EAST MAIN ENTRANCE TO THE COUNTY COURTHOUSE 720 9TH STREET, SACRAMENTO, CA 95814 | | | | | | |

😊 Chat Online -

1

## PROOF OF SERVICE
## CALIFORNIA SUPERIOR COURT

2

3    I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: 980 9th Street, 16th Floor, Sacramento, California 95814. On December 29, 2021, I served the foregoing document(s) described as:

4

5

6    **DECLARATION OF CHRISTOPHER J. FRY REGARDING LATE EX PARTE NOTICE PURSUANT TO CRC 3.1204**

7

8    On all interested parties in this action by placing [  ] the original [ x ] a true copy thereof enclosed in sealed envelopes addressed as follows:

9    Western Progressive, LLC
     Northpark Town Center
10   1000 Abernathy Road NE, Building 400, Suite 200
     Atlanta, GA 30328
11   Email: Trustee.Services@Altisource.com

12   PHH Mortgage Services
     P.O. Box 5452
13   Mt. Laurel, NJ 08054
     CustomerCare@mortgagefamily.com
14
     Deutsche Bank Trust Company Americas
15   c/o CT Corporation
     330 N Brand Blvd Suite 700
16   Glendale, CA 91203

17   [X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business.  I further caused electronic copies of the foregoing document(s) to be delivered to the e-mail addresses as appearing above.

18

19

20

21   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct. Executed on December 29, 2021, at Sacramento, California.

22

23

24

25   Christopher J. Fry

26

27

28

DECLARATION OF CHRISTOPHER J. FRY REGARDING LATE EX PARTE NOTICE

4

RECEIVED
LAW AND MOTION DROP BOX

2021 DEC 29   PM 3:39

GOSSO COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY



FILED/ENDORSED

DEC 2 9 2021

By: _____E. Medina_____
Deputy Clerk

1   Christopher J. Fry, Esq. (SBN: 298874)
        Email: cfry@frylawcorp.com
2   **FRY LAW CORPORATION**
    980 9th Street, 16th Floor
3   Sacramento, California 95814
    Telephone: (916) 291-0700
4   Facsimile: (916) 848-0256

5   Attorneys for Plaintiff,
    **JULIE C. GALLAGHER**

6

7

8           **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9               **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12   JULIE C. GALLAGHER,                    **CASE NO.: 34-2021-00312847**

13                  Plaintiff,              **DECLARATION OF CHRISTOPHER J.
                                            FRY IN SUPPORT OF EX PARTE**
14          vs.                             **APPLICATION FOR A TEMPORARY
                                            RESTRAINING ORDER AND AN**
15   PHH MORTGAGE CORPORATION;              **ORDER TO SHOW CAUSE WHY A**
     WESTERN PROGRESSIVE, LLC;              **PRELIMINARY INJUNCTION SHOULD**
16   DEUTSCHE BANK TRUST COMPANY            **NOT BE ISSUED**
     AMERICAS; and DOES 1-100, inclusive
17                                          [*Filed Concurrently With Plaintiff's
                    Defendants.             Notice of Ex Parte Application;*
18                                          *Declaration of Christopher J. Fry; Point*
                                            *and Authorities; [Proposed] Order.*]
19
                                            **DATE:** December 30, 2021
20                                          **TIME:** 9:45 a.m.
                                            **DEPT.:** 53
21
                                            **COMPLAINT FILED DECEMBER 15,
22                                          2021**

23                                          **Trial:** None Set.

24

25

26

27

28

_____

                **DECLARATION OF CHRISTOPHER J. FRY**

Fry Law Corporation
Trial Attorneys

1    **DECLARATION OF CHRISTOPHER J. FRY IN SUPPORT OF EX PARTE**

2    **APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

3        I, Christopher J. Fry, hereby declare as follows:

4        I am counsel of record in this matter for Plaintiff. I am duly licensed to practice law

5    in the State of California. If called as a witness in this action, I could competently testify

6    based on information and belief, as well as my own personal knowledge, as to the matters

7    set forth in this Declaration.

8        Plaintiffs' Complaint was originally filed on December 15, 2021. A true and correct

9    copy of the Complaint is attached hereto as **Exhibit A**. All named Defendants have been

10   served with the Complaint and Summons on December 27 and 28, 2021, respectively,

11   but none have appeared.

12       Pursuant to California Rules of Court, Rule 3.1203(a), on December 29, 2021, on

13   or about 11:28 a.m., I provided notice to all Defendants by e-mailing the following

14   addresses:

15   Todd E. Chvat, Esq.
     Wright Finlay & Zak LLP
16   4665 MacArthur Court, Suite 280
     Newport Beach, CA 92660
17   Email: tchvat@wrightlegal.net

18   Western Progressive, LLC
     Northpark Town Center
19   1000 Abernathy Road NE, Building 400, Suite 200
     Atlanta, GA 30328
20   Email: Trustee.Services@Altisource.com

21   Austin T. Beardsley, Esq.
     Katten Muchin Rosenman LLP
22   100 Spectrum Center Drive, Suite 1050
     Irvine, CA 92618
23   Email: austin.beardsley@kattenlaw.com

24   PHH Mortgage Services
     P.O. Box 5452
25   Mt. Laurel, NJ 08054
     CustomerCare@mortgagefamily.com

26

27       Also on December 29, 2021, on or about 11:45 a.m., I made phone calls to

28   Western Progressive, LLC directly, providing additional notice of this Application and the

<div style="writing-mode: vertical">Fry Law Corporation
Trial Attorneys</div>

**DECLARATION OF CHRISTOPHER J. FRY**

1

1    time, date and department of the ex parte hearing, and inquiring whether they intended

2    to appear and/or oppose it.

3        I did not receive any e-mail or phone responses from Defendants' counsel as

4    related to this Application and therefore am unsure if Defendants intend to appear at the

5    hearing and/or oppose the Application and injunctive relief sought hereunder.

6        I have been assured by counsel for Defendants that the Defendants are getting

7    my communications. I believe the Defendants have been properly notified of said hearing.

8        Based on Defendants' counsel still being unable or unwilling to provide

9    confirmation that the December 30, 2021, sale date has been or will be removed from

10   calendar, it remained necessary and urgent for Plaintiff to pursue this ex parte Application

11   seeking injunctive relief to prohibit the sale.

12       I declare under penalty of perjury and under the laws of the State of California that

13   the foregoing is true and correct to the best of my personal knowledge.

14

15   DATED:  December 29, 2021        Respectfully submitted,

16                                    FRY LAW CORPORATION

17

18                                    By: _____
                                           Christopher J. Fry, Esq.
19                                         *Attorney for Plaintiff*

20

21

22

23

24

25

26

27

28

_____

**DECLARATION OF CHRISTOPHER J. FRY**

2

EXHIBIT A

FILED
Superior Court Of California,
Sacramento
12/15/2021
lbaldwin1
By_____ , Deputy
Case Number:
34-2021-00312847

1  Christopher J. Fry, Esq. (SBN: 298874)
       Email: cfry@frylawcorp.com
2  **FRY LAW CORPORATION**
   980 9th Street, 16th Floor
3  Sacramento, California 95814
   Telephone: (916) 291-0700
4  Facsimile: (916) 848-0256

5  Attorneys for Plaintiff,
   **JULIE C. GALLAGHER**

6

7

8              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                 **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12  JULIE C. GALLAGHER,                    **CASE NO.:**

13              Plaintiff,                 **COMPLAINT FOR:**

14       vs.                              **1. Negligence;**

15  PHH MORTGAGE CORPORATION;             **2. Violation of Civ. Code § 2923.6;**
    WESTERN PROGRESSIVE, LLC;
16  DEUTSCHE BANK TRUST COMPANY           **3. Violation of Civ. Code § 2924.11;**
    AMERICAS; and DOES 1-100, inclusive
17                                        **4. Violation of Bus. & Prof. Code §**
            Defendants.                      **17200, et seq.;**
18
                                          **5. Breach of Contract;**
19
                                          **6. Violation of California Civil Code**
20                                           **Section 2924(a)(6); and,**

21                                        **7. Wrongful Foreclosure.**

22                                        **DEMAND FOR JURY TRIAL**

23                                        **DEMAND EXCEEDS $25,000.00**

24

25

26

27

28

                              **COMPLAINT**

1    Plaintiff JULIE C. GALLAGHER ("Plaintiff" or "Ms. Gallagher"), by and through

2    counsel, for her Complaint against the defendants, upon information and belief alleges as

3    follows:

4                                  **PARTIES**

5        1.       Plaintiff is a resident of Sacramento County, California. Plaintiff brings this

6    action against the defendants for damages and harm resulting from the defendants' willful

7    and reckless violation of California law relating to the servicing and wrongful foreclosure

8    of a residential mortgage.

9        2.       The residential mortgage concerns the property located at 1304 Freswick

10   Drive, Folsom, CA 95630.

11       3.       Defendant, PHH MORTGAGE CORPORATION ("PHH") is a New Jersey

12   Corporation conducting business within this judicial district. Defendant PHH is the current

13   servicer of the subject mortgage.

14       4.       Defendant, DEUTSCHE BANK TRUST COMPANY AMERICAS ("Deutsche

15   Bank") is, and at all relevant times was, an unknown entity, conducting business within

16   this judicial district, and claiming an interest in the Property. It is alleged that Deutsche

17   Bank was instructing PHH to act on its behalf and purporting to be the beneficiary of the

18   subject mortgage.

19       5.       Defendant, WESTERN PROGRESSIVE, LLC ("Western") is, and at all

20   relevant times was, a California corporation, conducting business within this judicial

21   district, and claiming an interest in the Property. It is alleged that Western was instructed

22   by Deutsche Bank and PHH to act on their behalf and purporting to be the trustee of the

23   subject mortgage.

24       6.       Plaintiff is ignorant of the true names and capacities of the defendants sued

25   herein under the fictitious names Does 1 through 100, inclusive, and Plaintiff will amend

26   this Complaint to allege such names and capacities as soon as they are ascertained.

27   Each of said fictitiously named defendants is responsible in some manner for the wrongful

28   acts complained of herein.

Fry Law Corporation
Trial Attorneys

7.      Each defendant was the agent and employee of each other defendant and in doing, saying, or omitting to say the things alleged, was acting within the course and scope of such agency and with the permission and consent of each of the other defendants.

8.      Each defendant aided and abetted, encouraged, and rendered substantial assistance to the other defendants in breaching their obligations to Plaintiff. In taking action to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each defendant acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

9.      Each defendant knowingly and willfully conspired, engaged in a common enterprise, and engaged in a common course of conduct to accomplish the wrongs herein. The purpose and effect of the conspiracy, common enterprise, and common course of conduct complained of was, inter alia, to financially benefit defendants at the expense of Plaintiff by engaging in the wrongful conduct.

10.     Defendants accomplished their conspiracy, common enterprise, and common course of conduct by misrepresenting and concealing material information regarding the servicing of loans, and by taking steps and making statements in furtherance thereof. Each defendant was a direct, necessary and substantial participant in the conspiracy, common enterprise and common course of conduct herein, and was aware of its overall contribution to and furtherance thereof. Defendants' wrongful acts include, inter alia, all the acts that each of them is alleged to have committed in furtherance of the wrongful conduct herein.

## JURISDICTION AND VENUE

11.     Pursuant to Code of Civil Procedure section 392(a), venue is proper in this Court because the subject real property at issue in this litigation is situated in this county, Plaintiff resides in this county, the contract was performed in this county and notices relating to the property were recorded in this county.

**Fry Law Corporation**
Trial Attorneys

**COMPLAINT**
2

1    12.    The defendants engaged in regular business within the State of California,
2    which business is related to the events which give rise to the instant lawsuit. The subject
3    events transpired within the State of California. The defendants have "sufficient minimum
4    contacts" with the State of California such that this Court's exercise of personal jurisdiction
5    over the defendants herein "[does] not offend traditional notions of fair play and
6    substantial justice." [1]

7                              **FACTUAL BACKGROUND**

8    13.    The Property is located in Sacramento County, California and has been Ms.
9    Gallagher's primary residence for roughly 20 years.

10    14.    On or around June of 2004, Ms. Gallagher and her husband (divorce
11    pending) purchased the home. In 2007, they refinanced the property and took out a
12    mortgage with Indymac Bank, FSB.

13    15.    Plaintiff entered into the Loan to include a Deed of Trust securing such note
14    covering the Property, then and now the principal dwelling and home of Plaintiff.  A
15    different company was named as the trustee under the Deed of Trust. Deutsche Bank is
16    allegedly the assignee of the Deed of Trust on the Property. PHH is the mortgage servicer
17    on the account.

18    16.    On or about April of 2019, a known "robo-signor" signed an Assignment of
19    Deed of Trust purporting to transfer all beneficial interest in the Deed of Trust from the
20    original bank to Deutsche Bank. The trust in which the mortgage was purportedly
21    assigned contained a 2007 cut-off.

22    17.    Plaintiffs believe that the subject mortgage trust is a REMIC trust which
23    enjoys tax-free status if properly formed. However, if property is transferred into the trust
24    after the cut-off or closing date, it can jeopardize the tax-exempt status. According to State
25    and Federal law, mortgages not assigned to said trust before the cut-off were not included
26    in the trust.

27

28    [1] *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Fry Law Corporation
Trial Attorneys

1    18.    Based on the foregoing, Defendants Deutsche Bank and PHH were either

2    barred from accepting the untimely assignment or refused it. Either of which concludes

3    that they did not receive a beneficial interest and therefore, could not authorize a valid

4    foreclosure sale.

5    19.    As a result of a downturn in the economy, Plaintiff began experiencing a

6    financial hardship. Ultimately, Plaintiff began to fall behind the mortgage payments.

7    Plaintiff contacted PHH for help and was instructed to submit a loan modification package

8    to the lender.

9    20.    In November of 2019, Western recorded a Notice of Default and began

10    instituting foreclosure proceedings. However, Plaintiff was never provided with any notice

11    that Western had replaced, substituted, and removed the original trustee as the named

12    trustee under the Deed of Trust. As such, the NOD is void.

13    21.    Nevertheless, Plaintiff worked with PHH for months. Finally, in 2021,

14    Plaintiff was invited and submitted a loan modification packet to PHH. Over the course of

15    the next few months, Plaintiff would continuously provide updated financial information to

16    PHH and would timely comply with all its document requests. At various points, Plaintiff

17    was required to submit updated financial documents, pay stubs, and bank statements.

18    Plaintiff timely complied with all PHH's requests.

19    22.    On August 1, 2021, Plaintiff was delighted to receive a "Trial Period Plan"

20    modification plan. It was simple, she was required to submit three (3) monthly payments

21    of $3,745.51 and in exchange for those payments, the loan would be permanently

22    modified and brought current.

23    23.    Plaintiff made all three (3) payments as requested, with the last one in

24    October of 2021.

25    24.    With complete disregard for the modification that was approved and

26    pending, on or around November 10, 2021, Western, as the purported trustee for PHH,

27    recorded a Notice of Trustee's Sale ("NTS") on Plaintiff's Property.

28    25.    Plaintiff has now been forced to retain counsel to stop the foreclosure. Ms.

**COMPLAINT**

4

1   Gallagher has had her credit ruined and has fallen further behind in her monthly payments
2   due to Respondents' refusal to accept payment or to settle for a fair resolution.

3       26.     All the foreclosure recordings are at odds with the trustee named in the
4   Deed of Trust. Despite lacking a beneficial interest in the mortgage, Defendants initiated
5   the foreclosure sale of the Subject Property and recorded the foreclosure documents
6   shortly thereafter.

7       27.     As a result of the refusal by the defendants to conduct a fair modification
8   review, Plaintiff has suffered severe stress and emotional trauma.

9       34.     Defendants foreclosed in direct violation of California law. Plaintiff has
10  incurred thousands in late fees, delinquency charges and foreclosure fees charged by
11  Defendants. Further, Defendant PHH failed to provide a fair loan modification review and
12  is attempting to foreclose on the home, capitalizing on the equity Plaintiff worked so hard
13  to achieve.

14      35.     Plaintiff was fully capable of paying the mortgage if the payment was
15  modified and the arrearages worked out.  Since she was not given a fair opportunity to
16  be reviewed for a modification, she will ultimately become homeless, a fact the
17  Defendants were fully aware of.

18      36.     The Defendants' conduct deprived Plaintiff of the possibility of reaching a
19  resolution to the default prior to sustaining damages. Had PHH fairly and carefully
20  reviewed Plaintiff for the modification, she would have been approved and would not have
21  suffered the damages alleged herein.

22                          **FIRST CAUSE OF ACTION**

23                                **Negligence**

24                          **(Against All Defendants)**

25      37.     Plaintiff incorporates herein by this reference each allegation set forth above
26  and below, as though fully set forth herein.

27      38.     Defendant PHH was negligent by failing to properly review the loan
28  modification application and by failing to remedy the mistake.

<div align="center">

**COMPLAINT**

5

</div>

1       39.    Further, PHH negligently made false representations when they promised
2   a loan modification review and failed to review it with due care.

3       40.    Plaintiff relied on the promise and refrained from exploring alternative
4   options. The representations were ultimately proven to be untrue when Defendants
5   ignored Plaintiff and made it clear they had no intent of giving a fair loan modification
6   review.

7       40.    At the time the defendants made the representations to Plaintiff as above
8   alleged, they knew, or should have known, that said representations were in fact false,
9   and nevertheless made them, with the intent to induce Plaintiff to continue to make
10  payments or refrain from exploring other options to only benefit the defendants.

11      42.    Defendants have violated the statutes set forth herein, which mandate a
12  duty upon the defendants to ensure that appropriate safeguards are put into place prior
13  to any foreclosure threats. These sections were designed specifically to protect
·14  homeowners, such as Plaintiff, from wrongful foreclosures.

15      43.    As set forth above, Defendants continue to breach this duty by acting in
16  violation of these statutes, and by failing to reasonably allow Plaintiff a fair opportunity to
17  be reviewed in accordance with such.

18      44.    The statutes below and above also mandate a duty upon the defendants to
19  ensure that appropriate safeguards are put into place with respect to loan modifications.
20  For example, Civil Code section 2923.4 clearly imposes a duty on banks to give borrowers
21  a good-faith opportunity to remedy the default prior to foreclosure. It states:

22·         The purpose of the act that added this section is to ensure that, as part of
            the non-judicial foreclosure process, borrowers are considered for, and
23          have a meaningful opportunity to obtain, available loss mitigation options, if
            any, offered by or through the borrower's mortgage servicer, such as loan
24          modifications or other alternatives to foreclosure.

25      45.    Moreover, section 2923.6 below imposes a duty upon banks and servicers
26  to properly represent the status of loan modifications and refrain from dual tracking.

27      46.    Plaintiff was fully capable of paying the mortgage if the payment was
28  modified and the arrearages worked out. Plaintiff became homeless because of the

Fry Law Corporation
Trial Attorneys

1    botched loan modification process.

2    47.    The defendants' breach of duty and negligent conduct deprived Plaintiff of
3    the possibility of reaching a resolution to the default. Had defendants fairly and carefully
4    reviewed Plaintiffs for loss mitigation options, she would not have suffered the damages
5    alleged herein.

6    48.    The subject conduct was unquestionably intended to affect Plaintiff. The
7    decision on Plaintiff's loan modification application would determine whether she could
8    keep the home.

9    49.    The potential harm to Plaintiff from mishandling the application processing
10    was readily foreseeable as the loss of an opportunity to keep the home was the inevitable
11    outcome. Although there was no guarantee the modification would be granted had the
12    loan been properly processed, the mishandling of the documents deprived Plaintiff of the
13    possibility of obtaining the requested relief.

14    50.    The injury to Plaintiff is certain, in that she lost the opportunity of obtaining
15    a loan modification and foreclosure documents have been recorded resulting in the losing
16    of the home.

17    51.    There is a close connection between the defendants' conduct and the injury
18    suffered, because, to the extent Plaintiff otherwise qualified and would have been granted
19    a modification, defendants' conduct in mishandling the loan modification application
20    submitted by Plaintiff directly precluded the loan modification application from being timely
21    or fairly processed.

22    52.    The existence of a public policy of preventing future harm to home loan
23    borrowers is shown by recent actions taken by both the state and federal government to
24    help homeowners caught in the home foreclosure crisis as set forth in the other violations
25    demonstrated herein.

26    53.    Moral blame attaches to the defendants' specific conduct as they are
27    dealing with the most important thing to Plaintiff, a family home.

28    54.    As a direct and proximate result, Plaintiff has sustained damages, including,

1   but not limited to, excessive interest accumulation, negative amortization, loss of equity,

2   destruction of credit standing, pain, suffering, and emotional distress, in an amount to be

3   shown at trial.

4                          **SECOND CAUSE OF ACTION**

5              **Violation of California Civil Code Section 2923.6**

6                          **(Against All Defendants)**

7       55.    Plaintiff incorporates herein by this reference each allegation set forth above

8   and below, as though fully set forth herein.

9       56.    Civil Code section 2923.6, subdivision (c) bars foreclosing parties from

10   recording a Notice of Default, Notice of Trustee's Sale, or otherwise proceeding with a

11   foreclosure while a completed loan modification application has been submitted by a

12   borrower. It states:

13          If a borrower submits a complete application for a first lien loan modification
            offered by, or through, the borrower's mortgage servicer, a mortgage
14          servicer, mortgagee, trustee, beneficiary, or authorized agent shall not
            record a notice of default or notice of sale, or conduct a trustee's sale, while
15          the complete first lien loan modification application is pending.

16       57.    The statutes further require a detailed written notice outlining the basis for

17   any denial and various other provisions relating to accurately and timely notifying

18   borrowers about the status of their loan modification applications.

19       58.    As set forth above, Plaintiff submitted to PHH and confirmed receipt of a

20   complete loan modification application and was approved. PHH erroneously reviewed the

21   application, recorded foreclosure documents and will ultimately sell the home while an

22   application was pending review.

23       59.    As a result, Plaintiff has sustained damages, including, but not limited to,

24   excessive interest accumulation, negative amortization, loss of equity, destruction of

25   credit standing, late fees and other charges, pain, suffering, and emotional distress, in an

26   amount to be shown at trial.

27       ///

28       ///

*Fry Law Corporation*
*Trial Attorneys*

1          **THIRD CAUSE OF ACTION**

2          **Violation of California Civil Code Section 2924.11**

3          **(Against All Defendants)**

4          60.    Plaintiff incorporates herein by this reference each allegation set forth above

5    and below, as though fully set forth herein.

6          61.    Civil Code section 2924.11, subdivision (f) bars mortgage servicers from

7    charging late fees or other delinquency related fees while a completed loan modification

8    application has been submitted by a borrower.

9          62.    As set forth above, Plaintiff submitted a complete loan modification

10    application to PHH.  Plaintiff's home was foreclosed upon, and the mortgage has incurred

11    delinquency related fees and charges during the review process.

12          63.    Though miscellaneous fees and charges are listed on Plaintiff's mortgage

13    statements, there is insufficient detail to include when and who charged what without

14    extensive discovery.

15          64.    As a result, Plaintiff has sustained damages, including, but not limited to,

16    excessive interest accumulation, negative amortization, loss of equity, destruction of

17    credit standing, loss of the home, and late fees and other charges, in an amount to be

18    shown at trial.

19          **FOURTH CAUSE OF ACTION**

20    **Violation of California Business and Professions Code Section 17200, *et seq.***

21          **(Against All Defendants)**

22          65.    Plaintiff incorporates herein by this reference each allegation set forth above

23    and below, as though fully set forth herein.

24          66.    Business and Professions Code section 17200, et seq. prohibits unfair or

25    deceptive business practices.  As alleged herein, Plaintiff has standing to pursue this

26    claim as he has suffered injury in fact and has lost money or property because of the

27    named defendants' actions as set forth herein.

28          67.    Defendants have violated the law as set forth above and below, in an

*(left margin)* Fry Law Corporation
Trial Attorneys

1   ongoing pattern of unlawful, unfair, and fraudulent business practices. The defendants

2   failed to ensure that appropriate safeguards are put into place prior to the pending

3   foreclosure. These safeguards were designed specifically to protect homeowners, such

4   as Plaintiff, from improper loan modification procedures, dual-tracking, and otherwise

5   wrongful foreclosures. Defendants' ongoing conduct offends established public policy,

6   and the unlawful, unfair, and fraudulent business practices are oppressive and

7   substantially injurious to consumers.

8       68.    As set forth above, Plaintiff is and was being reviewed for loss mitigation

9   options by way of a loan modification while the home was sold, and recordings were

10  made. Plaintiff was misled by Defendants' conduct of confirming receipt of documents

11  she submitted, confirming that the application for a loan modification was under review,

12  and promising that she would receive a fair review. However, the Defendants have

13  repeatedly continued foreclosure recordings and ultimately foreclosed on Plaintiff's home

14  and negligently reviewed the application.

15      69.    As further described below, Plaintiff entered a contract that was not

16  honored. Further, Plaintiff submitted a completed loan modification to defendants.

17  Nevertheless, Plaintiff was never given a modification review as the law provides, she

18  was entitled to and moreover as she was promised. The application was never fairly

19  reviewed, and the defendants continued to foreclose.

20      70.    As a result of the defendants' unfair business practices, Plaintiff has

21  sustained monetary damages, including, but not limited to, excessive interest

22  accumulation, negative amortization, loss of equity, destruction of credit standing, pain,

23  suffering, and emotional distress, in an amount to be shown at trial.

24                          **FIFTH CAUSE OF ACTION**

25                            **Breach of Contract**

26                          **(Against All Defendants)**

27      71.    Plaintiff incorporates herein by this reference each allegation set forth above

28  and below, as though fully set forth herein.

---

**COMPLAINT**

10

Fry Law Corporation
Trial Attorneys

1    72.    In connection with the subject mortgage loan, Plaintiff and defendant PHH,

2    entered into a verbal and/or implied-in-fact contract whereby defendant PHH, agreed to

3    review the subject mortgage loan for a loan modification in good faith before it foreclosed.

4    73.    Plaintiff and Defendants also entered into a written and/or verbal contract

5    with respect to the trial period payments.

6    74.    Plaintiff fully performed under the contract as required of her by submitting

7    all requisite documents immediately after they were requested.

8    75.    Without excuse, PHH materially breached the contract by failing to perform

9    by not providing the loan modification review as promised and wrongfully initiating

10   foreclosure proceedings and ultimately selling Plaintiff's home.

11   76.    As a proximate result of defendants' said breach of contract, Plaintiff has

12   sustained damages, including, but not limited to, fees and charges, excessive interest

13   accumulation, negative amortization, loss of equity, loss of property and destruction of

14   credit standing, in an amount to be shown at trial.

15                          **SIXTH CAUSE OF ACTION**

16              **Violation of California Civil Code Section 2924(a)(6)**

17                          **(Against All Defendants)**

18   77.    Plaintiff incorporates herein by this reference each allegation set forth above

19   and below, as though fully set forth herein.

20   78.    Former Civil Code section 2924(a)(6) bars all defendants from initiating

21   foreclosure unless they are the holder of the beneficial interest under the mortgage or

22   deed of trust, the original trustee or the substituted trustee under the deed of trust, or the

23   designated agent of the holder of the beneficial interest.

24   79.    As set forth above, defendants foreclosed under the subject Deed of Trust

25   although they are not beneficiaries, trustees, or otherwise authorized to initiate

26   foreclosure proceedings.

27   80.    As a result, Plaintiff has sustained damages, including, but not limited to,

28   excessive interest accumulation, negative amortization, loss of equity, destruction of

*Fry Law Corporation
Trial Attorneys*

**COMPLAINT**
11

1    credit standing, pain, suffering, and emotional distress, in an amount to be shown at trial.

2                   **SEVENTH CAUSE OF ACTION**

3                       **Wrongful Foreclosure**

4                      **(Against All Defendants)**

5       81.    Plaintiff incorporates herein by this reference each allegation set forth

6    above, as though fully set forth herein.

7       82.    Civil Code section 2923.6 bars all defendants from foreclosing on a

8    mortgage while a loss mitigation option is being reviewed and requires certain other tasks

9    not performed. The former code sections also barred the foreclosure of properties by

10    anyone other than the beneficial owner. California law also imposes a duty of care to

11    review loss mitigation options diligently before foreclosing.

12       83.    As set forth above, defendants foreclosed under the subject Deed of Trust

13    although a loss mitigation application was under review and/or while lacking the beneficial

14    interest to do so.

15       84.    As a result, Plaintiff has sustained damages, including, but not limited to,

16    excessive interest accumulation, negative amortization, loss of equity, destruction of

17    credit standing, and late fees and other charges, in an amount to be shown at trial.

18          **DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES**

19       Plaintiff, JULIE C. GALLAGHER, hereby demands a trial by jury.

20       WHEREFORE, Plaintiff, JULIE C. GALLAGHER, prays for Judgment and Order

21    against the defendants, as follows:

22       1.    That Judgment is entered for Plaintiff and against defendants, and each of

23    them;

24       2.    For an Order requiring defendants to show cause, if they have any, why

25    they should not be enjoined as set forth below, during the pendency of the action;

26       3.    For compensatory damages, according to proof at trial;

27       4.    For consequential damages, according to proof at trial;

28       5.    For treble, general, and statutory damages for all injuries resulting from the

Fry Law Corporation
Trial Attorneys

1    causes of action set forth herein according to proof at trial;

2        6.      For disgorgement and restitution of all earnings, profits, compensation and

3    benefits received by defendants as a result of their unlawful acts and practices;

4        7.      For punitive and/or exemplary damages in an amount sufficient to punish

5    defendants' wrongful conduct and deter future misconduct;

6        8.      For an accounting from defendants of all monies received by them on

7    Plaintiff's subject mortgage loan;

8        9.      Prejudgment interest;

9        10.     Costs and disbursements of the action;

10       11.     Attorney's fees;

11       12.     Specific performance of the breached contract alleged; and,

12       13.     For such other and further relief as the Court may deem just and proper.

13

14    DATED:  December 15, 2021        Respectfully submitted,

15                                    FRY LAW CORPORATION

16

17                                    By:

18                                    Christopher J. Fry, Esq.
                                      *Attorney for Plaintiff*

19

20

21

22

23

24

25

26

27

28

*Fry Law Corporation*
*Trial Attorneys*

RECEIVED
IN DROP BOX

2021 DEC 15  PM 3: 21

DOWNTOWN COURTHOUSE
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

1

**PROOF OF SERVICE**
**CALIFORNIA SUPERIOR COURT**

2

3      I am employed in the County of Sacramento, State of California. I am over the age
of 18 and not a party to the within action; my business address is: 980 9th Street, 16th

4      Floor, Sacramento, California 95814. On December 29, 2021, I served the foregoing
document(s) described as:

5

6      **DECLARATION OF CHRISTOPHER J. FRY IN SUPPORT OF EX PARTE**
**APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO**

7      **SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

8      On all interested parties in this action by placing [   ] the original [ x ] a true copy
thereof enclosed in sealed envelopes addressed as follows:

9

10     Western Progressive, LLC
Northpark Town Center

11     1000 Abernathy Road NE, Building 400, Suite 200
Atlanta, GA 30328

12     Email: Trustee.Services@Altisource.com

13     PHH Mortgage Services
P.O. Box 5452

14     Mt. Laurel, NJ 08054
CustomerCare@mortgagefamily.com

15     Deutsche Bank Trust Company Americas
c/o CT Corporation

16     330 N Brand Blvd Suite 700
Glendale, CA 91203

17

18     [X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at
Sacramento, California. The envelope was mailed with postage thereon fully prepaid.  I

19     am "readily familiar" with this firm's practice of collection and processing correspondence
for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course

20     of business.  I further caused electronic copies of the foregoing document(s) to be
delivered to the e-mail addresses as appearing above.

21

22     I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made. I declare under penalty of perjury under the laws

23     of California that the above is true and correct. Executed on December 29, 2021, at
Sacramento, California.

24

25

26                                    Christopher J. Fry

27

28

**DECLARATION OF CHRISTOPHER J. FRY**

3

Fry Law Corporation
Trial Attorneys

RECEIVED
LAW AND MOTION DROP BOX

2021 DEC 29  PM 3: 39

GOSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY



FILED/ENDORSED

DEC 29 2021

By: _____E. Medina_____
           Deputy Clerk

1   Christopher J. Fry, Esq. (SBN: 298874)
       Email: cfry@frylawcorp.com
2   **FRY LAW CORPORATION**
    980 9th Street, 16th Floor
3   Sacramento, California 95814
    Telephone: (916) 291-0700
4   Facsimile: (916) 848-0256

5   Attorneys for Plaintiff,
    **JULIE C. GALLAGHER**

6

7

8              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12   JULIE C. GALLAGHER,                    **CASE NO.: 34-2021-00312847**

13              Plaintiff,                   **DECLARATION OF JULIE C.**
                                            **GALLAGHER IN SUPPORT OF EX**
14        vs.                               **PARTE APPLICATION FOR A**
                                            **TEMPORARY RESTRAINING ORDER**
15   PHH MORTGAGE CORPORATION;              **AND AN ORDER TO SHOW CAUSE**
     WESTERN PROGRESSIVE, LLC;              **WHY A PRELIMINARY INJUNCTION**
16   DEUTSCHE BANK TRUST COMPANY            **SHOULD NOT BE ISSUED**
     AMERICAS; and DOES 1-100, inclusive
17                                          *[Filed Concurrently With Plaintiff's*
              Defendants.                   *Notice of Ex Parte Application;*
18                                          *Declaration of Christopher J. Fry; Point*
                                            *and Authorities; [Proposed] Order.]*
19
                                            **DATE:** December 30, 2021
20                                          **TIME:** 9:45 a.m.
                                            **DEPT.:** 53
21
                                            **COMPLAINT FILED DECEMBER 15,**
22                                          **2021**

23                                          **Trial:** None Set.

24

25

26

27

28

_____
                **DECLARATION OF JULIE C. GALLAGHER**

*Fry Law Corporation*
*Trial Attorneys*

1    **DECLARATION OF JULIE C. GALLAGHER IN SUPPORT OF EX PARTE**

2    **APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

3    I, JULIE C. GALLAGHER, hereby declare as follows:

4    I am a Plaintiff in this action. I have personal knowledge of the information stated

5    herein, unless it is stated upon information and belief. If required to testify about the

6    information stated herein, I could and would competently testify thereto.

7    I am filing this Declaration in support of my Ex Parte Application for a Temporary

8    Restraining Order against Defendants PHH MORTGAGE CORPORATION; WESTERN

9    PROGRESSIVE, LLC; DEUTSCHE BANK TRUST COMPANY AMERICAS (collectively

10    referred to herein as "Defendants") to enjoin foreclosure of my real property located at

11    1304 Freswick Drive, Folsom, CA 95630 (the "Subject Property"), which is an owner-

12    occupied residential real property containing no more than four dwelling units with the

13    Deed of Trust securing a first lien for personal, family, or household purposes.

14    There is a sale date scheduled for December 30, 2021 despite the trustee

15    displaying "hold" until the date of this filing and despite the fact that I have been approved

16    for and paid a loan modification trial period plan.

17    On or around June of 2004, Ms. Gallagher and her husband (divorce pending)

18    purchased the home. In 2007, they refinanced the property and took out a mortgage with

19    Indymac Bank, FSB.

20    I entered into the Loan to include a Deed of Trust securing such note covering the

21    Property, then and now the principal dwelling and home of Mine. A different company

22    was named as the trustee under the Deed of Trust. Deutsche Bank is allegedly the

23    assignee of the Deed of Trust on the Property. PHH is the mortgage servicer on the

24    account.

25    As set forth in more detail in the Complaint, I allege that I was approved and paid

26    as requested under the agreement, yet, the home is still set to be sold tomorrow.

27    I additionally allege that the foreclosing parties are barred under California and

28    Federal laws as they lack a beneficial interest in the property.

1    As a result of a downturn in the economy, I began experiencing a financial
2    hardship. Ultimately, I began to fall behind the mortgage payments. I contacted PHH for
3    help and was instructed to submit a loan modification package to the lender.

4        I worked with PHH for months. Finally, in 2021, I was invited and submitted a loan
5    modification packet to PHH. Over the course of the next few months, I would continuously
6    provide updated financial information to PHH and would timely comply with all its
7    document requests. At various points, I was required to submit updated financial
8    documents, pay stubs, and bank statements. I timely complied with all PHH's requests.

9        On August 1, 2021, I was delighted to receive a "Trial Period Plan" modification
10   plan. It was simple, I was required to submit three (3) monthly payments of $3,745.51 and
11   in exchange for those payments, the loan would be permanently modified and brought
12   current.

13       I made all three (3) payments as requested, with the last one in October of 2021.

14       With complete disregard for the modification that was approved and pending, on
15   or around November 10, 2021, Western, as the purported trustee for PHH, recorded a
16   Notice of Trustee's Sale ("NTS") on my Property.

17       I have now been forced to retain counsel to stop the foreclosure. I have had my
18   credit ruined and has fallen further behind in her monthly payments due to Defendants'
19   refusal to accept payment or to settle for a fair resolution.

20       Defendants are foreclosing in direct violation of California law. I have incurred
21   thousands in late fees, delinquency charges and foreclosure fees charged by Defendants.
22   Further, Defendant PHH failed to provide a fair loan modification review and is attempting
23   to foreclose on the home, capitalizing on the equity I worked so hard to achieve.

24       I was fully capable of paying the mortgage if the payment was modified and the
25   arrearages worked out. Since I was not given a fair opportunity to be reviewed for a
26   modification, I will ultimately become homeless, a fact the Defendants were fully aware
27   of.

28       The Defendants' conduct deprived me of the possibility of reaching a resolution to

**DECLARATION OF JULIE C. GALLAGHER**

2

1  the default prior to sustaining damages. Had PHH fairly and carefully reviewed me for the

2  modification, I would have been approved and would not have suffered the damages

3  alleged herein.

4       For the foregoing reasons, I respectfully request that this Court grants our Ex Parte

5  Application for a Temporary Restraining Order.

6       I declare under penalty of perjury and under the laws of the State of California that

7  the foregoing is true and correct to the best of my personal knowledge.

8

9  DATED:  December 29, 2021       Respectfully submitted,

10

11

12  By _____
    Julie C. Gallagher

13  *Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**DECLARATION OF JULIE C. GALLAGHER**

3

Fry Law Corporation
Trial Attorneys

1                          **PROOF OF SERVICE**
                    **CALIFORNIA SUPERIOR COURT**

2

3        I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: 980 9th Street, 16th Floor, Sacramento, California 95814. On December 29, 2021, I served the foregoing document(s) described as:

4

5

6       **DECLARATION OF JULIE C. GALLAGHER IN SUPPORT OF EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

7

8        On all interested parties in this action by placing [   ] the original [ x ] a true copy thereof enclosed in sealed envelopes addressed as follows:

9

10 Western Progressive, LLC
Northpark Town Center

11 1000 Abernathy Road NE, Building 400, Suite 200
Atlanta, GA 30328

12 Email: Trustee.Services@Altisource.com

13 PHH Mortgage Services
P.O. Box 5452

14 Mt. Laurel, NJ 08054
CustomerCare@mortgagefamily.com

15 Deutsche Bank Trust Company Americas
c/o CT Corporation

16 330 N Brand Blvd Suite 700
Glendale, CA 91203

17

18       [X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I further caused electronic copies of the foregoing document(s) to be delivered to the e-mail addresses as appearing above.

19

20

21

22       I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct. Executed on December 29, 2021, at Sacramento, California.

23

24

25

26                     Christopher J. Fry

27

28

_Fry Law Corporation_
_Trial Attorneys_

---

**DECLARATION OF JULIE C. GALLAGHER**

4

RECEIVED
LAW AND MOTION DROP BOX

2021 DEC 29  PM 3: 38

CDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

1   Christopher J. Fry, Esq. (SBN: 298874)
        Email: cfry@frylawcorp.com
2   **FRY LAW CORPORATION**
    980 9th Street, 16th Floor
3   Sacramento, California 95814
    Telephone: (916) 291-0700
4   Facsimile: (916) 848-0256

5   Attorneys for Plaintiff,
    **JULIE C. GALLAGHER**

6

7

8           **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9               **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12   JULIE C. GALLAGHER,                    **CASE NO.: 34-2021-00312847**

13              Plaintiff,                  **PLAINTIFF'S MEMORANDUM OF
                                            POINTS AND AUTHORITIES IN**
14   vs.                                    **SUPPORT OF EX PARTE
                                            APPLICATION FOR A TEMPORARY**
15   PHH MORTGAGE CORPORATION;              **RESTRAINING ORDER AND AN**
     WESTERN PROGRESSIVE, LLC;              **ORDER TO SHOW CAUSE WHY A**
16   DEUTSCHE BANK TRUST COMPANY            **PRELIMINARY INJUNCTION SHOULD**
     AMERICAS; and DOES 1-100, inclusive    **NOT BE ISSUED**
17
                Defendants.                 *[Filed Concurrently With Plaintiff's*
18                                          *Notice of Ex Parte Application;*
                                            *Declaration of Christopher J. Fry;*
19                                          *Declaration of Julie C. Gallagher;*
                                            *[Proposed] Order.]*
20
                                            **DATE:** December 30, 2021
21                                          **TIME:** 9:45 a.m.
                                            **DEPT.:** 53
22
                                            **COMPLAINT FILED DECEMBER 15,**
23                                          **2021**

24                                          **Trial:** None Set.

25

26

27

28

FILED/ENDORSED
DEC 29 2021
By: E. Medina
    Deputy Clerk

Fry Law Corporation
Trial Attorneys

_____

                **MEMORANDUM OF POINTS AND AUTHORITIES**

1    Plaintiff JULIE C. GALLAGHER ("Plaintiff" or "Ms. Gallagher"), by and through

2    counsel, submit this Memorandum of Points and Authorities in Support of the Ex Parte

3    Application for a Temporary Restraining Order and an Order to Show Cause Why a

4    Preliminary Injunction Should Not Be Issued as follows:

5                              **FACTUAL BACKGROUND**

6    Plaintiff brings this action against the defendants for damages and harm resulting

7    from the defendants' willful and reckless violation of California law relating to the servicing

8    and wrongful foreclosure of a residential mortgage. The residential mortgage concerns

9    the property located at 1304 Freswick Drive, Folsom, CA 95630. The Property has been

10   Ms. Gallagher's primary residence for roughly 20 years.

11   There is a sale date scheduled for December 30, 2021 despite the trustee

12   displaying "hold" until the date of this filing and despite the fact that Plaintiff has been

13   approved for and paid a loan modification trial period plan.

14   On or around June of 2004, Ms. Gallagher and her husband (divorce pending)

15   purchased the home. In 2007, they refinanced the property and took out a mortgage with

16   Indymac Bank, FSB.

17   Plaintiff entered into the Loan to include a Deed of Trust securing such note

18   covering the Property, then and now the principal dwelling and home of Plaintiff.  A

19   different company was named as the trustee under the Deed of Trust. Deutsche Bank is

20   allegedly the assignee of the Deed of Trust on the Property. PHH is the mortgage servicer

21   on the account.

22   As set forth in more detail in the Complaint, Plaintiff alleges that she was approved

23   and paid as requested under the agreement, yet, the home is still set to be sold tomorrow.

24   Plaintiff additionally alleges that the foreclosing parties are barred under California

25   and Federal laws as they lack a beneficial interest in the property.

26   As a result of a downturn in the economy, Plaintiff began experiencing a financial

27   hardship. Ultimately, Plaintiff began to fall behind the mortgage payments.  Plaintiff

28   contacted PHH for help and was instructed to submit a loan modification package to the

**MEMORANDUM OF POINTS AND AUTHORITIES**

1

1   lender.

2   Plaintiff worked with PHH for months. Finally, in 2021, Plaintiff was invited and
3   submitted a loan modification packet to PHH. Over the course of the next few months,
4   Plaintiff would continuously provide updated financial information to PHH and would
5   timely comply with all its document requests. At various points, Plaintiff was required to
6   submit updated financial documents, pay stubs, and bank statements. Plaintiff timely
7   complied with all PHH's requests.

8   On August 1, 2021, Plaintiff was delighted to receive a "Trial Period Plan"
9   modification plan. It was simple, she was required to submit three (3) monthly payments
10  of $3,745.51 and in exchange for those payments, the loan would be permanently
11  modified and brought current.

12  Plaintiff made all three (3) payments as requested, with the last one in October of
13  2021.

14  With complete disregard for the modification that was approved and pending, on
15  or around November 10, 2021, Western, as the purported trustee for PHH, recorded a
16  Notice of Trustee's Sale ("NTS") on Plaintiff's Property.

17  Plaintiff has now been forced to retain counsel to stop the foreclosure. Ms.
18  Gallagher has had her credit ruined and has fallen further behind in her monthly payments
19  due to Respondents' refusal to accept payment or to settle for a fair resolution.

20  Defendants are foreclosing in direct violation of California law. Plaintiff has incurred
21  thousands in late fees, delinquency charges and foreclosure fees charged by Defendants.
22  Further, Defendant PHH failed to provide a fair loan modification review and is attempting
23  to foreclose on the home, capitalizing on the equity Plaintiff worked so hard to achieve.

24  Plaintiff was fully capable of paying the mortgage if the payment was modified and
25  the arrearages worked out. Since she was not given a fair opportunity to be reviewed for
26  a modification, she will ultimately become homeless, a fact the Defendants were fully
27  aware of.

28  The Defendants' conduct deprived Plaintiff of the possibility of reaching a

Fry Law Corporation
Trial Attorneys

**MEMORANDUM OF POINTS AND AUTHORITIES**

1    resolution to the default prior to sustaining damages. Had PHH fairly and carefully
2    reviewed Plaintiff for the modification, she would have been approved and would not have
3    suffered the damages alleged herein.

4                                    **ARGUMENT**

5    **A.    Good Cause Exists For Granting This Application On An *Ex Parte* Basis.**

6        Good cause exists for granting this Application on an ex parte basis because the
7    Defendants are clearly in violation of California law and common law including provisions
8    set forth in the Unfair Competition Law ("UCL") as Codified in Business and Professions
9    Code §§ 17200 *et seq.* and as set forth in Plaintiff's operative Complaint on file herein.

10       The UCL protects consumers by prohibiting unfair, unlawful and fraudulent
11   business practices. It is only necessary for Plaintiff to plead that DEFENDANT engaged
12   in either unfair, unlawful, or fraudulent business practices. Emphasis added. See Cal.
13   Bus. & Prof. Code §§ 17200 et seq.; *West v. JP Morgan Chase Bank*, 214 Cal. App. 4th
14   780, 805 (2013) (The statute was written "in the disjunctive . . .establish[ing] three
15   varieties of unfair competition . . .").

16       A "fraudulent" activity includes any act or practice likely to deceive the public, even
17   if no one is actually deceived. *Committee on Children's Television, Inc. v. General Foods
18   Corp.* (1983) 35 Cal.3d 197, 209. DEFENDANT's conduct of misleading Plaintiff in
19   connection with the modification review is substantially likely to deceive the public, similar
20   to how it actually deceived Plaintiff.   In general, homeowners facing foreclosure
21   reasonably rely upon representations made by their lender or servicer, including in
22   relation to such representations as are present here that a reasonably fair review for a
23   loss mitigation option would be conducted. When such representations are false, they
24   are therefore likely to deceive the public and cause substantial injury including but not
25   limited to drastic damages to credit and loss of unique real property.

26       Courts have held that an "unfair" practice is one that offends established public
27   policy, that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to
28   consumers, or that has an impact on the victim that outweighs the defendant's reasons,

1   justifications, and motives for the practice. *Jolley v. Chase Home Finance, LLC*, (2013)

2   213 Cal. App. 4th 872. Under that analysis, DEFENDANT's conduct as alleged herein

3   and in the operative Complaint satisfies each of those factors and is therefore clearly

4   unfair in violation of the UCL.

5       One such established public policy being offended is arising out of the

6   Homeowner's Bill of Rights ("HOBR") which was enacted in 2013 and modified as to

7   certain aspects in 2018.  The HOBR's essential purpose and effect is to afford

8   homeowners greater protection during the foreclosure process and to ensure that

9   homeowners are availed with reasonable opportunities to remedy their prior defaults and

10  avoid foreclosure. (*See generally* Cal. Civ. Code §§ 2920, *et seq.*)

11      For example, Civil Code § 2923.4 succinctly states:

12      The purpose of the act that added this section is to ensure that, as part
        of the nonjudicial foreclosure process, borrowers are considered for, and
13      have a meaningful opportunity to obtain, available loss mitigation
        options, if any, offered by or through the borrower's mortgage servicer,
14      such as loan modifications or other alternatives to foreclosure. Nothing
        in the act that added this section, however, shall be interpreted to require
15      a particular result of that process. (Ibid.)

16      Plaintiff understands that a loan modification offer was not a guaranteed result, but

17  DEFENDANT's acts and omissions alleged herein directly precluded them from having

18  any meaningful opportunity to obtain the modification as a loss mitigation option.  As such,

19  that conduct materially violates established public policy and is substantially injurious to

20  consumers because it misleads them to their detriment, causing significant delays during

21  a crucial period of time as it precludes them from pursuing other reasonably available loss

22  mitigation options before a foreclosure sale is conducted.  DEFENDANT misled Plaintiff

23  to believe they would obtain a fair shot at the loss mitigation option and simply ran them

24  through the ringer by repeatedly requesting that Plaintiff resubmit the same documents

25  over and over, shuffling them between SPOCs to restrain their diligent efforts at obtaining

26  the modification review, all without making any determination on the review.

27      Courts have found the initiation of foreclosure proceedings or even the threat of

28  foreclosure is sufficient to constitute a lost property interest sufficient to support standing

Fry Law Corporation
Trial Attorneys

**MEMORANDUM OF POINTS AND AUTHORITIES**
4

1    for a UCL claim. *See, e.g., Monet v. JPMorgan Chase Bank, N.A.*, 2017 WL 3895790, at

2    *6 (N.D. Cal. Sept. 5, 2017) (threat of foreclosure is sufficient to establish standing under

3    the UCL).

4          Additionally, the breach of contract cause of action is well-settled California law.

5    The allegations in the Complaint for breach of contract stem from the principles set forth

6    in *West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780. In *West*, the Court

7    found that a "trial period plan" is a promise to review the borrowers and approve them for

8    a HAMP sponsored loan modification if they made no misrepresentations about their

9    financial position. (*Ibid.* at 798)

10          Plaintiff have formed the basis of adequate UCL standing and causation because

11    DEFENDANT's conduct of directly precluding them from being reasonably reviewed for

12    the modification has negatively affected and diminished their property interest and ability

13    to lower their mortgage payments, which went well above and beyond the scope of harm

14    caused by Plaintiff's original default on the subject mortgage loan. *See Segura v. Wells*

15    *Fargo Bank, N.A.*, 2014 WL 4798890, at *8-9 (C.D. Cal. Sept. 26, 2014) (distinguishing

16    between damage caused by borrowers' default and damage caused by servicer's

17    mishandling of borrowers' modification application, the latter of which formed the basis

18    for UCL standing because it affected borrowers' property interest and/or their ability to

19    lower their mortgage payments).

20          As set forth in the operative Complaint herein, Plaintiff can, and have, adequately

21    shown a substantial likelihood of success on the merits in light of the foregoing laws and

22    public policies which support adequate protections for homeowners facing foreclosure.

23          DEFENDANT's material UCL violations have proximately caused the damages

24    alleged in the operative Complaint to be sustained by Plaintiff, and if the Subject Property

25    is sold through foreclosure, these damages will increase dramatically. Injunctive relief is

26    required to preserve the status quo during this pending litigation.   Moreover, the

27    Defendants will not be unduly prejudiced or harmed by reason of granting the requested

28    injunctive relief because the Subject Property is significantly underwater.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Fry Law Corporation
Trial Attorneys

1    Conversely, Plaintiff will suffer irreparable harm if the home is lost to foreclosure

2    as they will be homeless. Injury to real property is irreparable as every piece of real

3    property is unique in nature and no amount of monetary damage will remedy Plaintiff's

4    loss if the sale is conducted.

5    A restraining order granted by this Court will preserve the status quo during the

6    pendency of the instant litigation. Further, the balance of equities is in Plaintiff's favor as

7    a temporary restraining order merely delays the Defendants' right to foreclose and is not

8    dispositive of it. Moreover, there is substantial negative equity in the Subject Property

9    and Defendants will not be harmed through the grant of the requested injunctive relief.

10    Finally, an injunction is in the public's interest as it enforces laws designed

11    specifically to protect consumers and the public at large from this type of unfair and

12    fraudulent conduct. Such conduct is further in violation of the public policies giving rise

13    to the HBOR.

14    **B.    This Court Has The Authority To Issue This Temporary Restraining Order.**

15    Business and Professions Code § 17203 states the following:

16    Injunctive Relief—Court Orders

17    Any person who engages, has engaged, or proposes to engage in unfair
      competition may be enjoined in any court of competent jurisdiction. The
18    court may make such orders or judgments, including the appointment of
      a receiver, as may be necessary to prevent the use or employment by
19    any person of any practice which constitutes unfair competition, as
      defined in this chapter, or as may be necessary to restore to any person
20    in interest any money or property, real or personal, which may have
      been acquired by means of such unfair competition. Any person may
21    pursue representative claims or relief on behalf of others only if the
      claimant meets the standing requirements of Section 17204 and
22    complies with Section 382 of the Code of Civil Procedure, but these
      limitations do not apply to claims brought under this chapter by the
23    Attorney General, or any district attorney, county counsel, city attorney,
      or city prosecutor in this state. (*Ibid.*)

24

25    California Code of Civil Procedure § 527 states, in pertinent part:

26    "(a) An injunction may be granted at any time before judgment upon
      verified complaint, or upon affidavits if the complaint in the one case, or
27    the affidavits in the other, show satisfactorily that sufficient grounds exist
      therefor."

28

Fry Law Corporation
Trial Attorneys

**MEMORANDUM OF POINTS AND AUTHORITIES**

1

California Code of Civil Procedure § 745 states in pertinent part that:

2

"The court may, by injunction, on good cause shown, restrain the party
3    in possession from doing any act to the injury of real property:

4          (a) During the foreclosure of a mortgage on the property.

5    (*Ibid.*)

6          California Code of Civil Procedure § 526 states in pertinent part that:

7          (a) An injunction may be granted in the following cases:

8          (1) When it appears by the complaint that the plaintiff is entitled to
the relief demanded, and the relief, or any part thereof, consists in
9    restraining the commission or continuance of the act complained of,
either for a limited period or perpetually.

10

          (2) When it appears by the complaint or affidavits that the
11    commission or continuance of some act during the litigation would
produce waste, or great or irreparable injury, to a party to the action.

12

          (3) When it appears, during the litigation, that a party to the action is
13    doing, or threatens, or is about to do, or is procuring or suffering to
be done, some act in violation of the rights of another party to the
14    action respecting the subject of the action, and tending to render the
judgment ineffectual.

15

          (4) When pecuniary compensation would not afford adequate relief.
16

17    (*See also Dingley v. Buckner* (1909) 11 Cal. App. 181, 183-84)

18    **C.    Plaintiff Will Suffer Irreparable Harm If A Restraining Order Is Not Issued.**

19          In *Jessen v. Keystone* (1983) 142 Cal.App.3d 454, 457, the Court stated that

20    "irreparable injury is one for which ... the item is so unique its loss deprives the possessor

21    of intrinsic values not replaceable by money or in kind ... " It is well settled California law

22    that real property is unique and not replaceable by money or other real property. (*See C.*

23    *Robert Nattress & Associates v. CIDCO* (1986) 184 Cal.App.3d 55, 63.)

24          In this instance, the Defendants are scheduled to conduct a Trustee's Sale of

25    Plaintiff's home on December 30, 2021.  If the Court does not intervene and issue a

26    temporary restraining order, Plaintiff's property will be auctioned off and sold prior to

27    resolution of this lawsuit, leaving Plaintiff homeless and at a complete loss of their unique

28    real property.

**MEMORANDUM OF POINTS AND AUTHORITIES**

1    Plaintiff would not be afforded any meaningful opportunity to examine the accuracy

2    of the foreclosure, address the UCL and negligence claims at issue in this case and

3    protect their interests in the subject property if the requested injunctive relief is denied.

4    (See Wind v. Herbert (1960) 186 Cal.App.2d 276, 285.)

5    As set forth above, each piece of real property is unique in nature and not

6    replaceable by money or other real property. As such, Plaintiff will be irreparably harmed

7    if the scheduled sale is conducted, and any monetary damages would be insufficient to

8    compensate them for the losses.

9    Therefore, Plaintiff are respectfully requesting that this Court issues an order

10   enjoining Defendants and their agents from advertising, holding, conducting or

11   participating in any foreclosure sale or Trustee's Sale of Plaintiff's property pending the

12   resolution of this litigation.

13   **D.    Status Quo Must Be Preserved.**

14   A temporary restraining order may be granted to preserve the status quo until a

15   final determination on the merits of the action can be had by the parties. (See Butt v. Stat

16   (1992) 4 Cal.4th 668; Continental Baking Co. v. Katz (1968) 68 Cal.2d.512, 528; Cohen

17   v. Board of Supervisors (1985) 40 Cal.3d 277.)

18   The public policy to preserve the status quo holds especially strong until such time

19   as the court can determine ownership or right to possession of real property. (See

20   Robbins v. Sup. Ct. (Co. of Sacramento) (1985) 38 Cal.3d 199,205.)

21   This public policy set forth in Robbins applies to Plaintiff's case. Plaintiff have filed

22   a Complaint underlying this Application seeking damages and injunctive relief based on

23   various causes of action against the Defendants arising out of their ongoing pattern of

24   unfair business practices and negligence in connection with Plaintiff's efforts to modify

25   the subject mortgage loan.

26   Without the Court's issuance of a restraining order to halt the imminent foreclosure

27   sale and to maintain the status quo pending the outcome of litigation of the Plaintiff's

28   operative Complaint, substantial harm and irreparable injury to Plaintiff is inevitable.

Fry Law Corporation
Trial Attorneys

1    Plaintiff's Application is justified and supported by the facts and authorities set forth

2    herein.

3        If the December 30, 2021 sale is not enjoined, any future monetary judgment or

4    damage award would not adequately remedy Plaintiff's loss as set forth above.

5        Plaintiff request this Court issue the requested restraining order to maintain the

6    status quo and enjoin the Defendants from carrying out the sale of the Subject Property.

7    **E.    Ex Parte Notice Requirements Were Satisfied And Required Showings Are**

8    **Met.**

9        California Rules of Court, Rules 3.1200 – 3.1207 state, in pertinent part:

10       (a) Time of notice: A party seeking an ex parte order must notify all parties no later
         than 10:00 a.m. the court day before the ex parte appearance, absent a
11       showing of exceptional circumstances that justify a shorter time for notice.

12

13       Section 3.1204 allows for a moving party to provide tardy notice in exceptional

14   circumstances. A separate declaration of counsel is submitted herewith.

15       Counsel for Plaintiff have submitted a declaration filed concurrently herewith,

16   demonstrating compliance with this rule set governing applications for *ex parte* relief.  The

17   supporting Declaration of Plaintiff's counsel Christopher J. Fry, Esq. states that the

18   Defendants, or their agents or employees, were properly informed on December 29,

19   2021, of the time, date and location of the *ex parte* hearing to be held on December 30,

20   2021.

21                          **CONCLUSION**

22       Based on the foregoing arguments, the operative Complaint on file herein, and the

23   supporting declarations filed concurrently herewith, Plaintiff respectfully request this Court

24   to issue a temporary restraining order enjoining Defendants, and any and all of their

25   officers, agents, servants, employees, trustees, and attorneys, and those persons in

26   active concert or participation or privity with any or each of them or acting on their behalf,

27   from advertising, holding, conducting or participating in any foreclosure sale or Trustee's

28   Sale of Plaintiff's real property commonly known as 1304 Freswick Drive, Folsom, CA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Fry Law Corporation
Trial Attorneys

1   95630, pending the resolution of this litigation or until further Order of this Court.

2

3   DATED:  December 29, 2021        Respectfully submitted,

4                                   FRY LAW CORPORATION

5

6                                   By: _____

7                                       Christopher J. Fry, Esq.
                                        *Attorney for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Fry Law Corporation**
Trial Attorneys

---

**MEMORANDUM OF POINTS AND AUTHORITIES**

10

1

**PROOF OF SERVICE**
**CALIFORNIA SUPERIOR COURT**

2

3      I am employed in the County of Sacramento, State of California. I am over the age

of 18 and not a party to the within action; my business address is: 980 9th Street, 16th

4      Floor, Sacramento, California 95814. On December 29, 2021, I served the foregoing

document(s) described as:

5

6      **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX**
**PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN**

7      **ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE**
**ISSUED**

8

9      On all interested parties in this action by placing [   ] the original [ x ] a true copy

thereof enclosed in sealed envelopes addressed as follows:

10

Western Progressive, LLC

11     Northpark Town Center
1000 Abernathy Road NE, Building 400, Suite 200

12     Atlanta, GA 30328
Email: Trustee.Services@Altisource.com

13
PHH Mortgage Services

14     P.O. Box 5452
Mt. Laurel, NJ 08054

15     CustomerCare@mortgagefamily.com

16     Deutsche Bank Trust Company Americas
c/o CT Corporation

17     330 N Brand Blvd Suite 700
Glendale, CA 91203

18     [X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at

19     Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I
am "readily familiar" with this firm's practice of collection and processing correspondence

20     for mailing. It is deposited with U.S. postal service on that same day in the ordinary course
of business.   I further caused electronic copies of the foregoing document(s) to be

21     delivered to the e-mail addresses as appearing above.

22     I declare that I am employed in the office of a member of the bar of this court at

23     whose direction the service was made.  I declare under penalty of perjury under the laws
of California that the above is true and correct. Executed on December 29, 2021, at

24     Sacramento, California.

25

26
Christopher J. Fry

27

28

_Fry Law Corporation_
_Trial Attorneys_

---

**MEMORANDUM OF POINTS AND AUTHORITIES**

11

RECEIVED
sl AW AND MOTION DROP BOX

2021 DEC 29   PM 3: 38

GOSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

1  Christopher J. Fry, Esq. (SBN: 298874)
       Email: cfry@frylawcorp.com
2  **FRY LAW CORPORATION**
   980 9th Street, 16th Floor
3  Sacramento, California 95814
   Telephone: (916) 291-0700
4  Facsimile: (916) 848-0256

5  Attorneys for Plaintiff,
   **JULIE C. GALLAGHER**

6

7

8              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                 **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12  JULIE C. GALLAGHER,                    **CASE NO.: 34-2021-00312847**

13              Plaintiff,                  **PLAINTIFF'S NOTICE OF EX PARTE**
                                            **APPLICATION AND EX PARTE**
14          vs.                             **APPLICATION FOR A TEMPORARY**
                                            **RESTRAINING ORDER AND AN**
15  PHH MORTGAGE CORPORATION;               **ORDER TO SHOW CAUSE WHY A**
    WESTERN PROGRESSIVE, LLC;               **PRELIMINARY INJUNCTION SHOULD**
16  DEUTSCHE BANK TRUST COMPANY             **NOT BE ISSUED**
    AMERICAS; and DOES 1-100, inclusive
17                                          [*Filed Concurrently With Plaintiff's*
            Defendants.                     *Points and Authorities; Declaration of*
18                                          *Christopher J. Fry; Declaration of Julie*
                                            *C. Gallagher; [Proposed] Order.]*
19
                                            **DATE:** December 30, 2021
20                                          **TIME:** 9:45 a.m.
                                            **DEPT.:** 53
21
                                            **COMPLAINT FILED DECEMBER 15,**
22                                          **2021**

23                                          **Trial:** None Set.

24

25

26

27

28

---

**NOTICE**

FILED/ENDORSED

DEC 29 2021

By: _____ E. Medina
          Deputy Clerk

1    **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEY(S) OF RECORD:**

2    PLEASE TAKE NOTICE that on December 30, 2021, at 9:45 a.m., in Department

3    53 of the Superior Court of California for the County of Sacramento, located at 813 6th

4    Street, Sacramento, California 95814, Plaintiff hereby moves the above-entitled court

5    pursuant to Code of Civil Procedure § 527 and Business and Professions Code §§ 17200,

6    *et seq.* for a Temporary Restraining Order and for an Order to Show Cause why the Court

7    should not issue a Preliminary Injunction.

8    Ex parte relief is appropriate and necessary as there is a Trustee's Sale scheduled

9    for December 30, 2021, to sell Plaintiff's home located at 1304 Freswick Drive, Folsom,

10   CA 95630, and that Plaintiff is the victim of the foreclosure in violation of the Unfair

11   Competition Law ("UCL") for which a Complaint has been initially filed with the above-

12   entitled Court on December 15, 2021, upon which Plaintiff has a high likelihood of success

13   on the merits and moreover upon which the balance of equities tips strongly in favor of

14   Plaintiff.

15   Plaintiff will suffer irreparable harm if the status quo is not preserved by the power

16   of this Court to enjoin Defendants and any and all of their officers, agents, servants,

17   employees, trustees, and attorneys, and those persons in active concert or participation

18   or privity with any or each of them, from advertising, holding, conducting or participating

19   in any foreclosure sale or Trustee's Sale of Plaintiffs' real property located at 1304

20   Freswick Drive, Folsom, CA 95630, in violation of the UCL as codified in Business and

21   Professions Code §§ 17200 *et seq.*, and as set forth in the operative Complaint on file

22   herein, which expressly provides for the Plaintiff's requested injunctive relief herein.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Fry Law Corporation
Trial Attorneys

1

2    DATED: December 29, 2021        Respectfully submitted,

3                                    FRY LAW CORPORATION

4

5                                    By: _____

6                                        Christopher J. Fry, Esq.
                                         *Attorney for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Fry Law Corporation**
Trial Attorneys

**NOTICE**
2

1
2

**PROOF OF SERVICE**
**CALIFORNIA SUPERIOR COURT**

3
4
5

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: 980 9th Street, 16th Floor, Sacramento, California 95814. On December 29, 2021, I served the foregoing document(s) described as:

6
7

**PLAINTIFF'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

8
9

On all interested parties in this action by placing [   ] the original [ x ] a true copy thereof enclosed in sealed envelopes addressed as follows:

10
11
12

Western Progressive, LLC
Northpark Town Center
1000 Abernathy Road NE, Building 400, Suite 200
Atlanta, GA 30328
Email: Trustee.Services@Altisource.com

13
14

PHH Mortgage Services
P.O. Box 5452
Mt. Laurel, NJ 08054
CustomerCare@mortgagefamily.com

15
16
17

Deutsche Bank Trust Company Americas
c/o CT Corporation
330 N Brand Blvd Suite 700
Glendale, CA 91203

18
19
20
21

[X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I further caused electronic copies of the foregoing document(s) to be delivered to the e-mail addresses as appearing above.

22
23
24

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct. Executed on December 29, 2021, at Sacramento, California.

25
26

Christopher J. Fry

27
28

_____

**NOTICE**
3

1  Christopher J. Fry, Esq. (SBN: 298874)
       Email: cfry@frylawcorp.com
2  **FRY LAW CORPORATION**
   980 9th Street, 16th Floor
3  Sacramento, California 95814
   Telephone: (916) 291-0700
4  Facsimile: (916) 848-0256

5  Attorneys for Plaintiff,
   **JULIE C. GALLAGHER**

6

7

8                **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                   **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12  JULIE C. GALLAGHER,                    **CASE NO.: 34-2021-00312847**

13              Plaintiff,                 **[PROPOSED] ORDER GRANTING
                                            PLAINTIFF'S EX PARTE**
14       vs.                               **APPLICATION FOR A TEMPORARY
                                            RESTRAINING ORDER AND AN**
15  PHH MORTGAGE CORPORATION;              **ORDER TO SHOW CAUSE WHY A**
    WESTERN PROGRESSIVE, LLC;              **PRELIMINARY INJUNCTION SHOULD**
16  DEUTSCHE BANK TRUST COMPANY            **NOT BE ISSUED**
    AMERICAS; and DOES 1-100, inclusive
17                                         *[Filed Concurrently With Plaintiff's*
              Defendants.                  *Points and Authorities; Declaration of*
18                                         *Christopher J. Fry; Declaration of Julie*
                                           *C. Gallagher; Notice.]*
19
                                           **DATE:** December 30, 2021
20                                         **TIME:** 9:45 a.m.
                                           **DEPT.:** 53
21
                                           **COMPLAINT FILED DECEMBER 15,**
22                                         **2021**

23                                         **Trial:** None Set.

24

25

26

27

28

_____

                              **ORDER**

1    To Defendants PHH MORTGAGE CORPORATION; WESTERN PROGRESSIVE,
2  LLC; DEUTSCHE BANK TRUST COMPANY AMERICAS; and all of their officers, agents,
3  servants, employees, trustees, and attorneys, and those persons in active concert or
4  participation or privity with any of them:

5    YOU ARE ORDERED to appear in Department 53 of this Court, located at 813 6th
6  Street, Sacramento, California 95814, at _____ p.m./a.m. on _____ to give any legal
7  reason why a preliminary injunction prohibiting the Trustee's Sale of the real property
8  located at 1304 Freswick Drive, Folsom, CA 95630, should not be granted during the
9  pendency of this action.

10    Any moving papers to support the Order to Show Cause shall be filed with this
11  Court and served on Defendants according to code by _____.

12    Any opposition papers to the Order to Show Cause shall be filed with this Court
13  and served on Plaintiff's attorneys by mail and fax or email by _____.

14    Any reply brief shall be filed with this Court and served on Defendants' attorneys
15  according to code by mail and fax or email by _____.

16                          **TEMPORARY RESTRAINING ORDER**

17    THIS COURT FINDS that Defendants were informed of the date, time, and place
18  of the Application for Temporary Restraining Order and for Issuance of the Order to Show
19  Cause Re: Preliminary Injunction to Restrain Foreclosure Trustee's Sale of the subject
20  property would be heard.

21    THE COURT ORDERS UNTIL THE HEARING ON THE ORDER TO SHOW
22  CAUSE as set forth above or as may be continued by order of this Court, Defendants,
23  and all of their officers, agents, servants, employees, trustees and attorneys, and those
24  persons in active concert or participation or privity with any of them are enjoined and
25  prohibited from conducting the Trustee's Sale of the real property located at 1304
26  Freswick Drive, Folsom, CA 95630.

27    By the close of business on the date of this order, a copy of this order shall be
28  served by facsimile and email (if available) on all Defendants.

Fry Law Corporation
Trial Attorneys

1

2    IT IS SO ORDERED.

3

4

5    DATED: _____

6
                                    _____
7                                    **Judge of the Superior Court of California**
                                     **County of Sacramento**
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fry Law Corporation
Trial Attorneys

**PROOF OF SERVICE**
**CALIFORNIA SUPERIOR COURT**

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: 980 9th Street, 16th Floor, Sacramento, California 95814. On December 29, 2021, I served the foregoing document(s) described as:

**[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

On all interested parties in this action by placing [  ] the original [ x ] a true copy thereof enclosed in sealed envelopes addressed as follows:

Western Progressive, LLC
Northpark Town Center
1000 Abernathy Road NE, Building 400, Suite 200
Atlanta, GA 30328
Email: Trustee.Services@Altisource.com

PHH Mortgage Services
P.O. Box 5452
Mt. Laurel, NJ 08054
CustomerCare@mortgagefamily.com

Deutsche Bank Trust Company Americas
c/o CT Corporation
330 N Brand Blvd Suite 700
Glendale, CA 91203

[X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I further caused electronic copies of the foregoing document(s) to be delivered to the e-mail addresses as appearing above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct. Executed on December 29, 2021, at Sacramento, California.

Christopher J. Fry

ORDER
3

RECEIVED
LAW AND MOTION DROP BOX

2021 DEC 29  PM 3: 39

GBSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

9:45 AM

# SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO
## ORDER DETERMINING DISPOSITION OF EX PARTE APPLICATION

| Case Name: Gallagher vs. PHH Mortgage Corp. | Case Number: 2021-00312847 |
|---|---|
| Type of Application: TRO on Sale | By: TT | Application Date: 12/30/21 |
| Names of Appearing Party: Chris Fry | Representing: T. Gallagher    916-804-6033 |
| | |

The Court, having considered the above entitled ex parte application ☐ without a hearing ☑ after hearing with appearance as noted above, rules as follows:

☑ The application is granted. _Per attached Order._

_____

_____

☐ The application is denied on the merits of the papers presented to the Court.

_____

_____

☐ The application is denied without prejudice to its resubmission for the following reason(s):

_____

_____

☐ The moving party may not proceed except by noticed motion.

☐ Other

_____

_____

_____

_____

☐ Counsel for the _____ is ordered to prepare formal order

12/30/21
**DATE**

_____
**JUDGE OF THE SUPERIOR COURT**
RAYMOND M. CADEI

FILED
ENDORSED

2021 DEC 30 PM 3:45

SACRAMENTO COURTS
DEPT. #54

1  Christopher J. Fry, Esq. (SBN: 298874)
      Email: cfry@frylawcorp.com
2  FRY LAW CORPORATION
   980 9th Street, 16th Floor
3  Sacramento, California 95814
   Telephone: (916) 291-0700
4  Facsimile: (916) 848-0256

5  Attorneys for Plaintiff,
   JULIE C. GALLAGHER

6

7

8          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9             IN AND FOR THE COUNTY OF SACRAMENTO

10

11

12  JULIE C. GALLAGHER,                    CASE NO.: 34-2021-00312847

13              Plaintiff,                 [PROPOSED] ORDER GRANTING
                                           PLAINTIFF'S EX PARTE
14       vs.                               APPLICATION FOR A TEMPORARY
                                           RESTRAINING ORDER AND AN
15  PHH MORTGAGE CORPORATION;              ORDER TO SHOW CAUSE WHY A
    WESTERN PROGRESSIVE, LLC;              PRELIMINARY INJUNCTION SHOULD
16  DEUTSCHE BANK TRUST COMPANY            NOT BE ISSUED
    AMERICAS; and DOES 1-100, inclusive
17                                         [Filed Concurrently With Plaintiff's
              Defendants.                  Points and Authorities; Declaration of
18                                         Christopher J. Fry; Declaration of Julie
                                           C. Gallagher; Notice.]
19
                                           DATE: December 30, 2021
20                                         TIME: 9:45 a.m.
                                           DEPT.: 53
21
                                           COMPLAINT FILED DECEMBER 15,
22                                         2021

23                                         Trial: None Set.

24

25

26

27

28

_____
                        ORDER

1    To Defendants PHH MORTGAGE CORPORATION; WESTERN PROGRESSIVE,

2    LLC; DEUTSCHE BANK TRUST COMPANY AMERICAS; and all of their officers, agents,

3    servants, employees, trustees, and attorneys, and those persons in active concert or

4    participation or privity with any of them:

5    ˙YOU ARE ORDERED to appear in Department 53 of this Court, located at 813 6th

6    Street, Sacramento, California 95814, at _1⁰⁰_ p.m./a.m. on _1/20/22_ to give any legal
                                                                        *(Reservation #2613952)*
7    reason why a preliminary injunction prohibiting the Trustee's Sale of the real property

8    located at 1304 Freswick Drive, Folsom, CA 95630, should not be granted during the

9    pendency of this action.

10    Any moving papers to support the Order to Show Cause shall be filed with this

11    Court and served on Defendants according to code by _1/3/22_.

12    Any opposition papers to the Order to Show Cause shall be filed with this Court

13    and served on Plaintiff's attorneys by mail and fax or email by _1/10/22_.

14    Any reply brief shall be filed with this Court and served on Defendants' attorneys

15    according to code by mail and fax or email by _1/14/22_.

16    **TEMPORARY RESTRAINING ORDER**

17    THIS COURT FINDS that Defendants were informed of the date, time, and place

18    of the Application for Temporary Restraining Order and for Issuance of the Order to Show

19    Cause Re: Preliminary Injunction to Restrain Foreclosure Trustee's Sale of the subject

20    property would be heard.

21    THE COURT ORDERS UNTIL THE HEARING ON THE ORDER TO SHOW

22    CAUSE as set forth above or as may be continued by order of this Court, Defendants,

23    and all of their officers, agents, servants, employees, trustees and attorneys, and those

24    persons in active concert or participation or privity with any of them are enjoined and

25    prohibited from conducting the Trustee's Sale of the real property located at 1304

26    Freswick Drive, Folsom, CA 95630.

27    By the close of business on the date of this order, a copy of this order shall be

28    served by facsimile and email (if available) on all Defendants.

Fry Law Corporation
Trial Attorneys

**ORDER**
1

1

2    IT IS SO ORDERED.

3

4

5    DATED: _12/30/21_

6

7    Judge of the Superior Court of California
     County of Sacramento
8    RAYMOND M. CADEI

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
2

1
2

**PROOF OF SERVICE**
**CALIFORNIA SUPERIOR COURT**

3      I am employed in the County of Sacramento, State of California. I am over the age

4   of 18 and not a party to the within action; my business address is: 980 9th Street, 16th
    Floor, Sacramento, California 95814. On December 29, 2021, I served the foregoing

5   document(s) described as:

6   **[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR A**
    **TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE WHY A**

7   **PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

8      On all interested parties in this action by placing [   ] the original [ x ] a true copy

9   thereof enclosed in sealed envelopes addressed as follows:

10  Western Progressive, LLC
    Northpark Town Center

11  1000 Abernathy Road NE, Building 400, Suite 200
    Atlanta, GA 30328

12  Email: Trustee.Services@Altisource.com

13  PHH Mortgage Services
    P.O. Box 5452

14  Mt. Laurel, NJ 08054
    CustomerCare@mortgagefamily.com

15  Deutsche Bank Trust Company Americas
    c/o CT Corporation

16  330 N Brand Blvd Suite 700
    Glendale, CA 91203

17

18     [X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at
    Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I

19  am "readily familiar" with this firm's practice of collection and processing correspondence
    for mailing. It is deposited with U.S. postal service on that same day in the ordinary course

20  of business. I further caused electronic copies of the foregoing document(s) to be
    delivered to the e-mail addresses as appearing above.

21

22     I declare that I am employed in the office of a member of the bar of this court at
    whose direction the service was made. I declare under penalty of perjury under the laws

23  of California that the above is true and correct. Executed on December 29, 2021, at
    Sacramento, California.

24

25

26                              Christopher J. Fry

27

28

Fry Law Corporation
Trial Attorneys

FILED/ENDORSED

JAN - 3 2022

By: _____ S. Khorn _____
Deputy Clerk

1   Christopher J. Fry, Esq. (SBN: 298874)
        Email: cfry@frylawcorp.com
2   **FRY LAW CORPORATION**
    980 9th Street, 16th Floor
3   Sacramento, California 95814
    Telephone: (916) 291-0700
4   Facsimile: (916) 848-0256

5   Attorneys for Plaintiff,
    **JULIE C. GALLAGHER**

6

7

8              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                  **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12   JULIE C. GALLAGHER,                    **CASE NO.: 34-2021-00312847**

13              Plaintiff,                  **PLAINTIFF'S NOTICE OF**
                                            **APPLICATION FOR A PRELIMINARY**
14        vs.                               **INJUNCTION**

15   PHH MORTGAGE CORPORATION;              **DATE:** January 20, 2022
     WESTERN PROGRESSIVE, LLC;              **TIME:** 1:30 p.m.
16   DEUTSCHE BANK TRUST COMPANY            **DEPT.:** 53
     AMERICAS; and DOES 1-100, inclusive
17                                          **Reservation:** 2613952
                Defendants.
18                                          **COMPLAINT FILED DECEMBER 15,**
                                            **2021**
19
                                            **Trial:** None Set.
20

21

22

23

24

25

26

27

28

---

**NOTICE**

1    **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEY(S) OF RECORD:**

2    PLEASE TAKE NOTICE that on January 20, 2022, at 1:30 p.m., in Department 53

3    of the Superior Court of California for the County of Sacramento, located at 813 6th Street,

4    Sacramento, California 95814, Plaintiff hereby moves the above-entitled court pursuant

5    to Code of Civil Procedure § 527 and Business and Professions Code §§ 17200, *et seq.*

6    for a Preliminary Injunction.

7    Relief is appropriate and necessary as there is a Trustee's Sale scheduled for

8    February 3, 2022, to sell Plaintiff's home located at 1304 Freswick Drive, Folsom, CA

9    95630, and that Plaintiff is the victim of the foreclosure in violation of the Unfair

10    Competition Law ("UCL") for which a Complaint has been initially filed with the above-

11    entitled Court on December 15, 2021, upon which Plaintiff has a high likelihood of success

12    on the merits and moreover upon which the balance of equities tips strongly in favor of

13    Plaintiff.

14    Plaintiff will suffer irreparable harm if the status quo is not preserved by the power

15    of this Court to enjoin Defendants and any and all of their officers, agents, servants,

16    employees, trustees, and attorneys, and those persons in active concert or participation

17    or privity with any or each of them, from advertising, holding, conducting or participating

18    in any foreclosure sale or Trustee's Sale of Plaintiffs' real property located at 1304

19    Freswick Drive, Folsom, CA 95630, in violation of the UCL as codified in Business and

20    Professions Code §§ 17200 *et seq.*, and as set forth in the operative Complaint on file

21    herein, which expressly provides for the Plaintiff's requested injunctive relief herein.

22    Pursuant to Local Rule 1.06 (A), the court will make a tentative ruling on the merits of

23    this matter by 2:00 p.m., the court day before the hearing. The complete text of the tentative

24    rulings for the department may be downloaded from the Court's public access site. If you do

25    not have online access, you may call the dedicated phone number for the department as

26    referenced in the local telephone directory, between the hours of 2:00 p.m. and 4:00 p.m. on

27    the court day before the hearing and listen to the tentative ruling. If you do not call the court

28    and the opposing party by 4:00 p.m. the court day before the hearing, no hearing will be held.

1

2

3    DATED:  January 3, 2022          Respectfully submitted,

4                                             **FRY LAW CORPORATION**

5

6                                             By: _____
                                                Christopher J. Fry, Esq.
7                                                *Attorney for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fry Law Corporation
Trial Attorneys

**NOTICE**
2

1

**PROOF OF SERVICE**
**CALIFORNIA SUPERIOR COURT**

2

3    I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: 980 9th Street, 16th Floor, Sacramento, California 95814. On January 3, 2022, I served the foregoing document(s) described as:

4

5

6    **PLAINTIFF'S NOTICE OF APPLICATION FOR A PRELIMINARY INJUNCTION**

7    On all interested parties in this action by placing [  ] the original [ x ] a true copy thereof enclosed in sealed envelopes addressed as follows:

8

9    Western Progressive, LLC
Northpark Town Center
1000 Abernathy Road NE, Building 400, Suite 200
10   Atlanta, GA 30328
Email: Trustee.Services@Altisource.com

11

PHH Mortgage Services
12   P.O. Box 5452
Mt. Laurel, NJ 08054
13   CustomerCare@mortgagefamily.com

14   Deutsche Bank Trust Company Americas
c/o CT Corporation
15   330 N Brand Blvd Suite 700
Glendale, CA 91203

16

[X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at
17   Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence
18   for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business.  I further caused electronic copies of the foregoing document(s) to be
19   delivered to the e-mail addresses as appearing above.

20

I declare that I am employed in the office of a member of the bar of this court at
21   whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct. Executed on January 3, 2022, at
22   Sacramento, California.

23

24

Christopher J. Fry
25

26

27

28

Fry Law Corporation
Trial Attorneys

RECEIVED
LAW AND MOTION DROP BOX

2022 JAN -3  PM 3: 19

GDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

1   Christopher J. Fry, Esq. (SBN: 298874)
        Email: cfry@frylawcorp.com
2   **FRY LAW CORPORATION**
  980 9th Street, 16th Floor
3   Sacramento, California 95814
  Telephone: (916) 291-0700
4   Facsimile: (916) 848-0256

5   Attorneys for Plaintiff,
  **JULIE C. GALLAGHER**

6

7

8          **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9             **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12   JULIE C. GALLAGHER,           **CASE NO.: 34-2021-00312847**

13           Plaintiff,        **[PROPOSED] ORDER GRANTING**
                               **PLAINTIFF'S APPLICATION FOR A**
14       vs.                     **PRELIMINARY INJUNCTION**

15   PHH MORTGAGE CORPORATION;     **DATE:** January 20, 2022
  WESTERN PROGRESSIVE, LLC;        **TIME:** 1:30 p.m.
16   DEUTSCHE BANK TRUST COMPANY     **DEPT.:** 53
  AMERICAS; and DOES 1-100, inclusive
17                           **Reservation:** 2613952
          Defendants.
18                           **COMPLAINT FILED DECEMBER 15,**
                               **2021**
19

20                           **Trial:** None Set.

21

22

23

24

25

26

27

28

*Fry Law Corporation*
*Trial Attorneys*



                             **ORDER**

1    To Defendants PHH MORTGAGE CORPORATION; WESTERN PROGRESSIVE,

2  LLC; DEUTSCHE BANK TRUST COMPANY AMERICAS; and all of their officers, agents,

3  servants, employees, trustees, and attorneys, and those persons in active concert or

4  participation or privity with any of them:

5    This matter came upon hearing on the date above. Appearances were noted in the

6  record. THIS COURT FINDS that Defendants were informed of the date, time, and place

7  of the Application for the Preliminary Injunction to Restrain Foreclosure Trustee's Sale of

8  the subject property would be heard.

9    THE COURT ORDERS UNTIL THE resolution of this action, as set forth above or

10  as may be continued by order of this Court, Defendants, and all of their officers, agents,

11  servants, employees, trustees and attorneys, and those persons in active concert or

12  participation or privity with any of them are enjoined and prohibited from conducting the

13  Trustee's Sale of the real property located at 1304 Freswick Drive, Folsom, CA 95630.

14

15    IT IS SO ORDERED.

16

17

18  DATED: _____

19                                          _____
                                          Judge of the Superior Court of California
20                                          County of Sacramento

21

22

23

24

25

26

27

28

_____

**ORDER**
1

1

**PROOF OF SERVICE**
**CALIFORNIA SUPERIOR COURT**

2

3    I am employed in the County of Sacramento, State of California. I am over the age
of 18 and not a party to the within action; my business address is: 980 9th Street, 16th
4    Floor, Sacramento, California 95814. On January 3, 2022, I served the foregoing
document(s) described as:

5

6    **[PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR A**
**PRELIMINARY INJUNCTION**

7

8    On all interested parties in this action by placing [  ] the original [ x ] a true copy
thereof enclosed in sealed envelopes addressed as follows:

9    Western Progressive, LLC
Northpark Town Center
10    1000 Abernathy Road NE, Building 400, Suite 200
Atlanta, GA 30328
11    Email: Trustee.Services@Altisource.com

12    PHH Mortgage Services
P.O. Box 5452
13    Mt. Laurel, NJ 08054
CustomerCare@mortgagefamily.com
14
Deutsche Bank Trust Company Americas
15    c/o CT Corporation
330 N Brand Blvd Suite 700
16    Glendale, CA 91203

17    [X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at
Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I
18    am "readily familiar" with this firm's practice of collection and processing correspondence
for mailing. It is deposited with U.S. postal service on that same day in the ordinary course
19    of business. I further caused electronic copies of the foregoing document(s) to be
20    delivered to the e-mail addresses as appearing above.

21    I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made. I declare under penalty of perjury under the laws
22    of California that the above is true and correct. Executed on January 3, 2022, at
23    Sacramento, California.

24

25    Christopher J. Fry

26

27

28

**ORDER**
2

RECEIVED
LAW AND MOTION DROP BOX

2022 JAN -3  PM 3: 18

CRSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

1  Christopher J. Fry, Esq. (SBN: 298874)
     *Email: cfry@frylawcorp.com*
2  **FRY LAW CORPORATION**
    980 9th Street, 16th Floor
3  Sacramento, California 95814
    Telephone: (916) 291-0700
4  Facsimile: (916) 848-0256

5  Attorneys for Plaintiff,
    **JULIE C. GALLAGHER**

6

7

**FILED/ENDORSED**

**JAN - 3 2022**

By: _____ S. Khorn _____
        Deputy Clerk

8      **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9         **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

| | |
|---|---|
| 12  JULIE C. GALLAGHER, | **CASE NO.: 34-2021-00312847** |
| 13       Plaintiff, | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN** |
| 14     vs. | **SUPPORT OF APPLICATION FOR A PRELIMINARY INJUNCTION** |
| 15  PHH MORTGAGE CORPORATION;<br>    WESTERN PROGRESSIVE, LLC; | **DATE:** January 20, 2022 |
| 16  DEUTSCHE BANK TRUST COMPANY<br>    AMERICAS; and DOES 1-100, inclusive | **TIME:** 1:30 p.m.<br>**DEPT.:** 53 |
| 17       Defendants. | **Reservation:** 2613952 |
| 18 | **COMPLAINT FILED DECEMBER 15,** |
| 19 | **2021** |
| 20 | **Trial:** None Set. |

21

22

23

24

25

26

27

28

*Fry Law Corporation*
*Trial Attorneys*

---

**MEMORANDUM OF POINTS AND AUTHORITIES**

1

2

## TABLE OF CONTENTS

Factual Background ........................................................................................................... 2

Legal Standard Regarding Preliminary Injunctions .......................................................... 4

Argument .......................................................................................................................... 4

A.  The Loss of Plaintiff's Home Through Foreclosure is Far More Detrimental Than A
    Minor Delay in Foreclosure ....................................................................................... 4

B.  Plaintiff Will Prevail On Her "Dual-Tracking" Claims Under Civ. Code §§ 2923.6 and
    2924.11 ...................................................................................................................... 7

C.  Plaintiff Will Prevail On Her Bus. And Prof. Code §17200 et seq. Claims Because
    Dual-Tracking Is A Per Se Unfair Business Practice. ............................................... 9

D.  Plaintiff Will Prevail On Her Breach Of Contract Claims As Caliber Promised To
    Review Her For Mitigation Options. ........................................................................ 10

E.  Plaintiff Will Prevail On Her Negligence Claims As The Defendants Breached Their
    Duty To Fairly Review Plaintiff For Mitigation Options. .......................................... 11

F.  Status Quo Must Be Preserved ................................................................................ 14

Conclusion ..................................................................................................................... 14

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fry Law Corporation
Trial Attorneys

## MEMORANDUM OF POINTS AND AUTHORITIES

1    Plaintiff JULIE C. GALLAGHER ("Plaintiff" or "Ms. Gallagher"), by and through
2   counsel, submit this Memorandum of Points and Authorities in Support of the Application
3   for a Preliminary Injunction Should Not Be Issued as follows:

4                          **FACTUAL BACKGROUND**

5    Plaintiff brings this action against the defendants for damages and harm resulting
6   from the defendants' willful and reckless violation of California law relating to the servicing
7   and wrongful foreclosure of a residential mortgage. The residential mortgage concerns
8   the property located at 1304 Freswick Drive, Folsom, CA 95630. The Property has been
9   Ms. Gallagher's primary residence for roughly 20 years.

10    There was a sale date scheduled for December 30, 2021, despite the trustee
11   displaying "hold" until the date of the TRO filing and despite the fact that Plaintiff has been
12   approved for and paid a loan modification trial period plan. The sale is currently set for
13   February 3, 2022, despite the issuance of the TRO.

14    On or around June of 2004, Ms. Gallagher and her husband (divorce pending)
15   purchased the home. In 2007, they refinanced the property and took out a mortgage with
16   Indymac Bank, FSB.

17    Plaintiff entered into the Loan to include a Deed of Trust securing such note
18   covering the Property, then and now the principal dwelling and home of Plaintiff. A
19   different company was named as the trustee under the Deed of Trust. Deutsche Bank is
20   allegedly the assignee of the Deed of Trust on the Property. PHH is the mortgage servicer
21   on the account.

22    As set forth in more detail in the Complaint, Plaintiff alleges that she was approved
23   and paid as requested under the agreement, yet, the home is still set to be sold tomorrow.

24    Plaintiff additionally alleges that the foreclosing parties are barred under California
25   and Federal laws as they lack a beneficial interest in the property.

26    As a result of a downturn in the economy, Plaintiff began experiencing a financial
27   hardship. Ultimately, Plaintiff began to fall behind the mortgage payments.  Plaintiff
28   contacted PHH for help and was instructed to submit a loan modification package to the

MEMORANDUM OF POINTS AND AUTHORITIES
2

1    lender.

2        Plaintiff worked with PHH for months. Finally, in 2021, Plaintiff was invited and

3    submitted a loan modification packet to PHH. Over the course of the next few months,

4    Plaintiff would continuously provide updated financial information to PHH and would

5    timely comply with all its document requests. At various points, Plaintiff was required to

6    submit updated financial documents, pay stubs, and bank statements. Plaintiff timely

7    complied with all PHH's requests.

8        On August 1, 2021, Plaintiff was delighted to receive a "Trial Period Plan"

9    modification plan. It was simple, she was required to submit three (3) monthly payments

10   of $3,745.51 and in exchange for those payments, the loan would be permanently

11   modified and brought current.

12       Plaintiff made all three (3) payments as requested, with the last one in October of

13   2021.

14       With complete disregard for the modification that was approved and pending, on

15   or around November 10, 2021, Western, as the purported trustee for PHH, recorded a

16   Notice of Trustee's Sale ("NTS") on Plaintiff's Property.

17       Plaintiff has now been forced to retain counsel to stop the foreclosure. Ms.

18   Gallagher has had her credit ruined and has fallen further behind in her monthly payments

19   due to Respondents' refusal to accept payment or to settle for a fair resolution.

20       Defendants are foreclosing in direct violation of California law. Plaintiff has incurred

21   thousands in late fees, delinquency charges and foreclosure fees charged by Defendants.

22   Further, Defendant PHH failed to provide a fair loan modification review and is attempting

23   to foreclose on the home, capitalizing on the equity Plaintiff worked so hard to achieve.

24       Plaintiff was fully capable of paying the mortgage if the payment was modified and

25   the arrearages worked out. Since she was not given a fair opportunity to be reviewed for

26   a modification, she will ultimately become homeless, a fact the Defendants were fully

27   aware of.

28       The Defendants' conduct deprived Plaintiff of the possibility of reaching a

**MEMORANDUM OF POINTS AND AUTHORITIES**

3

Fry Law Corporation
Trial Attorneys

1  resolution to the default prior to sustaining damages. Had PHH fairly and carefully
2  reviewed Plaintiff for the modification, she would have been approved and would not have
3  suffered the damages alleged herein.

4              **LEGAL STANDARD REGARDING PRELIMINARY INJUNCTIONS**

5        While the Court has broad discretion in ruling on an application for preliminary
6  injunction, such discretion must be exercised in light of the following interrelated factors:
7  1) Who will suffer greater injury: Are plaintiffs likely to suffer greater injury from denial of
8  the injunction than defendants are likely to suffer if it is granted? (*See Shoemaker v.*
9  *County of Los Angeles* (1995) 37 Cal.App.4th 618, 633.); 2) Probable outcome at trial: Is
10  there a reasonable probability that plaintiffs will prevail on the merits? (*See Robbins v.*
11  *Sup.Ct. (County of Sacramento)* (1985) 38 Cal.3d 199, 205.)

12        The Court's determination must be guided by a mix of the potential-merit and
13  interim-harm factors; the greater Plaintiffs' showing on one, the less must be shown on
14  the other to support an injunction. (*Butt v. State of Calif.* (1992) 4 Cal.4th 668, 678; *King*
15  *v. Meese* (1987) 43 Cal.3d 1217, 1226–1228—court has discretion to issue preliminary
16  injunction where plaintiff demonstrates high likelihood of success on merits even if plaintiff
17  unable to show balance of harm tips in his or her favor.)

18        As set forth succinctly below, Plaintiff will suffer far greater injury than the
19  Defendants if the Court does not find in her favor on this Application. Moreover, Plaintiff
20  is hereby demonstrating the required burden of showing a high likelihood of success on
21  her claims entitling her to the requested injunctive relief.

22                              **ARGUMENT**

23  **A.    The Loss of Plaintiff's Home Through Foreclosure is Far More Detrimental Than**
24  **A Minor Delay in Foreclosure.**

25        The burden on the Defendants is basically nil. The property they seek to foreclose
26  upon is drastically underwater such that foreclosure will only increase the exposure, and
27  foreclosure will also eliminate the Defendants' opportunity to mitigate the claims by
28  completing the pending loan modification review.

─────────────────────────────────────────────
**MEMORANDUM OF POINTS AND AUTHORITIES**
4

1    On the other hand, further delays are substantially likely to result in significantly more

2    detrimental damages if Plaintiff's home is lost to foreclosure rather than retained, including

3    but not limited to destruction of credit.

4    Granting a preliminary injunction barring foreclosure balances the equities because

5    the Defendants are clearly in violation of provisions set forth in the California Homeowners'

6    Bill of Rights II ("HOBR") as Codified in the pertinent sections of the California Civil Code and

7    more sufficiently set forth in Plaintiff's Complaint. The HOBR prohibits mortgage servicers

8    and foreclosing trustees like Defendants from foreclosing when a loss mitigation application

9    or foreclosure prevention alternative is complete and pending review and written

10    determination.

11    The HOBR was originally enacted in 2013. While it experienced some changes that

12    became effective in 2018, the HOBR still provides substantially the same greater protection

13    for homeowner borrowers during the foreclosure process. (*See generally* Cal. Civ. Code §§

14    2920, *et seq.*) As set forth in the Complaint and below, Plaintiff can, and has, adequately

15    shown a likelihood of success on the merits in light of the HOBR and her other three (3)

16    causes of action set forth against Defendants.

17    Plaintiff will suffer irreparable harm if the home is lost to foreclosure as she will suffer

18    drastically more significant damages to credit and will also lose any chance of obtaining

19    certain remedies, including specific performance on the breach of contract claims, that she

20    can and has shown a likelihood of success for on the merits.

21    Injury to real property is irreparable as every piece of real property is unique in nature

22    and no amount of monetary damage will remedy Plaintiff's potential loss.    Moreover,

23    Plaintiff's remedy sought of specific performance on her breach of contract claims is not

24    adequately replaced by monetary damages. An injunction granted by this Court will preserve

25    the status quo during the pendency of the instant litigation. Further, the balance of equities

26    is in Plaintiff's favor as a preliminary injunction merely delays the Defendants' right to

27    foreclose and is not dispositive of it.

28    Finally, an injunction is in the public's interest as it enforces a recently enacted and

**MEMORANDUM OF POINTS AND AUTHORITIES**

Fry Law Corporation
Trial Attorneys

1   modified law which was originally designed specifically to protect the public from this type of

2   conduct, and moreover which still specifically protects the public from this type of conduct

3   after the recent changes went effective in 2018.

4        Plaintiff primarily resides in the subject property as her primary residence and the

5   subject mortgage is a first lien made for personal, family and household purposes, and is

6   secured by owner-occupied residential real property containing one dwelling unit.

7        While it is noticed, a sale has yet to occur and no trustee's deed upon sale has been

8   recorded against the Plaintiff's interest regarding the subject property.  As a result of the

9   violations of the aforementioned provisions of the HOBR, Plaintiffs has brought this action

10  for injunctive relief to enjoin a material violation of §§ 2923.6, *et seq.* and 2924.11, *et seq.*

11       In *Jessen v. Keystone* (1983) 142 Cal.App.3d 454, 457, the Court stated that

12  "irreparable injury is one for which ... the item is so unique its loss deprives the possessor of

13  intrinsic values not replaceable by money or in kind ... " It is well settled California law that

14  real property is unique and not replaceable by money or other real property. (*See C. Robert*

15  *Nattress & Associates v. CIDCO* (1986) 184 Cal.App.3d 55, 63.)

16       The requested relief should remain in place and any trustee's sale, including the one

17  scheduled concerning the subject property "shall be enjoined" until the violations are

18  remedied by the Defendants. (*See* Cal Civ. Code § 2924.12(a)(2)).

19       In this instance, the Defendants are currently scheduled to conduct a Trustee's Sale

20  of Plaintiff's home on February 3, 2022, as postponed from the original sale date of

21  December 30, 2021, arising out of the NTS recorded above.  If the Court does not intervene

22  and issue a preliminary injunction, Plaintiff's property will likely be auctioned off and sold prior

23  to resolution of this lawsuit, leaving Plaintiff in a significantly worse financial position.  Plaintiff

24  simply wants to obtain a careful review and written determination on the complete loan

25  modification application that she initially submitted long ago to Defendants.

26       Plaintiff would not be afforded any meaningful opportunity to examine the accuracy of

27  the foreclosure, address the HOBR claims in this case and protect her interests in the

28  property if the sale is conducted before her claims are heard. (*See Wind v. Herbert* (1960)

Fry Law Corporation
Trial Attorneys

**MEMORANDUM OF POINTS AND AUTHORITIES**

6

1   186 Cal.App.2d 276, 285.)

2       As set forth above, each piece of real property is unique in nature and not replaceable

3   by money or other real property.  As such, Plaintiff will be irreparably harmed, and any

4   monetary damages would be insufficient to compensate her for the losses. Therefore,

5   Plaintiff respectfully requests that this Court issue an order enjoining Defendants and any

6   other entities acting in concert therewith from advertising, holding, conducting or participating

7   in any foreclosure sale or Trustee's Sale of Plaintiff's real property pending the resolution of

8   this litigation.

9   **B.    Plaintiff Will Prevail On Her "Dual-Tracking" Claims Under Civ. Code §§ 2923.6**

10      **and 2924.11.**

11      Civil Code §§ 2923.6 and 2924.11 bars the Defendants from initiating foreclosure

12  unless they have given the borrowers a good faith review and written determination on a

13  complete application for a loss mitigation option.  Defendants have materially violated said

14  statute by recording a Notice of Trustee's Sale against the subject property, and by refusing

15  to cancel or postpone and by threatening to conduct the trustee's sale currently scheduled

16  for February 3, 2022, against the subject property.

17      Civil Code § 2924.11(a) provides:

18      If a borrower submits a complete application for a foreclosure prevention
        alternative offered by, or through, the borrower's mortgage servicer, a
19      mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent
        shall not record a notice of sale or conduct a trustee's sale while the
20      complete foreclosure prevention alternative application is pending, and until
        the borrower has been provided with a written determination by the
21      mortgage servicer regarding that borrower's eligibility for the requested
22      foreclosure prevention alternative.

23      Courts, including this one, have routinely interpreted the statute's language regarding

24  "conducting a foreclosure sale" to cover a wider scope of conduct that goes beyond the exact

25  statutory language, which specifically includes the servicer's conduct of refusing to postpone

26  or cancel a pending sale. See, e.g., *Foronda v. Wells Fargo*, 2014 WL 6706815, at *6 (N.D.

27  Cal. Nov. 26, 2014) (scheduling and refusing to postpone a sale is "conducting" a sale and

28

*Fry Law Corporation*
*Trial Attorneys*

---

1  prohibited by statute), *Pittell v. Defendants Loan Servicing, LLC*, No. 34-2013-00152086-

2  CUOR-GDS (Cal. Super. Ct. Sacramento Cnty. July 28, 2014) (dual tracking protections

3  require a servicer to postpone or cancel an impending sale, regardless of the exact statutory

4  language), and *Singh v. Wells Fargo Bank, N.A.*, No. 34-2013-00151461-CU-OR-GDS (Cal.

5  Super. Ct. Sacramento Cnty. Feb. 24, 2014) (finding servicer's notice to borrower that a sale

6  had been briefly postponed (but would ultimately occur) as "conducting a sale" and a dual

7  tracking violation).

8      Civil Code section 2923.6, subdivision (c) bars foreclosing parties from recording a

9  Notice of Default, Notice of Trustee's Sale, or otherwise proceeding with a foreclosure while

10  a completed loan modification application has been submitted by a borrower. It states:

11      If a borrower submits a complete application for a first lien loan modification
        offered by, or through, the borrower's mortgage servicer, a mortgage
12      servicer, mortgagee, trustee, beneficiary, or authorized agent shall not
        record a notice of default or notice of sale, or conduct a trustee's sale, while
13      the complete first lien loan modification application is pending.

14      The statutes further require a detailed written notice outlining the basis for any denial

15  and various other provisions relating to accurately and timely notifying borrowers about the

16  status of their loan modification applications.

17      Civil Code § 2924.12(a)(1) entitles Plaintiff to obtain injunctive relief to enjoin a

18  material violation of § 2924.11. It provides:

19      If a trustee's deed upon sale has not been recorded, a borrower may bring
        an action for injunctive relief to enjoin a material violation of Section 2923.5,
20      2923.7, 2924.11, or 2924.17.

21      Furthermore, Civil Code § 2924.12(a)(2) provides that:

22      Any injunction shall remain in place and any trustee's sale shall be enjoined
        until the court determines that the mortgage servicer, mortgagee, trustee,
23      beneficiary, or authorized agent has corrected and remedied the violation
        or violations giving rise to the action for injunctive relief. An enjoined entity
24      may move to dissolve an injunction based on a showing that the material
        violation has been corrected and remedied. (Emphasis added).

25

26      As set forth succinctly in the Complaint, Defendants are foreclosing under the subject

27  Deed of Trust although they have not properly reviewed Plaintiff for the loan modification.

28      Plaintiff will suffer irreparable harm if the home is lost to foreclosure. Injury to real

Fry Law Corporation
Trial Attorneys

---

**MEMORANDUM OF POINTS AND AUTHORITIES**

8

1    property is irreparable as every piece of real property is unique in nature and no amount of
2    monetary damage will remedy Plaintiff's potential loss. A preliminary injunction granted by
3    this Court will preserve the status quo during the pendency of the instant litigation. Further,
4    the balance of equities is in Plaintiff's favor as preliminary injunction order merely delays the
5    Defendants' right to foreclose and is not dispositive of it.

6          Finally, an injunction is in the public's interest as it enforces a recently enacted and
7    modified law which was originally designed specifically to protect the public from this type of
8    conduct, and moreover which still specifically protects the public from this type of conduct
9    after the recent changes went effective in 2018.

10          Plaintiff resides in the subject property as her primary residence and the subject
11    mortgage is a first lien made for personal, family and household purposes, and is secured
12    by owner-occupied residential real property containing one dwelling unit.

13          While it is noticed, a sale has yet to occur and no trustee's deed has been recorded
14    against the Plaintiffs' interest regarding the subject property.  As a result of the violation of
15    the aforementioned provisions of the HOBR, Plaintiff has brought this action for injunctive
16    relief to enjoin a material violation of § 2924.11 as she is entitled to obtain pursuant to §
17    2924.12.

18          The requested relief should remain in place and any trustee's sale, including the one
19    scheduled concerning the subject property "shall be enjoined" until the material violations are
20    corrected and remedied by the Defendants.

21    **C.    Plaintiff Will Prevail On Her Bus. And Prof. Code §17200 et seq. Claims Because**
22         **Dual-Tracking Is A Per Se Unfair Business Practice.**

23          Defendants' "dual-tracking" as discussed above is a *per se* unfair business practice
24    pursuant to California Business and Professions Code § 17200 et seq. and should further be
25    enjoined on that basis. (*See Jolley v. Chase* (2013) 213 Cal.App.4th 872, 904.)

26          In *Jolley*, the court stated dual-tracking exists when a borrower in default seeks a
27    foreclosure prevention alternative but the institution continues to pursue foreclosure at the
28    same time. The result is that the borrower does not know where he or she stands, and by

MEMORANDUM OF POINTS AND AUTHORITIES

1  the time foreclosure becomes the lender's clear choice, it is too late for the borrower to find
2  options to avoid it and by which time the borrower's damages have been drastically
3  exacerbated. This practice is also called the double-cross. (*Ibid.* at 804.)

4       As set forth above, Defendants have ignored the pending loss mitigation option being
5  reviewed and instead simply proceeded with the NTS recording and with refusing to cancel
6  or postpone the schedule sale to be conducted on February 3, 2022. This is per se dual
7  tracking and this double-cross is an unfair business practice.

8  **D.     Plaintiff Will Prevail On Her Breach Of Contract Claims As PHH Promised To**
9  **Review Her For Mitigation Options.**

10      Plaintiff has alleged, and the conduct supports that Defendant PHH has affirmatively
11  and impliedly promised to review the subject mortgage loan for foreclosure avoidance loss
12  mitigation options before foreclosing.  Specifically, Plaintiff was promised a review of her
13  application for a loan modification. In fact, she was promised a loan modification in exchange
14  for the three trial period payments she made. Nevertheless, the Defendants have recorded
15  foreclosure documents and are still threatening to foreclose on February 3, 2022.

16      Code of Civil Procedure § 526 authorizes the Court to issue an injunction to prevent
17  the breach of a contract where specific performance would be enforced. (*See* Code Civ. Pro.
18  §526(b)(5).) Furthermore, the Court is authorized pursuant to Code of Civil Procedure § 527
19  to issue an injunction where sufficient grounds exist therefor. (See Code Civ. Pro. §527(a).)

20      In connection with the subject mortgage loan, Plaintiff and Defendant PHH entered
21  into a verbal and/or implied-in-fact contract whereby defendant DEFENDANTS agreed to
22  review the subject mortgage loan for a possible loan modification before it foreclosed.

23      Plaintiff fully performed under the contract as required of her by timely submitting all
24  requisite documents promptly after they were requested of her.

25      Without excuse, Defendant PHH materially breached the contract by failing to perform
26  by not providing the loan modification review and written determination as promised, and by
27  wrongfully initiating foreclosure proceedings.

28      A contract can be written, verbal or implied. (*See* Cal. Civ. Code § 1619 et seq.).

**MEMORANDUM OF POINTS AND AUTHORITIES**
10

1    Courts have held that an "unfair" practice is one that offends established public policy,
2    that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers,
3    or that has an impact on the victim that outweighs the defendant's reasons, justifications, and
4    motives for the practice. *Jolley v. Chase Home Finance, LLC*, (2013) 213 Cal. App. 4th 872.
5    Under that analysis, DEFENDANT's conduct as alleged herein and in the operative
6    Complaint satisfies each of those factors and is therefore clearly unfair in violation of the
7    UCL.

8    Additionally, the breach of contract cause of action is well-settled California law. The
9    allegations in the Complaint for breach of contract stem from the principles set forth in *West*
10   *v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780. In *West*, the Court found that a
11   "trial period plan" is a promise to review the borrowers and approve them for a HAMP
12   sponsored loan modification if they made no misrepresentations about their financial position.
13   (*Ibid.* at 798)

14   As such, Plaintiff's evidence is more than sufficient to find that she will prevail on the
15   breach of contract claims.

16   **E.    Plaintiff Will Prevail On Her Negligence Claims As The Defendants Breached**
17   **Their Duty To Fairly Review Plaintiff For Mitigation Options.**

18   Defendants have violated the statutes set forth herein, which mandate a duty upon
19   the Defendants to ensure that appropriate safeguards are put into place prior to any
20   foreclosure sale. These sections were designed specifically to protect homeowners, such
21   as Plaintiffs, from dual-tracking and otherwise wrongful foreclosures.

22   As set forth above, Defendants continue to breach this duty by acting in violation of
23   these statutes, and by failing to reasonably allow Plaintiff a fair opportunity to be reviewed in
24   accordance with such.

25   The statutes herein also mandate a duty upon the Defendants to ensure that appropriate
26   safeguards are put into place prior to any foreclosure sale. For example, Civil Code § 2923.4
27   clearly imposes a duty on banks to give borrowers a good-faith opportunity to remedy the
28   default prior to foreclosure. It states in pertinent part:

1    (a) The purpose of the act that added this section is to ensure that, as part of the non-
2    judicial foreclosure process, borrowers are considered for, and have a meaningful
    opportunity to obtain, available loss mitigation options, if any, offered by or through
    the borrower's mortgage servicer, such as loan modifications or other alternatives
3    to foreclosure.

4    Defendant PHH's conduct fell below the applicable standard of care when it failed to

5    ensure that it properly conducted a fair review and failed to properly complete the pending

6    loan modification review that was underway when PHH directed the recording of the notice

7    of trustee's sale, and that was still underway when PHH transferred over servicing authority

8    to Deutsche.

9    Defendant Deutsche's conduct fell below the applicable standard of care when it failed

10    to conduct a fair review after PHH transferred over the pending application documents to it

11    upon taking over servicing of the subject mortgage.

12    Defendant Western's conduct fell below the applicable standard of care when it

13    publicly recorded foreclosure documents while a loss mitigation or foreclosure prevention

14    alternative application was pending and under review.

15    Civil Code § 2924g(c)(1) allows sale proceedings to be postponed upon instructions

16    by the beneficiary to the trustee stating as such, at any time prior to completion of the sale.

17    Moreover, Civil Code § 2924g(c)(1)(D) allows the trustee to postpone sale proceedings at its

18    own discretion, at any time prior to the completion of the sale.

19    Plaintiff was fully capable of paying the mortgage if the payment was modified and the

20    arrearages worked out. Alternatively, Plaintiff was fully capable of paying the mortgage by

21    bringing the account current through a reinstatement payment but instead reasonably relied

22    upon PHH's solicitation to submit the loan modification application and by its promises to

23    conduct a fair review before foreclosing. Since she was not given a fair opportunity to be

24    reviewed for a modification she will suffer substantially higher damages such as destruction

25    of credit and will soon be homeless, a fact the Defendants are fully aware of.

26    The Defendants' conduct deprived Plaintiff of the possibility of reaching a resolution

27    to the default prior to sustaining damages. Had Defendants fairly and carefully reviewed

28    Plaintiff for the possible loan modification, she would have been approved and would not

Fry Law Corporation
Trial Attorneys

1    have suffered the damages alleged herein.

2          As of the date of this Application, Defendants are not able to provide Plaintiff or their
3    counsel confirmation that the NTS will be rescinded or that the upcoming foreclosure sale
4    now scheduled for February 3, 2022, will not proceed.  Plaintiff's home is being foreclosed
5    on in direct violation of California law and Defendants have yet to provide a fair review and
6    determination.

7    ·      Had DEFENDANTS fairly and carefully reviewed the loan modification documents,
8    Plaintiff would have been approved and would not have suffered the damages alleged herein.

9          The subject conduct was unquestionably intended to affect Plaintiff.  The decision on
10   Plaintiff's loan modification application would determine whether or not she could keep the
11   home and avoid the negative effects of a foreclosure sale. The potential harm to Plaintiff from
12   mishandling the application processing was readily foreseeable as the loss of an opportunity
13   to potentially retain her home was the inevitable outcome. Although there was no guarantee
14   the loan modification would be granted had the application been properly processed, the
15   mishandling of the documents deprived Plaintiff of the possibility of obtaining the requested
16   relief.

17         The injury to Plaintiff is certain, in that she lost the opportunity of benefiting from a fair
18   review and foreclosure documents have been recorded placing her at serious risk of losing
19   her home and suffering higher credit damages. There is a close connection between the
20   Defendants' conduct and the injury actually suffered, because to the extent Plaintiff otherwise
21   qualified and would have received approval of the loan modification, Defendants' conduct in
22   mishandling the application documents submitted by Plaintiff in various aspects directly
23   precluded the application from being timely or fairly processed.

24         The existence of a public policy of preventing future harm to home loan borrowers is
25   shown by recent actions taken by both the state and federal government to help homeowners
26   caught in the home foreclosure crisis as set forth in the other violations demonstrated herein.

27         Moral blame attaches to the Defendants' specific conduct as they are dealing with the
28   most important thing to Plaintiff, her family home.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Fry Law Corporation
Trial Attorneys

1       As a direct and proximate result, Plaintiff has sustained damages, including, but not

2  limited to, excessive interest accumulation, negative amortization, loss of equity, destruction

3  of credit standing, pain, suffering, and emotional distress, in an amount to be shown at trial.

4       Based on the foregoing, Plaintiff's evidence is more than sufficient to find that she will

5  prevail on their negligence claims.

6  **F.   Status Quo Must Be Preserved.**

7       Injunctive relief may be granted to preserve the status quo until a final determination

8  on the merits of the action can be had by the parties. (See Butt v. Stat (1992) 4 Cal.4th 668;

9  Continental Baking Co. v. Katz (1968) 68 Cal.2d.512, 528; Cohen v. Board of Supervisors

10  (1985) 40 Cal.3d 277.)

11      The public policy to preserve the status quo holds especially strong until such time as

12  the court can determine ownership or right to possession of real property. (See Robbins v.

13  Sup. Ct. (Co. of Sacramento) (1985) 38 Cal.3d 199,205.)

14      This public policy set forth in Robbins applies to Plaintiffs' case. Plaintiff has filed a

15  Complaint underlying this Application and is seeking damages and injunctive relief based on

16  various causes of action against the Defendants arising out of their negligent conduct, failure

17  to honor their agreement and failure to follow the HOBR.

18      Without the Court's issuance of an injunction to halt the imminent foreclosure sale and

19  to maintain the status quo pending the outcome of the Plaintiff's Complaint, substantial harm

20  and irreparable injury to Plaintiff is inevitable. Plaintiff's application is justified and supported

21  by the facts and authorities set forth herein.

22      If the pending sale is not preliminarily enjoined, the Court's judgment or damage award

23  would not adequately remedy Plaintiffs' losses as set forth above.

24      Plaintiff respectfully requests this Court issue the preliminary injunction to maintain

25  the status quo and enjoin the Defendants from conducting the sale of the subject property

26  currently scheduled for February 3, 2022.

27                       **CONCLUSION**

28      Based on the foregoing arguments, the operative Complaint on file herein, and the

Fry Law Corporation
Trial Attorneys

1    supporting declarations filed concurrently herewith, Plaintiff respectfully request this Court

2    to issue an injunction enjoining Defendants, and any and all of their officers, agents,

3    servants, employees, trustees, and attorneys, and those persons in active concert or

4    participation or privity with any or each of them or acting on their behalf, from advertising,

5    holding, conducting or participating in any foreclosure sale or Trustee's Sale of Plaintiff's

6    real property commonly known as 1304 Freswick Drive, Folsom, CA 95630, pending the

7    resolution of this litigation or until further Order of this Court.

8

9    DATED:  January 3, 2022          Respectfully submitted,

10                                   FRY LAW CORPORATION

11

12                                   By:
                                        Christopher J. Fry, Esq.
13                                      *Attorney for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fry Law Corporation
Trial Attorneys

1

**PROOF OF SERVICE**
**CALIFORNIA SUPERIOR COURT**

2

3     I am employed in the County of Sacramento, State of California. I am over the age
of 18 and not a party to the within action; my business address is: 980 9th Street, 16th

4     Floor, Sacramento, California 95814. On January 3, 2022, I served the foregoing
document(s) described as:

5

6     **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**APPLICATION FOR A PRELIMINARY INJUNCTION**

7

8     On all interested parties in this action by placing [   ] the original [ x ] a true copy
thereof enclosed in sealed envelopes addressed as follows:

9     Western Progressive, LLC
Northpark Town Center

10    1000 Abernathy Road NE, Building 400, Suite 200
Atlanta, GA 30328

11    Email: Trustee.Services@Altisource.com

12    PHH Mortgage Services
P.O. Box 5452

13    Mt. Laurel, NJ 08054
CustomerCare@mortgagefamily.com

14

Deutsche Bank Trust Company Americas

15    c/o CT Corporation
330 N Brand Blvd Suite 700

16    Glendale, CA 91203

17    [X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at
Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I

18    am "readily familiar" with this firm's practice of collection and processing correspondence
for mailing. It is deposited with U.S. postal service on that same day in the ordinary course

19    of business. I further caused electronic copies of the foregoing document(s) to be

20    delivered to the e-mail addresses as appearing above.

21    I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made. I declare under penalty of perjury under the laws

22    of California that the above is true and correct. Executed on January 3, 2022, at

23    Sacramento, California.

24

25                                             Christopher J. Fry

26

27

28

---

**MEMORANDUM OF POINTS AND AUTHORITIES**

16

*Fry Law Corporation*
*Trial Attorneys*

RECEIVED
LAW AND MOTION DROP BOX

2022 JAN -3 PM 3: 19

GDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

1   Christopher J. Fry, Esq. (SBN: 298874)
      *Email: cfry@frylawcorp.com*
2   **FRY LAW CORPORATION**
    980 9th Street, 16th Floor
3   Sacramento, California 95814
    Telephone: (916) 291-0700
4   Facsimile: (916) 848-0256

5   Attorneys for Plaintiff,
    **JULIE C. GALLAGHER**

6

7

8               **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                   **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12   JULIE C. GALLAGHER,                    **CASE NO.: 34-2021-00312847**

13              Plaintiff,                  **DECLARATION OF CHRISTOPHER J.**
                                            **FRY IN SUPPORT OF APPLICATION**
14      vs.                                 **FOR A PRELIMINARY INJUNCTION**

15   PHH MORTGAGE CORPORATION;              **DATE:** January 20, 2022
     WESTERN PROGRESSIVE, LLC;              **TIME:** 1:30 p.m.
16   DEUTSCHE BANK TRUST COMPANY            **DEPT.:** 53
     AMERICAS; and DOES 1-100, inclusive
17                                          **Reservation: 2613952**
                Defendants.
18                                          **COMPLAINT FILED DECEMBER 15,**
                                            **2021**
19
                                            **Trial:** None Set.
20

21

22

23

24

25

26

27

28

_____
                    **DECLARATION OF CHRISTOPHER J. FRY**

1    **DECLARATION OF CHRISTOPHER J. FRY**

2    I, Christopher J. Fry, hereby declare as follows:

3    I am counsel of record in this matter for Plaintiff. I am duly licensed to practice law

4    in the State of California. If called as a witness in this action, I could competently testify

5    based on information and belief, as well as my own personal knowledge, as to the matters

6    set forth in this Declaration.

7    Plaintiff successfully applied ex parte for a temporary restraining order. She

8    submitted a declaration setting forth various facts that support her allegations. A true and

9    correct copy of that declaration is incorporated herein and attached hereto as **Exhibit A**.

10    In her declaration, Plaintiff confirms that she had been approved for a loan

11    modification, made all three (3) trial payments and was virtually ignored after that.

12    In July of 2021, PHH offered Plaintiff the modification in exchange for three trial

13    payments. A true and correct copy of that offer is attached hereto as **Exhibit B**.

14    Plaintiff made the payments as requested and PHH accepted those payments.

15    True and correct copies of heavily redacted bank statements confirming three (3)

16    payments made are attached hereto as **Exhibit C**.

17    I declare under penalty of perjury and under the laws of the State of California that

18    the foregoing is true and correct to the best of my personal knowledge.

19

20    DATED:  January 3, 2022          Respectfully submitted,

21                                                   FRY LAW CORPORATION

22

23                                                   By:
                                                        Christopher J. Fry, Esq.
24                                                      *Attorney for Plaintiff*

25

26

27

28

_____
**DECLARATION OF CHRISTOPHER J. FRY**
1

Fry Law Corporation
Trial Attorneys

# EXHIBIT A

1  Christopher J. Fry, Esq. (SBN: 298874)
      Email: cfry@frylawcorp.com
2  **FRY LAW CORPORATION**
   980 9th Street, 16th Floor
3  Sacramento, California 95814
   Telephone: (916) 291-0700
4  Facsimile: (916) 848-0256

5  Attorneys for Plaintiff,
   **JULIE C. GALLAGHER**

6

7

8              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                 **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11

12  JULIE C. GALLAGHER,                    **CASE NO.: 34-2021-00312847**

13              Plaintiff,                 **DECLARATION OF JULIE C.
                                           GALLAGHER IN SUPPORT OF EX
14      vs.                                PARTE APPLICATION FOR A
                                           TEMPORARY RESTRAINING ORDER
15  PHH MORTGAGE CORPORATION;              AND AN ORDER TO SHOW CAUSE
    WESTERN PROGRESSIVE, LLC;              WHY A PRELIMINARY INJUNCTION
16  DEUTSCHE BANK TRUST COMPANY            SHOULD NOT BE ISSUED**
    AMERICAS; and DOES 1-100, inclusive
17                                         *[Filed Concurrently With Plaintiff's
                Defendants.                Notice of Ex Parte Application;
18                                         Declaration of Christopher J. Fry; Point
                                           and Authorities; [Proposed] Order.]*
19
                                           **DATE:** December 30, 2021
20                                         **TIME:** 9:45 a.m.
                                           **DEPT.:** 53
21
                                           **COMPLAINT FILED DECEMBER 15,
22                                         2021**

23                                         **Trial:** None Set.

24

25

26

27

28

_____
                    **DECLARATION OF JULIE C. GALLAGHER**

Fry Law Corporation
Trial Attorneys

1    **DECLARATION OF JULIE C. GALLAGHER IN SUPPORT OF EX PARTE**

2    **APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

3    I, JULIE C. GALLAGHER, hereby declare as follows:

4    I am a Plaintiff in this action. I have personal knowledge of the information stated
5    herein, unless it is stated upon information and belief. If required to testify about the
6    information stated herein, I could and would competently testify thereto.

7    I am filing this Declaration in support of my Ex Parte Application for a Temporary
8    Restraining Order against Defendants PHH MORTGAGE CORPORATION; WESTERN
9    PROGRESSIVE, LLC; DEUTSCHE BANK TRUST COMPANY AMERICAS (collectively
10   referred to herein as "Defendants") to enjoin foreclosure of my real property located at
11   1304 Freswick Drive, Folsom, CA 95630 (the "Subject Property"), which is an owner-
12   occupied residential real property containing no more than four dwelling units with the
13   Deed of Trust securing a first lien for personal, family, or household purposes.

14   There is a sale date scheduled for December 30, 2021 despite the trustee
15   displaying "hold" until the date of this filing and despite the fact that I have been approved
16   for and paid a loan modification trial period plan.

17   On or around June of 2004, Ms. Gallagher and her husband (divorce pending)
18   purchased the home. In 2007, they refinanced the property and took out a mortgage with
19   Indymac Bank, FSB.

20   I entered into the Loan to include a Deed of Trust securing such note covering the
21   Property, then and now the principal dwelling and home of Mine. A different company
22   was named as the trustee under the Deed of Trust. Deutsche Bank is allegedly the
23   assignee of the Deed of Trust on the Property. PHH is the mortgage servicer on the
24   account.

25   As set forth in more detail in the Complaint, I allege that I was approved and paid
26   as requested under the agreement, yet, the home is still set to be sold tomorrow.

27   I additionally allege that the foreclosing parties are barred under California and
28   Federal laws as they lack a beneficial interest in the property.

**DECLARATION OF JULIE C. GALLAGHER**

1

1      As a result of a downturn in the economy, I began experiencing a financial
2   hardship. Ultimately, I began to fall behind the mortgage payments. I contacted PHH for
3   help and was instructed to submit a loan modification package to the lender.

4      I worked with PHH for months. Finally, in 2021, I was invited and submitted a loan
5   modification packet to PHH. Over the course of the next few months, I would continuously
6   provide updated financial information to PHH and would timely comply with all its
7   document requests.   At various points, I was required to submit updated financial
8   documents, pay stubs, and bank statements. I timely complied with all PHH's requests.

9      On August 1, 2021, I was delighted to receive a "Trial Period Plan" modification
10   plan. It was simple, I was required to submit three (3) monthly payments of $3,745.51 and
11   in exchange for those payments, the loan would be permanently modified and brought
12   current.

13      I made all three (3) payments as requested, with the last one in October of 2021.

14      With complete disregard for the modification that was approved and pending, on
15   or around November 10, 2021, Western, as the purported trustee for PHH, recorded a
16   Notice of Trustee's Sale ("NTS") on my Property.

17      I have now been forced to retain counsel to stop the foreclosure. I have had my
18   credit ruined and has fallen further behind in her monthly payments due to Defendants'
19   refusal to accept payment or to settle for a fair resolution.

20      Defendants are foreclosing in direct violation of California law. I have incurred
21   thousands in late fees, delinquency charges and foreclosure fees charged by Defendants.
22   Further, Defendant PHH failed to provide a fair loan modification review and is attempting
23   to foreclose on the home, capitalizing on the equity I worked so hard to achieve.

24      I was fully capable of paying the mortgage if the payment was modified and the
25   arrearages worked out.   Since I was not given a fair opportunity to be reviewed for a
26   modification, I will ultimately become homeless, a fact the Defendants were fully aware
27   of.

28      The Defendants' conduct deprived me of the possibility of reaching a resolution to

**DECLARATION OF JULIE C. GALLAGHER**

2

Fry Law Corporation
Trial Attorneys

1    the default prior to sustaining damages. Had PHH fairly and carefully reviewed me for the

2    modification, I would have been approved and would not have suffered the damages

3    alleged herein.

4        For the foregoing reasons, I respectfully request that this Court grants our Ex Parte

5    Application for a Temporary Restraining Order.

6        I declare under penalty of perjury and under the laws of the State of California that

7    the foregoing is true and correct to the best of my personal knowledge.

8

9    DATED:  December 29, 2021        Respectfully submitted,

10

11

12    By: _____
      Julie C. Gallagher
13    *Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**DECLARATION OF JULIE C. GALLAGHER**
3

Scanned with CamScanner

# EXHIBIT B

**PHH**
MORTGAGE

06/29/2021

*[handwritten: 7/28/21 at — PHH Paul Marton. Dept-TPP RG8]*

*[handwritten: — accept. Verbally authorize Can make full pmt by 8/31/21. Set up new appt. — Shows acct not set up]*

MARK GALLAGHER
JULIE C GALLAGHER
1006 RIVAGE CIRCLE
FOLSOM, CA 95630

> **Respond to this offer no later than:**
> **08/01/2021**

## THE ACCOUNT HAS BEEN APPROVED FOR A MORTGAGE ASSISTANCE OFFER
### PLEASE READ CAREFULLY

Dear MARK GALLAGHER and JULIE C GALLAGHER,

**Congratulations!** The account is approved to enter into a Trial Period Plan under an PHH Mortgage Services Modification Plan. Please read this letter so that the next steps necessary for completion of the modification are understood completely. In order to be considered for a modification, the proposed trial period payments must be completed.

Below, please find important information about the mortgage assistance offer, with additional details on the following pages. However, time is of the essence to accept this offer. A response must be received by 08/01/2021 in order to start this trial modification. This offer will expire, so we must receive a response by the date listed on this letter.

### Account Information

**Account Number:** 7190150289

**Property Address:**
1304 FRESWICK DR
FOLSOM, CA 95630

We are here to help!

**Account Relationship Manager:**
Anish A
RMA@mortgagefamily.com
Online:
www.mortgagequestions.com

**What needs to be done:**

- To accept an assistance option, the following must be completed:

    o For convenience we have enclosed a Mortgage Assistance Acceptance Form which needs to be completed and RETURNED as outlined on the form by 08/01/2021.

    o In addition, the First Trial Period Plan payment of $3,745.51 needs to be made by 08/01/2021.

*[handwritten: 8/31/21]*

| Trial Period Payment Number | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1 *(Bi-annual)* | $3,745.51 | 08/01/2021 |
| 2 | $3,745.51 | 09/01/2021 |
| 3 | $3,745.51 | 10/01/2021 |

*[handwritten: — ever c/month]*

**What needs to be known:**

- The account is approved for an PHH Mortgage Services Streamline Modification with monthly payments in the amount of $3,745.51.

7190150289                                                    OCWN_PLS_SLN_TRL

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.

# EXHIBIT C

| Account Number: | 9 |
|---|---|
| Statement Period: | 09/01/21 to 09/30/21 |
| Page: | 1 of 2 |

**Statement Summary This Period:**

*Valued Member Since 2012*



| BUSINESS VALUE CKG | | Suffix: 09 |
|---|---|---|

Ser

**Deposits**

**Fees & Withdrawals**

| Date | Amount | Description |
|---|---|---|
| 09-02 | 3,753.01 | Withdrawal MORTGAGE SERV CT   MTG PAYMT |

*Fees & Withdrawals*
**Date**          **Amount**     **Description**

10-04           3,753.01     Withdrawal MORTGAGE SERV CT   MTG PAYMT

**Fees & Withdrawals**

| Date | Amount | Description |
|------|--------|-------------|
| 11-03 | 3,753.01 | Withdrawal MORTGAGE SERV CT   MTG PAYMT |

1

**PROOF OF SERVICE**
**CALIFORNIA SUPERIOR COURT**

2

3    I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: 980 9th Street, 16th Floor, Sacramento, California 95814. On January 3, 2022, I served the foregoing document(s) described as:

4

5

6    **DECLARATION OF CHRISTOPHER J. FRY IN SUPPORT OF EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

7

8    On all interested parties in this action by placing [   ] the original [ x ] a true copy thereof enclosed in sealed envelopes addressed as follows:

9

10    Western Progressive, LLC
Northpark Town Center
1000 Abernathy Road NE, Building 400, Suite 200
Atlanta, GA 30328
Email: Trustee.Services@Altisource.com

11

12

13    PHH Mortgage Services
P.O. Box 5452
Mt. Laurel, NJ 08054
CustomerCare@mortgagefamily.com

14

15    Deutsche Bank Trust Company Americas
c/o CT Corporation
330 N Brand Blvd Suite 700
Glendale, CA 91203

16

17

18    [X] BY MAIL AND E-MAIL: I caused such envelope to be deposited in the mail at Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I further caused electronic copies of the foregoing document(s) to be delivered to the e-mail addresses as appearing above.

19

20

21

22    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct. Executed on January 3, 2022, at Sacramento, California.

23

24

25

26    Christopher J. Fry

27

28

**DECLARATION OF CHRISTOPHER J. FRY**

2

Fry Law Corporation
Trial Attorneys

RECEIVED
LAW AND MOTION DROP BOX

2022 JAN -3 PM 3: 19

GDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SACRAMENTO**

**GORDON D SCHABER COURTHOUSE**

**MINUTE ORDER**

DATE: 01/20/2022                    TIME: 01:30:00 PM          DEPT:  53

JUDICIAL OFFICER PRESIDING: Shama Mesiwala
CLERK:  P. Lopez
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Alvi, N., L. Venkus

CASE NO: **34-2021-00312847-CU-OR-GDS** CASE INIT.DATE: 12/15/2021
CASE TITLE: **Gallagher vs. PHH Mortgage Corporation**
CASE CATEGORY: Civil - Unlimited

---

**EVENT TYPE**: Motion for Preliminary Injunction

---

 **APPEARANCES**

---

**Nature of Proceeding: Motion for Preliminary Injunction**

**TENTATIVE RULING**

This matter is dropped from calendar.

**COURT RULING**

The Court affirmed the tentative ruling.